IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| L.E., by his next friends and parents, SHELLEY ESQUIVEL and MARIO ESQUIVEL, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 3:21-cv-00835 |
| v. | ) ) | Chief Judge Crenshaw |
| BILL LEE, in his official capacity as Governor of Tennessee; PENNY SCHWINN, in her official capacity as the Education Commissioner; TENNESSEE STATE BOARD OF EDUCATION; SARA HEYBURN MORRISON, in her official capacity as the Executive Director of the Tennessee State Board of Education; NICK DARNELL, MIKE EDWARDS, ROBERT EBY, GORDON FERGUSON, ELISSA KIM, LILLIAN HARTGROVE, NATE MORROW, LARRY JENSEN, DARRELL COBBINS, and EMILY HOUSE, the individual members of the Tennessee State Board of Education, in their official capacities; KNOX COUNTY BOARD OF EDUCATION a/k/a KNOX COUNTY SCHOOL DISTRICT; ROBERT M. "BOB" THOMAS, in his official capacity as Director of Knox County Schools, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Newbern |
| Defendants. | ) | |

## ANSWER

Defendants Governor Lee, Commissioner Schwinn, Dr. Morrison, and the individual members of the Tennessee State Board of Education, in their official capacities, ("Defendants") hereby answer the Complaint.

## NATURE OF THE ACTION

1. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1.

2. Defendants submit that S.B. 228[1] speaks for itself. Defendants deny Plaintiff's characterizations of S.B. 228 and the remaining allegations in paragraph 2.

3. Defendants deny the allegations in paragraph 3.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4.

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6. Defendants deny Plaintiff's characterizations of the legislative history of S.B. 228. Defendants submit that the legislative history speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 6.

7. Defendants submit that the text of S.B. 228 speaks for itself and deny Plaintiff's characterizations.

8. Defendants submit that the text of S.B. 228 speaks for itself and deny Plaintiff's characterizations.

9. Defendants deny the allegations in paragraph 9.

10. Defendants admit that Plaintiff seeks declaratory and injunctive relief. Defendants deny that Plaintiff is entitled to declaratory and injunctive relief. Defendants deny that S.B. 228

---

[1] Plaintiff refers to S.B. 228, 112th Gen. Assem. (2021) as ("SB 228") throughout the Complaint, and Defendants will do the same in this Answer. S.B. 228 was codified at Tenn. Code Ann. § 49-6-310.

violates the right to equal protection under the Fourteenth Amendment of the United States Constitution or Title IX of the Education Amendments of 1972.

## PARTIES

11.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11.

12.     Defendants admit that Bill Lee is Governor of Tennessee; Defendants deny that this Court has jurisdiction over Count I raised against Governor Lee as a Defendant in this case. Defendants submit that the text of Tenn. Const. art. III speaks for itself. Defendants admit that the governor appoints appointive members to the Tennessee State Board of Education ("State Board") for five-year terms. Defendants admit that Governor Lee signed S.B. 228. Defendants submit that the tweet identified in footnote 1 of this paragraph speaks for itself. Defendants deny that Governor Lee has a specific connection to or enforcement responsibility for S.B. 228. Defendants admit that Governor Lee's official residence is in Davidson County, Tennessee, within the Middle District of Tennessee, and he is sued in his official capacity. Defendants deny Plaintiff's characterizations of S.B. 228 and submit that the text of S.B. 228 speaks for itself. Defendants deny Plaintiff's remaining allegations in paragraph 12.

13.     Defendants admit that Dr. Penny Schwinn is the Education Commissioner of Tennessee; Defendants deny that this Court has jurisdiction over Count I raised against Commissioner Schwinn as a Defendant in this case. Defendants admit that under Tenn. Code Ann. § 49-1-201(a) she is responsible for implementation of law or policies established by the General Assembly or the State Board. Defendants admit that Commissioner Schwinn has the powers and duties as prescribed in Tenn. Code Ann. § 49-1-201(c)(5) and (20)(A). Defendants admit that Commissioner Schwinn is sued in her official capacity and resides in Tennessee. Defendants deny

3

that S.B. 228 requires that the State Board adopt and enforce policies to ensure compliance with subsection (a) because as of July 1, 2021, it does not govern any public schools. Defendants deny Plaintiff's characterizations of S.B. 228 and the remaining allegations in paragraph 13. Defendants otherwise submit that S.B. 228 speaks for itself.

14. Defendants admit that the State Board has the powers and duties as prescribed in Tenn. Code Ann. § 49-1-302 and Title 49 for Tennessee's public education, kindergarten through grade twelve. Defendants deny that this Court has jurisdiction over Count II raised against the State Board. Defendants deny that S.B. 228 requires that the State Board adopt and enforce policies to ensure compliance with subsection (a) because as of July 1, 2021, it does not govern any public schools. Defendants deny the remaining allegations in paragraph 14.

15. Defendants admit that Dr. Sara Heyburn Morrison is the Executive Director of the State Board, resides in Tennessee, and is sued in her official capacity. Defendants deny that this Court has jurisdiction over Count I raised against Dr. Morrison as a Defendant in this case. Defendants deny the remaining allegations in paragraph 15.

16. Defendants admit that the Individual State Board Members, with the exception of Mike Edwards, serve on the State Board, reside in Tennessee, and are sued in their official capacities. Defendants deny that this Court has jurisdiction over Count I raised against the Individual State Board Members as Defendants in this case. Defendants admit that the State Board has the powers and duties as prescribed in Tenn. Code Ann. § 49-1-302 and Title 49 for Tennessee's public education, kindergarten through grade twelve. Defendants deny that Mike Edwards currently serves on the State Board. Defendants deny the remaining allegations in paragraph 16.

17. Defendants admit that Knox County Board of Education is a public school district located in Knoxville, Tennessee. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17.

18. Defendants admit that Robert M. "Bob" Thomas is the Director of the Knox County Board of Education. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18.

## JURISDICTION AND VENUE

19. Defendants admit that Plaintiff alleges causes of action under 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972. Defendants deny that this Court has jurisdiction over these claims. Defendants deny that S.B. 228 violates either the right to equal protection under the Fourteenth Amendment of the United States Constitution or Title IX of the Education Amendments of 1972.

20. Defendants deny that this Court has jurisdiction and deny that Defendants have violated the laws of the United States.

21. Defendants admit that some Defendants reside in the Middle District of Tennessee. Defendants deny that a substantial part of the events or omissions giving rise to the claims occurred in the Middle District. Defendants submit that the text of 28 U.S.C. § 1391 speaks for itself.

22. Defendants admit that 28 U.S.C. §§ 2201 and 2202 provide for declaratory and further relief. Defendants deny that Plaintiff is entitled to such relief in this case. Defendants deny the remaining allegations in paragraph 22.

23. Defendants admit that Defendants are domiciled in Tennessee but deny that Defendants have violated Plaintiff's federal constitutional and statutory rights.

## FACTUAL ALLEGATIONS

24. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24.

25. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25.

26. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26.

27. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.

28. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28.

29. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29.

30. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31.

32. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32.

33. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33.

34. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34.

35. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36.

37. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39.

40. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40.

41. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41.

42. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42.

43. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43.

44. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44.

45. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45.

46. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46.

47. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47.

48. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48.

49. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49.

50. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50.

51. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51.

52. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52.

53. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53.

54. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54.

55. Defendants deny Plaintiff's characterizations of S.B. 228 and submit that the text of S.B. 228 speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's comparison in paragraph 55 of S.B. 228 to policies of "elite athletic regulatory bodies."

56. Defendants admit the allegations in paragraph 56 for the schools who are members of the Tennessee Secondary School Athletic Association ("TSSAA") and Tennessee Middle School Athletic Association ("TMSAA").

57. Defendants deny that any policy adopted by either the TSSAA or TSMAA constituted a state policy. Upon information and belief, Defendants admit that the TSSAA and TMSAA adopted a policy on transgender student athletes. Defendants submit that the policy attached to the Complaint as Exhibit A ("TSSAA/TMSAA Policy") speaks for itself.

58. Defendants submit that the TSSAA/TMSAA Policy speaks for itself.

59. Defendants submit that the TSSAA/TMSAA Policy speaks for itself.

60. Defendants submit that the TSSAA/TMSAA Policy speaks for itself.

61. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61.

62. Defendants deny Plaintiff's characterizations and submit that the legislative history of S.B. 228 speaks for itself.

63. Defendants submit that the text of S.B. 228 and its legislative history speak for themselves.

64. Defendants deny Plaintiff's characterizations of S.B. 228 and submit that the text of S.B. 228 speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 64.

65. Defendants deny Plaintiff's characterizations of S.B. 228 and submit that the text of S.B. 228 speaks for itself.

66. Defendants deny Plaintiff's characterizations and submit that the legislative history of S.B. 228 speaks for itself.

67. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67.

68. Defendants deny Plaintiff's characterizations and submit that the legislative history of S.B. 228 speaks for itself.

69. Defendants admit the allegations paragraph 69.

70. Defendants admit that the General Assembly passed various legislation in 2021 regarding healthcare, restrooms, school facilities, and education. Defendants deny Plaintiff's characterizations of Tennessee law and submit that Tennessee law speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding other States' laws in paragraph 70.

71. Defendants deny Plaintiff's characterizations and submit that the text of S.B. 228 speaks for itself.

72. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72.

73. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73.

74. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74.

75. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75.

76. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76.

77. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77.

78. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78.

79. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79.

80. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80.

81. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81.

82. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82.

83. Defendants deny Plaintiff's characterizations and submit that the text of S.B. 228 speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 83.

84. Defendants deny Plaintiff's characterizations and submit that the text of S.B. 228 speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 84.

85. Defendants deny Plaintiff's characterizations and submit that the text of S.B. 228 speaks for itself. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 85.

86. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86.

87. Defendants deny the allegations in paragraph 87 and submit that S.B. 228 speaks for itself.

88. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88.

## CLAIMS FOR RELIEF

## COUNT I

89. Defendants incorporate their answers to paragraphs 1 through 88 as though fully set forth herein.

90. Defendants admit that Plaintiff alleges Count I against Governor Lee, Commissioner Schwinn, Dr. Morrison, the Individual State Board Defendants, in their official capacities, and the Knox County Schools Defendants. Defendants deny that this Court has jurisdiction over them. Defendants deny that S.B. 228 violates the Equal Protection Clause of the Fourteenth Amendment.

91. Defendants submit that the Equal Protection Clause of the Fourteenth Amendment speaks for itself. Plaintiff's remaining allegations in paragraph 91 consist of legal argument and conclusions to which no response is required. To the extent a response is required, Defendants submit that Fourteenth Amendment case law speaks for itself and deny Plaintiffs' characterizations inconsistent with that case law.

92. Plaintiff's allegations in paragraph 92 consist of legal argument and conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92.

93. Defendants submit that the text of S.B. 228 speaks for itself and deny Plaintiff's characterizations.

94. Defendants submit that the text of S.B. 228 speaks for itself and deny Plaintiff's characterizations.

95. Defendants submit that the text of S.B. 228 speaks for itself and deny Plaintiff's characterizations.

96. Defendants submit that the text of S.B. 228 speaks for itself and deny Plaintiff's characterizations.

97. Defendants submit that the text of S.B. 228 and its legislative history speak for themselves and deny Plaintiff's characterizations.

98. Defendants deny the allegations in paragraph 98.

**COUNT II**

99. Defendants incorporate their answers to paragraphs 1 through 98 as though fully set forth herein.

100. Defendants admit that Plaintiff alleges Count II against the State Board and Knox County Board of Education. Defendants deny that S.B. 228 violates Title IX, 20 U.S.C. § 1681.

101. Defendants admit that local public school systems receive federal financial assistance. Defendants deny that the State Board receives federal financial assistance. Defendants submit that the text of Title IX and its regulations speak for themselves.

102. Defendants deny the allegations in paragraph 102.

103. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103.

104. Defendants submit that the text of Title IX speaks for itself.

105. Defendants submit that the text of Title IX speaks for itself.

106. Defendants deny the allegations in paragraph 106.

107. Defendants deny Plaintiff's characterizations and submit that the text of S.B. 228 speaks for itself. Defendants deny that S.B. 228 violates Title IX.

108. Defendants deny the allegations in paragraph 108.

109. Any allegations not specifically admitted in the above paragraphs are hereby denied.

## PRAYER FOR RELIEF

1. Defendants deny that Plaintiff is entitled to declaratory relief. Defendants deny that S.B. 228 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution or Title IX of the Education Amendments of 1972.

2. Defendants deny that Plaintiff is entitled to a permanent injunction.

3. Defendants deny that Plaintiff is entitled to costs, expenses, and reasonable attorneys' fees.

4. Defendants deny that Plaintiff is entitled to any relief.

## DEFENSES

1. This Court lacks jurisdiction over both Counts I and II because of Eleventh Amendment immunity.

2. Plaintiff fails to state a claim that S.B. 228 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution or Title IX of the Education Amendments of 1972.

3. Plaintiff lacks standing to maintain the claims raised in the Complaint.

4. Plaintiff's claims are barred because they are not yet ripe for review.

5. No act, omission, policy, practice, or custom of Defendants has deprived Plaintiff of any right under the United States Constitution or Title IX.

6. Defendants are entitled to and seek herein to recover their attorneys' fees and expenses incurred in this action as provided for by 42 U.S.C. § 1988.

7. Defendants reserve their right to amend this Answer as provided by the Federal Rules of Civil Procedure in order to assert additional affirmative defenses or averments which might become relevant as facts are discovered.

Respectfully Submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

s/ Stephanie A. Bergmeyer
Stephanie A. Bergmeyer, BPR # 27096
Senior Assistant Attorney General
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
Stephanie.Bergmeyer@ag.tn.gov
(615) 741-6828

*Attorney for Governor Lee, Commissioner Schwinn, Dr. Morrison, and the individual members of the Tennessee State Board of Education, in their official capacities, and the Tennessee State Board of Education*

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of this Answer has been served through the e-filing system and sent by e-mail on December 3, 2021, to:

Thomas H. Castelli (No. 24849)
Stella Yarbrough (No. 33637)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
tcastelli@aclu-tn.org
syarborough@aclu-tn.org

Leslie Cooper
Taylor Brown
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
lcooper@aclu.org
tbrown@aclu.org

Tara L. Borelli
Carl S. Charles
LAMBDA LEGAL DEFENSE AND EDUCATION
FUND INC.
1 West Court Square, Suite 105
Decatur, GA 30030-2556
tborelli@lambdalegal.org
ccharles@lambdalegal.org

Sasha Buchert
LAMBDA LEGAL DEFENSE AND EDUCATION
FUND INC.
1776 K Street NW, 8th Floor
Washington, DC 20006-5500
sbuchert@lambdalegal.org

Alan Schoenfeld
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street, 45th Floor
New York, NY 10007
Alan.Schoenfeld@wilmerhale.com

Matthew D. Benedetto
Thomas F. Costello-Vega
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Matthew.Benedetto@wilmerhale.com
Thomas.Costello@wilmerhale.com

Emily L. Stark
Samuel M. Strongin
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, DC 20006
Emily.Stark@wilmerhale.com
Samuel.Strongin@wilmerhale.com

s/ Stephanie A. Bergmeyer
Stephanie A. Bergmeyer