## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEENASHVILLE DIVISION

| | | | |
|---|---|---|---|
| **L.E.,** *by his next friend and parents,* | ) | | |
| **SHELLEY ESQUIVEL** and | ) | | |
| **MARIO ESQUIVEL,** | ) | | |
| | ) | | |
| **Plaintiffs,** | ) | | |
| | ) | | |
| **v.** | ) | No. | **3:21-CV-00835** |
| | ) | | |
| **BILL LEE, in his official capacity as** | ) | | |
| **Governor of Tennessee, et al.** | ) | | |
| | ) | | |
| **Defendants.** | ) | | |

## ANSWER TO COMPLAINT

Come now Defendant Knox County Board of Education ("KCBOE") and Defendant Robert M. "Bob" Thomas, sued in his official capacity as Director of Knox County Schools, hereinafter collectively referred to as "Knox County Schools Defendants," by and through counsel, and hereby answers Plaintiff's Complaint for Declaratory and Injunctive Relief as follows:

I.

GENERAL DEFENSES

1.      Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

2.      At all times material hereto, Knox County Schools Defendants and their agents, employees, and officers acted properly, prudently, correctly, in good faith, and in accordance with both state and federal law.

1

3.     Knox County Schools Defendants are immune by virtue of the doctrines of common law immunity, qualified immunity, qualified good faith immunity, sovereign immunity, and governmental immunity, as the same may apply to the facts and circumstances herein.

4.     Neither Knox County Schools Defendants nor any of their agents, employees, or officers violated any of Plaintiff's rights pursuant to Title IX of the Education Amendments of 1972 ("Title IX") or the United States Constitution.

5.     Knox County Schools Defendants are entitled to Tenth and/or Eleventh Amendment immunity.

6.     Plaintiff lacks standing to bring this action.

7.     Plaintiff never attempted to try out for the Farragut High School boys' golf team. Therefore, Plaintiff has not suffered an injury in fact.

8.     Pursuant to 42 U.S.C. § 1988, if Knox County Schools Defendants prevail on any federal claims under 42 U.S.C. § 1983, this Court should allow them to recover from Plaintiff their reasonable attorney fees and costs to defend this action.  In the alternative, in the event that Plaintiff prevails in demonstrating a discriminatory effect of the identified laws of the State of Tennessee, it would be unjust to tax Knox County Schools Defendants with the costs of this action, as KCBOE, as a Local Education Agency ("LEA") pursuant to state law, had no choice but to adopt the policy mandated by state law.  It is the duty of the Director of Schools to carry out the policies of the LEA and the law of the state of Tennessee as it pertains to students' activities in the school system.

9.     Pursuant to *City of Los Angeles v. Heller*, 475 U.S. 796 (1986), Knox County Schools Defendants may not be held liable under 42 U.S.C. § 1983 without a finding of an underlying civil rights violation by one of its employees, which violation does not exist.

10. Because KCBOE's employee, Robert M. "Bob" Thomas, is only sued in his official capacity, such claim is redundant.[1]

11. Plaintiff is not entitled to recover any damages against KCBOE for any amounts, or for attorney's fees, expert fees, or other costs in this action.

II.

In answer to the specific factual allegations of the Complaint, as set forth in numbered paragraphs, Knox County Schools Defendants respond as follows:

1. It is admitted that L.E. is fourteen years old and a freshman at Farragut High School. Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of the remaining allegations of Paragraph No. 1 of Plaintiff's Complaint and strict proof of the same is demanded.

2. The allegations of Paragraph No. 2 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants. To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself. Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 2 of Plaintiff's Complaint and strict proof of the same is demanded.

---

[1] "The court may strike from a pleading . . . any redundant . . . matter." Fed. R. Civ. P. 12(f). In § 1983 actions, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity for which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). *See also Busby v. City of Orlando*, 931 F.2d 764, 766 (11th Cir. 1991) (noting there is no "need to bring official-capacity actions against local government officials"); *Verde v. City of Philadelphia*, 862 F. Supp. 1329, 1336-37 (E.D. Pa. 1994) (dismissing claims against named defendants in their official capacities).

3

3.      The allegations of Paragraph No. 3 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants.  To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself.  Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 3 of Plaintiff's Complaint and strict proof of the same is demanded.

4.      The allegations of Paragraph No. 4 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants.  To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself.  Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 4 of Plaintiff's Complaint and strict proof of the same is demanded.

5.      The allegations of Paragraph No. 5 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants.  To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself.  Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 5 of Plaintiff's Complaint and strict proof of the same is demanded.

6.      The allegations of Paragraph No. 6 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to

4

Knox County Schools Defendants. To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself. Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 6 of Plaintiff's Complaint and strict proof of the same is demanded.

7. The allegations of Paragraph No. 7 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants. To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself. Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 7 of Plaintiff's Complaint and strict proof of the same is demanded.

8. The allegations of Paragraph No. 8 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants. To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself. Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 8 of Plaintiff's Complaint and strict proof of the same is demanded.

9. The allegations of Paragraph No. 9 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants. To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself. Knox

County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 9 of Plaintiff's Complaint and strict proof of the same is demanded.

10.    It is admitted that Plaintiff seeks the relief specified in Paragraph No. 10 of Plaintiff's Complaint.

11.    It is admitted upon information and belief that Plaintiff was fourteen years old at the time of the filing of the Complaint and that Plaintiff appears through Plaintiff's parents as next friends.  It is admitted that at the time of the filing of the Complaint, Plaintiff was a freshman at Farragut High School, a school in the Knox County, Tennessee school system.  Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of the remaining allegations of Paragraph No. 11 of Plaintiff's Complaint, and strict proof thereof is demanded.

12.    The allegations of Paragraph No. 12 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants.  To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself.  Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 12 of Plaintiff's Complaint and strict proof of the same is demanded.

13.    The allegations of Paragraph No. 13 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants.  To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself.  Knox

6

County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 13 of Plaintiff's Complaint and strict proof of the same is demanded.

14.     The allegations of Paragraph No. 14 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants.  To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself, but such allegations are admitted upon information and belief as they apply to Knox County Schools Defendants.

15.     The allegations of Paragraph No. 15 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants.  Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 15 of Plaintiff's Complaint and strict proof of the same is demanded.

16.     The allegations of Paragraph No. 16 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants.  To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself.  Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 16 of Plaintiff's Complaint and strict proof of the same is demanded.

17.     The allegations of Paragraph No. 17 of Plaintiff's Complaint are admitted, with the exception that it is denied that KCBOE has at any time taken any action which violated any of Plaintiff's rights.

18.     The allegations of Paragraph No. 18 of Plaintiff's Complaint are admitted, with the exception that it is denied that Defendant Bob Thomas has at any time taken any action which violated any of Plaintiff's rights.

19.     The allegations of Paragraph No. 19 of Plaintiff's Complaint are admitted, with the exception that Knox County Schools Defendants deny that there was any deprivation of Plaintiff's rights.

20.     The allegations of Paragraph No. 20 of Plaintiff's Complaint are admitted.

21.     The Knox County Schools Defendants do not contest the venue of this action.

22.     The allegations of Paragraph No. 22 of Plaintiff's Complaint are admitted.

23.     Knox County Schools Defendants do not contest this court's personal jurisdiction in this matter.  However, any allegations that they denied Plaintiff federal constitutional and statutory rights are denied.

24.     Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 24 of Plaintiff's Complaint and strict proof of the same is demanded.

25.     Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 25 of Plaintiff's Complaint and strict proof of the same is demanded.

26.     Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 26 of Plaintiff's Complaint and strict proof of the same is demanded.

27.     Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 27 of Plaintiff's Complaint and strict proof of the same is demanded.

28.     Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 28 of Plaintiff's Complaint and strict proof of the same is demanded.

29.     Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 29 of Plaintiff's Complaint and strict proof of the same is demanded.

30.     The allegations of Paragraph No. 30 of Plaintiff's Complaint are admitted upon information and belief.

31.     Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 31 of Plaintiff's Complaint and strict proof of the same is demanded.

32.     Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 32 of Plaintiff's Complaint and strict proof of the same is demanded.

33.     Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 33 of Plaintiff's Complaint and strict proof of the same is demanded.

9

34.    Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 34 of Plaintiff's Complaint and strict proof of the same is demanded.

35.    Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 35 of Plaintiff's Complaint and strict proof of the same is demanded.

36.    Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 36 of Plaintiff's Complaint and strict proof of the same is demanded.

37.    Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 37 of Plaintiff's Complaint and strict proof of the same is demanded.

38.    Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 38 of Plaintiff's Complaint and strict proof of the same is demanded.

39.    Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 39 of Plaintiff's Complaint and strict proof of the same is demanded.

40.    The allegations of Paragraph No. 40 of Plaintiff's Complaint are admitted upon information and belief.

41.    The allegations of Paragraph No. 41 of Plaintiff's Complaint are admitted upon information and belief.

42. Knox County Schools Defendants believe that participation in sports is generally good for students, but are without knowledge or information sufficient to form a belief regarding the truthfulness of all the allegations of Paragraph No. 42 of Plaintiff's Complaint and strict proof of the same is demanded.

43. The allegations of Paragraph No. 43 of Plaintiff's Complaint are admitted upon information and belief.

44. Knox County Schools Defendants believe that participation in sports is generally good for students, but are without knowledge or information sufficient to form a belief regarding the truthfulness of all the allegations of Paragraph No. 44 of Plaintiff's Complaint and strict proof of the same is demanded.

45. The allegations of Paragraph No. 45 of Plaintiff's Complaint are admitted upon information and belief.

46. Knox County Schools Defendants believe that participation in sports is generally good for students, but are without knowledge or information sufficient to form a belief regarding the truthfulness of all the allegations of Paragraph No. 46 of Plaintiff's Complaint and strict proof of the same is demanded.

47. The allegations of Paragraph No. 47 of Plaintiff's Complaint are admitted upon information and belief.

48. The allegations of Paragraph No. 48 of Plaintiff's Complaint are admitted upon information and belief.

49. The allegations of Paragraph No. 49 of Plaintiff's Complaint are admitted upon information and belief.

50.     Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of all the allegations of Paragraph No. 50 of Plaintiff's Complaint and strict proof of the same is demanded.

51.     The allegations of Paragraph No. 51 of Plaintiff's Complaint are admitted upon information and belief.

52.     The allegations of Paragraph No. 52 of Plaintiff's Complaint are admitted upon information and belief.

53.     The allegations of Paragraph No. 53 of Plaintiff's Complaint are admitted upon information and belief.

54.     The allegations of Paragraph No. 54 of Plaintiff's Complaint are admitted upon information and belief.

55.     The allegations of Paragraph No. 55 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants.  To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself.  Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 55 of Plaintiff's Complaint and strict proof of the same is demanded.

56.     The allegations of Paragraph No. 56 of Plaintiff's Complaint are denied as written. Tennessee state law and rules & regulations govern the public school systems.  Individual policies of LEAs similarly govern aspects of student activity within a school system.  Most, if not all, public schools choose to be part of the TSSAA and TMSAA, which do have certain rules with which member entities comply.

12

57.     The allegations of Paragraph No. 57 of Plaintiff's Complaint are denied as written. While it is admitted that the TSSAA and TMSAA had their own policies in place, it is incorrect to state that the TSSAA and TMSAA set the policy for inclusion of transgender students in grades 5 – 12 in Tennessee.  Membership in the TSSAA and TMSAA is voluntary, and neither organization has governing authority over any school system.

58.     The allegations of Paragraph No. 58 of Plaintiff's Complaint are admitted upon information and belief.

59.     The allegations of Paragraph No. 59 of Plaintiff's Complaint are admitted upon information and belief.

60.     The allegations of Paragraph No. 60 of Plaintiff's Complaint are admitted upon information and belief.

61.     KCBOE is without knowledge or information sufficient to form a belief regarding the truthfulness of the allegations of Paragraph No. 61 of Plaintiff's Complaint, and strict proof thereof is demanded.

62.     The allegations of Paragraph No. 62 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants.  To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself.  Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 62 of Plaintiff's Complaint and strict proof of the same is demanded.

63.     The allegations of Paragraph No. 63 of Plaintiff's Complaint regarding HB 3/SB 228, now codified at Tenn. Code Ann. 49-6-310, are admitted.

64.     The allegations of Paragraph No. 64 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants.  To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself.  Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 64 of Plaintiff's Complaint and strict proof of the same is demanded.

65.     The allegations of Paragraph No. 65 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox

County Schools Defendants. To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself. Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 65 of Plaintiff's Complaint and strict proof of the same is demanded.

66. The allegations of Paragraph No. 66 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants. To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself. Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 66 of Plaintiff's Complaint and strict proof of the same is demanded.

67. The allegations of Paragraph No. 67 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants. To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself. Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 67 of Plaintiff's Complaint and strict proof of the same is demanded.

68. The allegations of Paragraph No. 68 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants. To the extent that such allegations are addressed to Knox

County Schools Defendants, they would state that Tennessee state law speaks for itself. Knox County Schools

Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 68 of Plaintiff's Complaint and strict proof of the same is demanded.

69.     The allegations of Paragraph No. 69 of Plaintiff's Complaint are admitted upon information and belief.

70.     The allegations of Paragraph No. 70 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants. To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself. Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 70 of Plaintiff's Complaint and strict proof of the same is demanded.

71.     The allegations of Paragraph No. 71 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants. To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself. Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 71 of Plaintiff's Complaint and strict proof of the same is demanded.

72.     It is admitted that at the times material to this case, Plaintiff L.E. was fourteen years old and a ninth grader at Farragut High School.

16

73. The allegations of Paragraph No. 73 of Plaintiff's Complaint are admitted upon information and belief.

74. Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 74 of Plaintiff's Complaint and strict proof of the same is demanded.

75. It is admitted upon information and belief that L.E. was assigned the sex of female at birth.

76. Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 76 of Plaintiff's Complaint and strict proof of the same is demanded.

77. Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 77 of Plaintiff's Complaint and strict proof of the same is demanded.

78. Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 78 of Plaintiff's Complaint and strict proof of the same is demanded.

79. Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 79 of Plaintiff's Complaint and strict proof of the same is demanded.

80. Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 80 of Plaintiff's Complaint and strict proof of the same is demanded.

81.     Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 81 of Plaintiff's Complaint and strict proof of the same is demanded.

82.     Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 82 of Plaintiff's Complaint and strict proof of the same is demanded.

83.     The allegations of Paragraph No. 83 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants.  To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself.  Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 83 of Plaintiff's Complaint and strict proof of the same is demanded.

84.     The allegations of Paragraph No. 84 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants.  To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself.  Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 84 of Plaintiff's Complaint and strict proof of the same is demanded.

85.     The allegations of Paragraph No. 85 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants.  To the extent that such allegations are addressed to Knox

18

County Schools Defendants, they would state that Tennessee state law speaks for itself. Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 85 of Plaintiff's Complaint and strict proof of the same is demanded.

86. Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 86 of Plaintiff's Complaint and strict proof of the same is demanded.

87. The allegations of Paragraph No. 87 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants. To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself. Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 87 of Plaintiff's Complaint and strict proof of the same is demanded.

88. The allegations of Paragraph No. 88 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants. To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself. Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 88 of Plaintiff's Complaint and strict proof of the same is demanded.

89. When and as necessary, commensurate paragraphs of KCBOE's Answer are likewise adopted.

90.     There appear to be no allegations contained in Paragraph No. 90 of Plaintiff's Complaint requiring a response from Knox County Schools Defendants.

91.     The allegations of the first sentence of Paragraph No. 91 of Plaintiff's Complaint are admitted.  The allegations of the second sentence of Paragraph No. 91 of Plaintiff's Complaint are denied inasmuch as they allege that established law addresses the treatment of transgender students in the context of public education.

92.     Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 92 of Plaintiff's Complaint and strict proof of the same is demanded.

93.     The allegations of Paragraph No. 93 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants.  To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself.  Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 93 of Plaintiff's Complaint and strict proof of the same is demanded.

94.     The allegations of Paragraph No. 94 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants.  To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself.  Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 94 of Plaintiff's Complaint and strict proof of the same is demanded.

95.     The allegations of Paragraph No. 95 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants.  To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself.  Knox County Schools

Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 95 of Plaintiff's Complaint and strict proof of the same is demanded.

96.     The allegations of Paragraph No. 96 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants.  To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself.  Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 96 of Plaintiff's Complaint and strict proof of the same is demanded.

97.     The allegations of Paragraph No. 97 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants.  To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself.  Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 97 of Plaintiff's Complaint and strict proof of the same is demanded.

98.     Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 98 of Plaintiff's Complaint and strict proof of the same is demanded.

99.     When and as necessary, commensurate paragraphs of KCBOE's Answer are likewise adopted.

100.    There appear to be no allegations contained in Paragraph No. 100 of Plaintiff's Complaint requiring a response from Knox County Schools Defendants.

101.    The allegations of Paragraph No. 101 of Plaintiff's Complaint are admitted upon information and belief.

102.    The allegations of Paragraph No. 102 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants. To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that the United States Code speaks for itself.

103.    In response to Paragraph No. 103 of Plaintiff's Complaint, Knox County Schools Defendants would state that KCBOE is a recipient of federal funding and that it operates education programs and activities. However, it is denied that federal funding directly funds interscholastic athletics.

104.    The allegations of Paragraph No. 104 of Plaintiff's Complaint are admitted.

105.    The allegations of Paragraph No. 105 of Plaintiff's Complaint are admitted.

106.    Knox County Defendants are without knowledge or information supporting the allegations made in Paragraph 106 of Plaintiff's Complaint in the context of education; therefore, any such allegations are denied.

107. The allegations of Paragraph No. 107 of Plaintiff's Complaint appear to be addressed to Co-Defendants State of Tennessee and its officers, agents, and/or employees, rather than to Knox County Schools Defendants. To the extent that such allegations are addressed to Knox County Schools Defendants, they would state that Tennessee state law speaks for itself. Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 107 of Plaintiff's Complaint and strict proof of the same is demanded.

108. Knox County Schools Defendants are without knowledge or information sufficient to form a belief regarding the truthfulness of any further allegations of Paragraph No. 108 of Plaintiff's Complaint and strict proof of the same is demanded.

109. Any and all further allegations of Plaintiff's Complaint not admitted, denied, or otherwise explained above, are hereby denied.

110. Knox County Schools Defendants respectfully request that they be permitted to amend this Answer and/or plead further as necessary and dictated by further events in this matter.

WHEREFORE, having fully answered, Knox County Schools Defendants ask the Court for dismissal of this lawsuit with prejudice, for attorney fees as provided by law, and for costs.

s/David M. Sanders
David M. Sanders (BPR # 016885)
Senior Deputy Law Director
Suite 612, City-County Building
400 Main Street
Knoxville, TN 37902
(865) 215-2327

23

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on the date recorded by the Court's electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties who have filed an appearance in the case, by and through the following counsel:

Thomas H. Castelli
Stella Yarbrough
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
tcastelli@aclu-tn.org
syarborough@aclu-tn.org

Leslie Cooper
Taylor Brown
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
lcooper@aclu.org
tbrown@aclu.org

Tara L. Borelli
Carl S. Charles
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
1 West Court Square, Suite 105
Decatur, GA 30030-2556
tborelli@lambdalegal.org
ccharles@lambdalegal.org

Sasha Buchert
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
1776 K Street NW, 8th Floor
Washington, DC 20006-5500
sbuchert@lambdalegal.org

Alan Schoenfeld
WILMER CUTLER PICKERING
 HALE AND DORR, LLP
7 World Trade Center
250 Greenwich Street, 45th Floor
New York, NY 10007
Alan.Schoenfeld@wilmerhale.com

Matthew D. Benedetto
Thomas F. Costello-Vega
WILMER CUTLER PICKERING
 HALE AND DORR, LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Matthew.Benedetto@wilmerhale.com
Thomas.Costello@wilmerhale.com

Emily L. Stark
Samuel M. Strongin
WILMER CUTLER PICKERING
 HALE AND DORR, LLP
1875 Pennsylvania Ave. NW
Washington, DC 20006
Emily.Stark@wilmerhale.com
Samuel.Strongin@wilmerhale.com

s/David M. Sanders
David M. Sanders

24