# UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| L.E., et al., <br><br> Plaintiff, <br><br> v. <br><br> BILL LEE, et al., <br><br> Defendants. | Case No. 3:21-cv-00835 <br><br> Judge Crenshaw <br> Magistrate Judge Alistair E. Newbern |

## JOINT PROPOSED INITIAL CASE MANAGEMENT ORDER

Pursuant to this Court's Local Rule 16.01, counsel for all parties have met and conferred to discuss the matters addressed in Federal Rule of Civil Procedure 26(f). Agreements reached by counsel or the parties' differing positions are memorialized in this joint proposed initial case management order, which reflects the case management preferences of Magistrate Judge Newbern and the presiding District Judge.

**A. JURISDICTION:** The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and § 1343 (civil rights). Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

**B. BRIEF THEORIES OF THE PARTIES:**

**PLAINTIFF:**

This action for declaratory and injunctive relief, brought under 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX"), challenges 2021 Tenn. Pub. Acts ch. 40, S.B. 228, 112th Gen. Assemb. ("SB 228"). SB 228 excludes transgender students in public middle schools and high schools in Tennessee from participating on school

sports teams consistent with their gender identity. SB 228 requires participation to be based on "sex at the time of the student's birth as indicated on the student's original birth certificate," regardless of their gender identity. Plaintiff L.E. is a transgender boy who seeks to play on the boy's golf team at his high school. Being forced to play on the girls' golf team would be as stigmatizing for L. as it would be for a non-transgender boy to be required to do so, and it would be psychologically harmful to L. to be designated a girl. SB 228 thus denies L. the ability to participate in school sports altogether. Excluding L. from participation on the boys' golf team violates his rights under the Equal Protection Clause, U.S. Const. amend. XIV, § 1, because it discriminates based on sex and transgender status, each of which independently triggers heightened scrutiny. And far from being substantially related to an important government interest, excluding L. from the boys' golf team is wholly disconnected from even SB 228's own stated purposes of protecting the athletic opportunities and safety of cisgender girls. In addition, SB 228 fails any level of equal protection scrutiny because it was enacted based on the impermissible purpose of targeting transgender people for exclusion. SB 228 also violates Title IX because, in precluding transgender students from participating in interscholastic sports, it denies them the benefits of, and subjects them to discrimination in, educational programs and activities "on the basis of sex."

**DEFENDANTS:**

**Knox County Schools Defendants:** Knox County Schools Defendants do not intend to litigate the substantive issues raised by Plaintiff regarding Tennessee State law. Doing so is the appropriate role of the Tennessee Attorney General. Knox County Schools were compelled by the challenged state law to adopt a school board policy reflecting the language which Plaintiff challenges. Knox County Schools Defendants believe that Plaintiff lacks standing to bring this

claim against them, as Plaintiff did not ever attempt to try out for the boy's golf team at Farragut High School, and has therefore not suffered an injury in fact. Knox County Schools further relies upon any and all defenses raised in its answer.

**State Defendants:** Defendants Governor Lee, Commissioner Schwinn, Dr. Morrison, the individual members of the Tennessee State Board of Education, in their official capacities, and the Tennessee State Board of Education do not enforce the challenged law, S.B. 228, 112th Gen. Assem. (2021), codified at Tenn. Code Ann. § 49-6-310, and so Eleventh Amendment immunity bars Plaintiff's claims against them. Moreover, Plaintiff lacks standing and brings claims that are not yet ripe for review. Nevertheless, the challenged law does not violate the Equal Protection Clause of the Fourteenth Amendment or Title IX. The challenged law treats all athletes the same by requiring participation with either a male or female team to be determined by sex at the time of birth. It seeks to ensure that interscholastic athletic programs in public schools are conducted in a safe manner to promote continued participation and equitable opportunities for all children. Finally, the challenged law does not exclude Plaintiff from participation in or deny the benefits of the school golf team.

    **C.**    **ISSUES RESOLVED:**

1. The parties agree that Defendants have been properly served with the Summonses and Complaint.
2. The parties agree that venue is proper.

    **D.**    **ISSUES STILL IN DISPUTE:**

**<u>Jurisdiction</u>**

    a. Whether this Court has jurisdiction.

### Liability

a. Whether SB 228 violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

b. Whether SB 228 violates Title IX.

### Relief

a. Whether the Court should enter a declaratory judgment finding SB 228 in violation of the Equal Protection Clause of the Fourteenth Amendment and/or Title IX;

b. Whether the Court should issue a permanent injunction barring defendants from excluding L. from participating on boys' sports teams; and

c. Whether Plaintiff is entitled to costs and reasonable attorney's fees.

**E. INITIAL DISCLOSURES:**

The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before February 3, 2022.

**F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:**

The parties shall develop a plan for resolution of the case that includes at least two independent attempts to resolve the case. The first attempt shall occur no later than 120 days from the initial case management conference, which is May 20, 2022. By no later than that date, the parties shall submit a joint report to advise the Court that the parties made a good faith effort to resolve the case. The report shall state the specific steps taken toward case resolution, including that an offer or demand has been made and responded to and that counsel have discussed the parties' positions. The parties shall have conducted enough discovery or otherwise exchanged sufficient information to evaluate and discuss settlement substantively. The fact that discovery is ongoing or that a dispositive motion is pending does not relieve the parties of this requirement. If

the parties request referral for pro bono mediation or to a Magistrate Judge for a judicial settlement conference, they must make that request by motion. The motion shall include a statement as to why private mediation is not feasible and, if a judicial settlement conference is requested, why that is the preferable means of resolving the particular case. An updated joint report, including whether the parties have scheduled mediation or another form of ADR, shall be filed no later than 60 days before the deadline for the filing of dispositive motions.

**G.   DISCOVERY:**

The parties shall complete all written discovery and depose all fact witnesses on or before June 30, 2022. Written discovery shall proceed promptly (unless otherwise provided for herein) and shall be served no later than May 31, 2022. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s).

If the parties are unable to resolve a discovery dispute after conferring in good faith as required by the Court's Local Rule 37.01 and the District Judge's case management preferences, counsel shall notify Magistrate Judge Newbern's chambers and request a discovery dispute telephone conference. Not later than two days before the conference, the parties shall file a joint statement of the discovery dispute that states the particular requests or responses at issue, summarizes counsel's good-faith discussions, and briefly addresses the parties' positions. Each party's position statement shall be limited to no more than three pages per issue. The parties may attach documents for review that will be useful to the Court's understanding of the dispute. If the parties are unable to reach a resolution of the dispute after the conference, the Magistrate Judge

will set a schedule for discovery motion briefing. If a party files a discovery motion before a discovery dispute conference has been held, the motion will likely be terminated.

All motions related to fact discovery shall be filed by no later than July 8, 2022.

**H.     MOTIONS TO AMEND OR TO ADD PARTIES:**

Any motions to amend or to add parties shall be filed no later than July 8, 2022.

Any motion to amend must be accompanied by the proposed amended pleading, which shall be included as an exhibit to the motion. Before filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether the motion is opposed. Any motion to amend must comply with Local Rules 7.01 and 15.01.

**I.     DISCLOSURE AND DEPOSITIONS OF EXPERT WITNESSES:**

Plaintiff shall identify and disclose all expert witnesses and expert reports on or before April 15, 2022. Defendants shall identify and disclose all expert witnesses and expert reports on or before May 25, 2022. Plaintiff shall identify and disclose all rebuttal witnesses and expert reports on or before July 5, 2022. All expert witnesses shall be deposed on or before August 10, 2022.

**J.     NEXT CASE MANAGEMENT CONFERENCE:**

A case management conference with the Magistrate Judge will be held by telephone on motion filed by either party. Counsel shall be prepared to address the status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and any other appropriate matters. Unless otherwise instructed, counsel shall call (888) 557-8511 and enter access code 7819165# to join the call.

**K.     DISPOSITIVE MOTIONS:**

Dispositive motions shall be filed by no later than October 7, 2022. Responses to dispositive motions shall be filed within 21 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

**L.     ELECTRONIC DISCOVERY:**

The parties shall discuss any anticipated electronic discovery before the initial case management conference. If the parties reach an agreement on how to conduct electronic discovery in this case, Administrative Order 174-1 need not apply. Any agreement among the parties to address electronic discovery shall be reduced to writing, signed by counsel, and filed as a stipulation of agreed-upon electronic discovery procedures. If the parties request the Court's approval of their agreement, they shall file it was a proposed agreed order with the appropriate accompanying motion. In the absence of an agreement, Administrative Order 174-1 will apply.

**M.     MODIFICATION OF THE CASE MANAGEMENT ORDER:**

Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days before the earliest affected deadline. If the parties agree, the motion may be filed up to the earliest affected deadline. The motion must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with

opposing counsel and whether there is any objection to the motion. The motion (even if a joint motion) must also include: (i) all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(d)(2)(f) that no dispositive motion, including response and replies, be filed later than 90 days in advance of the target trial date.

**N.      REQUESTS TO SEAL DOCUMENTS:**

Any party requesting that documents or portions of documents be sealed must demonstrate compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Beauchamp v. Fed. Home Loan Mortg. Corp.*, No. 15-6067, 2016 WL 3671629, at *4 (6th Cir. July 11, 2016) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016)). Protective orders should not provide that documents produced in discovery and designated as "confidential" will automatically be sealed upon filing or use at trial. Any such language in a proposed protective order will be stricken and may result in denial of the motion to enter the protective order.

**O.      ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:**

The bench trial of this action is expected to last approximately four (4) days. A trial date no earlier than February 13, 2023 is requested. The requested trial date and the dispositive motion deadline proposed in this Order conform to Local Rule 16.01(h)(1).

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

Dated: January 18, 2022                    Respectfully submitted,

                                           */s/ Thomas H. Castelli*
                                           Thomas H. Castelli, BPR No. 024849
                                           Stella Yarbrough, BPR No. 33637
                                           ACLU Foundation of Tennessee
                                           P.O. Box 120160
                                           Nashville, TN 37212
                                           Tel.: (615) 320-7142
                                           tcastelli@aclu-tn.org
                                           syarbrough@aclu-tn.org

# CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on January 18, 2022, a true and correct copy of the foregoing has been served filed and served electronically via the Court's ECF system on the following parties:

Stephanie A. Bergmeyer
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
Stephanie.bergmeyer@ag.tn.gov

David M. Sanders
Senior Deputy Law Director
Knox County, Tennessee
400 W. Main St., Suite 612
City-County Building
Knoxville, Tennessee 37902
David.Sanders@knoxcounty.org

*/s/ Thomas H. Castelli*
Thomas H. Castelli