# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| L.E., by his next friends and parents, SHELLEY ESQUIVEL and MARIO ESQUIVEL,<br><br>Plaintiff,<br><br>v.<br><br>BILL LEE, et al.,<br><br>Defendants. | Case No. 3:21-cv-00835<br><br>Chief Judge Waverly D. Crenshaw Jr.<br>Magistrate Judge Alistair E. Newbern<br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT BILL LEE (NOS. 1 - 6)** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the applicable Local Rules of the Middle District of Tennessee and this Court, Plaintiff L.E., by his next friends and parents, SHELLEY ESQUIVEL and MARIO ESQUIVEL, requests that Defendant Bill Lee, in his official capacity as Governor of Tennessee, serve sworn answers to the following Interrogatories in accordance with the Definitions and Instructions set forth below within thirty (30) days of service hereof, via email to all counsel of record for Plaintiff.

## DEFINITIONS

Words in CAPITALS are defined as follows:

1. ACTION means the above-captioned litigation instituted by L.E. on November 4, 2021.

2. L.E. means L.E. and/or his parents, Shelley Esquivel and/or Mario Esquivel.

3. COMMUNICATION means any transmission of information from one PERSON to another by any means in the form of facts, ideas, inquiries, or otherwise.

4. CONCERNING is defined as information, things, COMMUNICATIONS, or DOCUMENTS that reflect, relate to, identify, constitute, embody, describe, discuss,

1

summarize, evidence, reference, comment on, or concern in any way the subject matter of the request.

5. DOCUMENT means any written, printed, typed, recorded, magnetic, punched, copied, graphic, or other tangible thing in, upon, or from which information may be embodied, translated, conveyed, or stored (including, but not limited to, correspondence, memoranda, notes, records, books, papers, telegrams, telexes, dictation or other audio tapes, video tapes, computer tapes, computer discs, computer printouts, microfilm, microfiche, worksheets, diaries, calendars, photographs, charts, drawings, sketches, and all other writings or drafts thereof) as defined in Federal Rule of Civil Procedure 34(a), Federal Rule of Civil Procedure 45, and Federal Rule of Evidence 1001, whether or not labeled "confidential." A draft or non-identical copy is a separate DOCUMENT within the meaning of this term.

6. INTERSCHOLASTIC SPORTS means athletic competitions between students of schools at all educational levels, including but not limited to elementary school, middle school, high school, and college.

7. PERSON means any natural person or any business, legal, or governmental entity or association or any other cognizable entity, including, without limitation, corporations, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and orders.

8. POLICY means any policy, procedure, rule, protocol, guideline, regulation, practice, or other principle or course of action.

9. GOVERNOR LEE means Bill Lee, in his official capacity as Governor of Tennessee, as includes each of the officers, directors, employees, partners, corporate parent,

subsidiaries, affiliates, attorneys, accountants, consultants, representatives, and agents that report to him in his official capacity. It also means any PERSON who assumes any of Governor Lee's official positions or responsibilities in part, whether temporarily or permanently.

10. YOU, YOUR, or YOURS means GOVERNOR LEE.
11. S.B. 228 means Tennessee House Bill 3 of the 2021-2022 112th General Assembly, Tennessee Senate Bill 228 of the 2021-2022 112th General Assembly, or any implementing POLICY thereunder.

## INSTRUCTIONS

1. YOU are requested to answer each Interrogatory set forth below separately and completely in writing under oath. YOUR response hereto is to be signed and verified by the PERSON making it, and the objections signed by the attorney making them, as required by Federal Rule of Civil Procedure 33(b).

2. Each Interrogatory shall be answered fully unless it is objected to in good faith, in which event the reason for YOUR objection shall be stated in detail. If an objection pertains to only a portion of an Interrogatory, or a word, phrase or clause contained within it, YOU are required to state YOUR objection to that portion only and to respond to the remainder of the Interrogatory, using YOUR best efforts to do so.

3. If YOU or YOUR counsel assert that any information responsive to any Interrogatory is privileged or otherwise protected from discovery, YOU must comply with the requirements of Federal Rule of Civil Procedure 26(b)(5) as to each DOCUMENT, COMMUNICATION, thing, or piece of information for which a claim of privilege or protection from discovery is made. For any DOCUMENT or information withheld on

the grounds that it is privileged or otherwise claimed to be excludable from discovery, identify the information or DOCUMENT, describe its subject matter and date, identify all authors and recipients (including copied and blind copied recipients), and specify the basis for the claimed privilege or other grounds of exclusion.

4. If YOU answer any of the Interrogatories by reference to records from which the answer may be derived or ascertained, YOU must comply with the requirements of Federal Rule of Civil Procedure 33.

5. If any responsive DOCUMENT is no longer in existence, cannot be located or is not in YOUR possession, custody, or control, identify it, describe its subject matter, and describe its disposition, including, without limitation, identifying the PERSON having knowledge of the disposition.

6. If an Interrogatory is silent as to the time period for which information is sought, YOUR response should include all information known to YOU CONCERNING events that occurred, in whole or in part, at any time during the period of January 1, 2019, to the present.

7. These Interrogatories are continuing in nature and YOUR responses to them are to be promptly supplemented or amended if, after the time of YOUR initial responses, YOU learn that any response is or has become in some material respect incomplete or incorrect, to the full extent provided for by Federal Rule of Civil Procedure 26(e).

8. The use of the singular form of any word includes the plural, and the use of the plural form includes the singular form.

9. For each response, where applicable, include each individual's name, current and former roles within the entity (and date ranges), and current contact information.

# INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all PERSONS who provided information in preparation of YOUR Answer to the Complaint, and for each such PERSON, state the following:

    (a) Their name, address, and telephone number;

    (b) Their relationship to YOU and/or L.E.; and

    (c) A detailed description of such information.

**INTERROGATORY NO. 2:** Identify all COMMUNICATIONS regarding the participation of students who are transgender in INTERSCHOLASTIC SPORTS, and the date and content of the COMMUNICATION.

**INTERROGATORY NO. 3:** Identify all COMMUNICATIONS regarding S.B. 228, or any other potential legislation in 2020 or 2021, regarding the participation of transgender athletes in INTERSCHOLASTIC SPORTS in Tennessee, and the date and content of the COMMUNICATION.

**INTERROGATORY NO. 4:** Identify all students who participated in or are participating in INTERSCHOLASTIC SPORTS in Tennessee who have been denied the opportunity to advance in their respective sports, including by obtaining college scholarships, as a result of students who are transgender participating on sports teams.

**INTERROGATORY NO. 5:** Identify all PERSONS responsible for implementing or enforcing S.B. 228.

**INTERROGATORY NO. 6:** Identify all the governmental interests advanced by S.B. 228 and how they are advanced by S.B. 228.

Dated: February 17, 2022

Respectfully submitted,

/s/  Stella Yarbrough
Stella Yarbrough (No. 33637)
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
Tel: (615) 320-7142
syarbrough@aclu-tn.org

/s/  Leslie Cooper
Leslie Cooper (*pro hac vice*)
Taylor Brown (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lcooper@aclu.org
tbrown@aclu.org

/s/  Alan Schoenfeld
Alan Schoenfeld (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street, 45th Floor
New York, NY 10007
Tel: (212) 937-7294
alan.schoenfeld@wilmerhale.com

Matthew D. Benedetto (*pro hac vice*)
Thomas F. Costello-Vega (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA  90071
Tel: (213) 443-5300
matthew.benedetto@wilmerhale.com
thomas.costello@wilmerhale.com

/s/  Tara L. Borelli
Tara L. Borelli (*pro hac vice*)
Carl S. Charles (*pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION
   FUND INC.
1 West Court Square, Suite 105
Decatur, GA 30030-2556
Tel: (404) 897-1880
Fax: (404) 506-9320
tborelli@lambdalegal.org
ccharles@lambdalegal.org

Sasha Buchert (*pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION
   FUND INC.
1776 K Street NW, 8th Floor
Washington, DC 20006-5500
Tel: (202) 804-6245
sbuchert@lambdalegal.org

Emily L. Stark (*pro hac vice*)
Samuel M. Strongin (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, DC 20006
Tel: (202) 663-6000
emily.stark@wilmerhale.com
samuel.strongin@wilmerhale.com

***Attorneys for Plaintiff L.E., by his next friends and parents, Shelley Esquivel and Mario Esquivel***