# EXHIBIT 13

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| L.E., by his next friends and parents, SHELLEY ESQUIVEL and MARIO ESQUIVEL,<br><br>    Plaintiff,<br><br>v.<br><br>BILL LEE, et al.,<br><br>    Defendants. | Case No. 3:21-cv-00835<br><br>Chief Judge Waverly D. Crenshaw Jr.<br>Magistrate Judge Alistair E. Newbern |

**RESPONSE OF DEFENDANTS KNOX COUNTY BOARD OF EDUCATION a/k/a KNOX COUNTY SCHOOLS a/k/a KNOX COUNTY SCHOOL DISTRICT, AND ROBERT M. "BOB" THOMAS (NOS. 1 – 25) TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

In response to the Requests for Admission served upon Defendants Knox County Board of Education a/k/a Knox County Schools a/k/a Knox County School District and Robert M. "Bob" Thomas, in his official capacity as Director of Knox County Schools, states as follows:

### DEFINITIONS

Words in CAPITALS are defined as follows:

1. ACTION means the above-captioned litigation instituted by L.E. on November 4, 2021.

2. COMPLAINT means the complaint L.E. filed initiating this ACTION.

3. L.E. means L.E. and/or his parents, Shelley Esquivel and/or Mario Esquivel.

4. CISGENDER means a PERSON whose GENDER IDENTITY aligns with the sex they were assigned at birth.

5. COMMUNICATION means any transmission of information from one PERSON to another by any means in the form of facts, ideas, inquiries, or otherwise.

6. COUNTY BOARD means Knox County Board of Education, as well as its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, accountants, consultants, representatives, and agents.

7. COUNTY DIRECTOR means Robert M. "Bob" Thomas in his official capacity as Director of the COUNTY BOARD, and includes each of the officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, accountants, consultants, representatives, and agents that report to him in his official capacity. It also means any PERSON who assumes any of Robert M. "Bob" Thomas's official positions or responsibilities in part, whether temporarily or permanently.

8. FEDERAL FINANCIAL ASSISTANCE means the definition of "Federal financial assistance" provided in 34 C.F.R. § 106.2(g).

9. GENDER IDENTITY is synonymous with the meaning used in paragraphs 24-25 of the COMPLAINT.

10. INTERSCHOLASTIC SPORTS means athletic competitions between students of schools at all educational levels prior to college, including but not limited to elementary school, secondary school, middle school, and high school.

11. PERSON means any natural person or any business, legal, or governmental entity or association or any other cognizable entity, including, without limitation, corporations, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and orders.

12. POLICY means any policy, procedure, rule, protocol, guideline, regulation, practice, or other principle or course of action.

13. S.B. 228 means Tennessee House Bill 3 of the 2021-2022 112th General Assembly, Tennessee Senate Bill 228 of the 2021-2022 112th General Assembly, or any implementing POLICY thereunder.

14. STATE OF TENNESSEE includes the State as an entity, as well as the State's governors, attorneys general, agencies, legislators, officials, affiliates, attorneys, accountants, consultants, representatives, and agents.

15. TRANSGENDER BOY means a PERSON who has a male GENDER IDENTITY, and had a female sex assigned at birth.

16. YOU, YOUR, or YOURS means the COUNTY BOARD and the COUNTY DIRECTOR, collectively.

## INSTRUCTIONS

1. YOU are requested to answer the Requests set forth below separately and completely in writing under oath. YOUR response hereto is to be signed and verified by the PERSON making it, and the objections signed by the attorney making them, as required by Federal Rule of Civil Procedure 36(a).

2. YOUR response shall specifically admit or deny a Request, or set forth in detail the reasons why YOU cannot truthfully admit or deny the Request. A denial must fairly respond to the substance of the matter. If a Request is not admitted, YOU must state each and every reason why such Request is not admitted.

3

3. If a Request is admitted with qualifications(s), YOU must specify the portion(s) of the Request that are true, and state each and every reason why such Request is admitted with qualifications.

4. If a portion of the Request is denied, YOU must specify the portion(s) of the Request that are true, and state each and every reason why such Request is denied in part.

5. The response to each Request shall include such information as is within YOUR custody, possession, or control, or that of YOUR attorneys, investigators, agents, employees, experts retained by YOU or YOUR attorneys, or other representatives.

6. YOU shall not give lack of information or knowledge as a reason for failure to admit or deny a Request unless YOU state that YOU made reasonable inquiry and the information known or readily obtainable to YOU is insufficient to enable YOU to admit or deny the Request.

7. If objection is made to any portion of a Request, the reasons therefore shall be stated in full with specificity, and the unobjectionable portions of the Request shall be admitted or denied. The fact that a Request covers a matter which YOU believe presents a genuine issue for trial may not, on that ground alone, provide the basis for an objection.

8. If YOU or YOUR counsel assert that any information responsive to any request set forth below is privileged or otherwise protected from discovery, YOU are requested to set forth the privilege claimed and the facts on which YOU rely to support the claimed privilege.

9. If, in responding to the Requests for Admission set forth below, YOU encounter any ambiguities when construing the Request, Instruction, or Definition, YOU shall set

4

forth in YOUR response the matter deemed ambiguous and the construction used in responding.

10. These Requests are continuing in nature and YOUR responses to them are to be promptly supplemented or amended if, after the time of YOUR initial response, YOU learn that any response is or has become in some material respect incomplete or incorrect, to the full extent provided for by Federal Rules of Civil Procedure.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that L.E. was assigned the sex of female at birth.

**RESPONSE:** **Admitted.**

**REQUEST NO. 2:**

Admit that L.E. has a male GENDER IDENTITY.

**RESPONSE:** **It is Admitted that L.E. currently identifies as a male. These Defendants are unable to respond to this request as written because the definition of GENDER IDENTITY as set forth by the Plaintiffs, incorporating the definitions included in paragraphs 25-26 of the Complaint, are beyond the scope of these Defendants' knowledge. As this is a matter of differing expert opinion, no amount of reasonable inquiry would enable these Defendants to form a basis of knowledge to respond to this request.**

**REQUEST NO. 3:**

Admit that L.E. is a TRANSGENDER BOY.

**RESPONSE:** **Admitted.**

**REQUEST NO. 4:**

Admit that L.E. has been diagnosed with gender dysphoria.

**RESPONSE:** These Defendants cannot truthfully admit or deny this request, as no medical records have been furnished to them by which they could make a reasonable inquiry regarding any diagnosis which L.E. may have received. Furthermore, these Defendants have no right to obtain such records independently, as they are protected under various state and federal privacy laws.

**REQUEST NO. 5:**

Admit that golf does not involve contact between participants.

**RESPONSE:** It is Admitted that golf is not considered a "contact sport." Some incidental contact between participants is, however, common in golf (e.g., shaking hands or brushing against each other).

**REQUEST NO. 6:**

Admit that S.B. 228 prohibits L.E. from participating on boys' athletics teams at all public secondary schools located in Knox County, Tennessee, if the public secondary school also has a girls' athletic team for the same sport.

**RESPONSE:** Admitted.

**REQUEST NO. 7**

Admit that S.B. 228 does not prohibit CISGENDER girls from participating on boys' athletics teams at public secondary schools located in Knox County, Tennessee if the public secondary school does not have a girls' athletic team for the same sport.

**RESPONSE:** **Denied as stated. Certain sports, such as football, are not divided into "boys" and "girls" teams and anyone is permitted to try out for those sports. For sports that are divided into "boys" and "girls" teams, if no "girls" team was available at the school, KCS would work to develop a "girls" team in some capacity.**

**REQUEST NO. 8**:

Admit that S.B. 228 does not prohibit TRANSGENDER BOYS from participating on boys' athletics teams at public secondary schools located in Knox County, Tennessee if the public secondary school does not have a girls' athletic team for the same spot.

**RESPONSE:** **Denied as stated. Certain sports, such as football, are not divided into "boys" and "girls" teams and anyone is permitted to try out for those sports. For sports that are divided into "boys" and "girls" teams, if no "girls" team was available at the school, KCS would work to develop a "girls" team in some capacity.**

**REQUEST NO. 9:**

Admit that YOU must comply with S.B. 228 unless enjoined from doing so by a court.

**RESPONSE:** **Admitted.**

**REQUEST NO. 10:**

Admit that YOU are required to promulgate policies ensuring compliance with S.B. 228 unless enjoined from doing so by a court.

**RESPONSE:** Admitted.

**REQUEST NO. 11:**

Admit that any policies that YOU promulgate pursuant to S.B. 228 cannot conflict with the plain language of S.B. 228.

**RESPONSE:** Admitted.

**REQUEST NO. 12:**

Admit that S.B. 228 prohibits YOU from adopting or enforcing a policy that would allow L.E. to participate on the boys' golf team at Farragut High School.

**RESPONSE:** Admitted.

**REQUEST NO. 13:**

Admit that YOU are required to ensure that Farragut High School complies with S.B. 228 assuming a court has not enjoined it from doing so.

**RESPONSE:** Admitted.

**REQUEST NO. 14:**

Admit that there are no golf teams designated as "coed or mixed gender" that compete interscholastically offered by public secondary schools located in Knox County, Tennessee.

8

**RESPONSE:** Admitted.

**REQUEST NO. 15:**

Admit that prior to the enactment of S.B. 228, CISGENDER boy public secondary school students were prohibited from participating on a public secondary school's girls' athletic team in Knox County, Tennessee, if the school also had a boys' athletic team for the same sport.

**RESPONSE:** Admitted.

**REQUEST NO. 16:**

Admit that S.B. 228 prohibits any TRANSGENDER BOY student at any public secondary school in Knox County, Tennessee from joining a boys' athletic team offered by his school, if the school also has a girls' athletic team for the same sport.

**RESPONSE:** Admitted.

**REQUEST NO. 17:**

Admit that S.B. 228 does not prohibit a CISGENDER boy student at Farragut High School from joining a boys' athletic team offered at Farragut High School.

**RESPONSE:** Admitted.

**REQUEST NO. 18:**

Admit that students derive social benefits from participating in INTERSCHOLASTIC SPORTS in Knox County, Tennessee.

**RESPONSE:** Admitted.

**REQUEST NO. 19:**

Admit that students derive psychological benefits from participating in INTERSCHOLASTIC SPORTS in Knox County, Tennessee.

**RESPONSE:** **Admitted.**

**REQUEST NO. 20:**

Admit that INTERSCHOLASTIC SPORTS benefit students.

**RESPONSE:** **Admitted.**

**REQUEST NO. 21:**

Admit that students who participate in INTERSCHOLASTIC SPORTS receive benefits regardless of whether they win or lose.

**RESPONSE:** **Admitted.**

**REQUEST NO. 22:**

Admit that YOU receive FEDERAL FINANCIAL ASSISTANCE.

**RESPONSE:** **Admitted.**

**REQUEST NO. 23:**

Admit that when enforcing COUNTY BOARD and COUNTY DIRECTOR rules and policies, YOU are a state actor for purposes of 42 U.S.C. § 1983.

**RESPONSE:** **Admitted.**

**REQUEST NO. 24:**

Admit that YOU must comply with Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq.

**RESPONSE:** **Admitted.**

**REQUEST NO. 25:**

Admit that YOU must comply with the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

**RESPONSE:** **Admitted.**

Respectfully submitted this the 28th day of July, 2022.

/s/ Jessica Jernigan-Johnson
DAVID M. SANDERS (BPR # 016885)
Senior Deputy Law Director
JESSICA JERNIGAN-JOHNSON
Deputy Law Director
Suite 612, City-County Building
400 Main Street
Knoxville, TN 37902
(865) 215-2327

*Counsel for Defendants, Knox County Board of Education, Knox County Schools and Dr. Jon Rysewyk*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record by e-mail:

Thomas H. Castelli
Stella Yarbrough
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
tcastelli@aclu-tn.org
syarborough@aclu-tn.org

Leslie Cooper
Taylor Brown
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
lcooper@aclu.org
tbrown@aclu.org

Tara L. Borelli
Carl S. Charles
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
1 West Court Square, Suite 105
Decatur, GA 30030-2556
tborelli@lambdalegal.org
ccharles@lambdalegal.org

Sasha Buchert
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
1776 K Street NW, 8th Floor
Washington, DC 20006-5500
sbuchert@lambdalegal.org

Alan Schoenfeld
WILMER CUTLER PICKERING
 HALE AND DORR, LLP
7 World Trade Center
250 Greenwich Street, 45th Floor
New York, NY 10007
Alan.Schoenfeld@wilmerhale.com

Matthew D. Benedetto
Thomas F. Costello-Vega
WILMER CUTLER PICKERING
 HALE AND DORR, LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Matthew.Benedetto@wilmerhale.com
Thomas.Costello@wilmerhale.com

Emily L. Stark
Samuel M. Strongin
WILMER CUTLER PICKERING
 HALE AND DORR, LLP
1875 Pennsylvania Ave. NW
Washington, DC 20006
Emily.Stark@wilmerhale.com
Samuel.Strongin@wilmerhale.com

This the 28th day of July, 2022.

*/s/ Jessica Jernigan-Johnson*
JESSICA JERNIGAN-JOHNSON

12