# EXHIBIT 16

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| L.E., by his next friends and parents, SHELLEY ESQUIVEL and MARIO ESQUIVEL,<br><br>*Plaintiff*,<br><br>v.<br><br>BILL LEE, in his official capacity as Governor of Tennessee, *et al.*,<br><br>*Defendants*. | Case No. 3:21-cv-00835 |

**PLAINTIFF'S RESPONSES TO DEFENDANTS PENNY SCHWINN, SARA HEYBURN MORRISON, AND THE TENNESSEE STATE BOARD OF EDUCATION'S SECOND SET OF INTERROGATORIES**

Plaintiff, by and through his attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, responds and objects to Defendants Penny Schwinn and Sara Heyburn Morrison, in their official capacities, and the Tennessee State Board of Education's (collectively, "Defendants") Second Set of Interrogatories as follows:

**GENERAL RESPONSES**

1. Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2. By making the accompanying responses and objections to Defendants' interrogatories, Plaintiff does not waive, and hereby expressly reserves, his right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy,

materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that he considers the requests and interrogatories, and responses to the requests and interrogatories, to be relevant or material to the subject matter of this action.

3. To the extent responsive documents exist, Plaintiff will produce responsive documents only to the extent that such documents are in his possession, custody, or control, as set forth in the Federal Rules of Civil Procedure. Plaintiff's possession, custody, or control does not include any constructive possession that may be conferred by Plaintiff's right or power to compel the production of documents or information from third parties.

4. A response to an interrogatory stating objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents; that Plaintiff performed any of the acts described in the interrogatory or definitions and/or instructions applicable to the interrogatory; or that Plaintiff acquiesces in the characterization of the conduct or activities contained in the interrogatory or definitions and/or instructions applicable to the interrogatory.

5. Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6. Publicly available documents that are not in Plaintiff's possession including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

# GENERAL OBJECTIONS

1. Plaintiff objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Plaintiff objects to each interrogatory that is overly broad, vague, unduly burdensome, or seeks information beyond the scope of discovery and disproportionate to the needs of the case.

3. Plaintiff objects to each interrogatory that seeks information that is in the possession of, known to, or otherwise equally available to Defendants.

4. Plaintiff objects to each interrogatory to the extent that it seeks information and/or documents duplicative of information and/or documents already produced to Defendants in the course of this litigation or produced in response to Defendants' First Set of Requests for Admissions or First Set of Requests for Production of Documents.

5. Plaintiff objects to each interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

6. Plaintiff incorporates by reference every general objection set forth above into each specific interrogatory response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive his right to amend his responses.

## OBJECTION TO INSTRUCTIONS AND DEFINITIONS

1. Plaintiff objects to Instruction No. 6 to the extent that it calls for disclosure of information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

## SPECIFIC OBJECTIONS AND RESPONSES TO THE INTERROGATORIES

**INTERROGATORY NO 1**:

Provide the date(s) on which L.E. received a diagnosis of gender dysphoria or L.E.'s parents became aware of that diagnosis.

**RESPONSE:**

Plaintiff objects to the extent the interrogatory seeks information disproportionate to the needs of this case, and intrudes upon Plaintiff's medical privacy.

Subject to Plaintiff's objection, and without waiver thereof, Plaintiff responds as follows: Plaintiff was diagnosed with gender dysphoria on January 28, 2021.

**INTERROGATORY NO 2**:

Provide the date on which L.E. began to social transition.

**RESPONSE:**

Plaintiff began his social transition in or around September 2020.

**INTERROGATORY NO 3**:

Provide the date on which L.E. began pubertal suppression medication.

**RESPONSE:** Plaintiff objects that this interrogatory seeks information disproportionate to the needs of the case, and intrudes upon Plaintiff's medical privacy.

Subject to Plaintiff's objections, Plaintiff responds that he began pubertal suppression on or about April 23, 2021.

**INTERROGATORY NO 4:**

Provide all interscholastic athletic events, clubs, or teams L.E. has participated in while in middle or high school.

**RESPONSE:** L.E. objects that this Interrogatory is overbroad, unduly burdensome, and seeks information disproportionate to the needs of the case. Plaintiff also objects that this Interrogatory is beyond the scope of and irrelevant to the matter.

Subject to these objections, and without waiver thereof, L.E. participated on the Farragut Middle School girl's golf team, which he joined prior to his transition.

**INTERROGATORY NO 5:**

Provide the name(s) and date(s) of any matches or tournaments L.E. played while part of the Farragut Middle School golf team.

**RESPONSE:** Plaintiff objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of the case. Plaintiff also objects that this interrogatory is beyond the scope of and irrelevant to the matter.

Subject to these objections, and without waiver thereof, L.E. responds as follows:

7 Mar 2020 Girls Jamboree @ Beverly Park

10 Mar 2020 vs Bearden @ Concord Park

19 Mar 2020 vs Hardin Valley @ Fox Den CC

23 Mar 2020 vs Halls @ Beaver Brook CC

26 Mar 2020 vs Bearden @ Fox Den CC

28 Mar 2020 Girls Jamboree @ Beverly Park

2 Apr 2020 vs CAK @ Fox Den CC

9 Apr 2020 vs Halls @ Fox Den CC

**INTERROGATORY NO 6:**

Identify other transgender athletes that L.E. or L.E.'s parents are aware of.

**RESPONSE:** Plaintiff objects to the term "athlete" as vague, as that term is undefined in Defendant's Requests. Plaintiff therefore adopts a reasonable interpretation of that term in this response. Plaintiff objects on the grounds that calling for "other transgender athletes" is overbroad and unduly burdensome. Additionally, Plaintiff objects that this Interrogatory is beyond the scope of and irrelevant to the matter.

Subject to Plaintiff's objections, and without waiver thereof, Plaintiff represents that he and his parents are not aware of other transgender individuals participating in interscholastic athletics in Knox County.

**INTERROGATORY NO 7:**

Provide the date(s) that L.E. obtained attorney representation for this lawsuit.

**RESPONSE:** L.E. objects to this Request to the extent that it seeks information protected from disclosure by attorney-client privilege.

Subject to Plaintiff's objection, and without waiver thereof, L.E. began having confidential and attorney-client privileged communications with counsel in approximately March 2021.

**INTERROGATORY NO 8:**

Identify all LGBTQ groups, events, or activities that L.E. or L.E.'s parents participate or affiliate with or have participated or affiliated with over the past five years.

**RESPONSE:** Plaintiff objects to the terms "LGBTQ groups, events, or activities," "affiliate" and "participate" as vague, as those terms are undefined. Plaintiff therefore adopts a reasonable interpretation of those terms in his response. L.E. also objects to this Interrogatory as

overbroad, unduly burdensome, and not proportionate to the needs of the case. Additionally, Plaintiff objects that this Interrogatory is beyond the scope of and irrelevant to the matter.

Subject to these objections, and without waiver thereof, L.E. or L.E.'s parents are or have been involved with the following LGBTQ groups over the past five years: Gay-Straight Alliance (GSA); Knox Pride Rainbow Teen Social Group; and GLSEN SHINE (student leadership team).

**INTERROGATORY NO 9:**

Identify all persons, including but not limited to, teachers, coaches, school officials, press members, or advocacy organizations, who L.E. or L.E.'s parents have discussed this lawsuit or L.E.'s plan to try out or participate with the school golf team.

**RESPONSE:** L.E. objects to this Interrogatory to the extent that it seeks information protected from disclosure by attorney-client privilege. Additionally, Plaintiff objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of the case. Additionally, Plaintiff objects that this Interrogatory is beyond the scope of and irrelevant to the matter.

Subject to Plaintiff's objections, and without waiver thereof, L.E. or L.E.'s parents discussed this lawsuit or participation in the school golf team with the following people:

- Latashia Posey, Willie Posey, Josh Graham, Matt Gentry, Curtis Cooper, Robert Branson, Joey Morton, Austin Morton, Elaine Herron, Brad Herron Jr, Brad Herron Sr., Maria Herron, Dylan Herron, Marcy Wesolwski, Mary Ann Robinson, Christi Weaver, Chrissie Batts, Misty Stamm, Rachel Winstead, Stephanie Flanagan, John Camp, Karen Brunner, Diane Ward, Ashleigh Stein, Angie Wholihan, Darlene Lampman, Sarah Lyon, Karleah Schroeder, Lily Burdine, Stephanie Burdine, Tracey Randolph, Talia Cunetto, Joel Beall, Jared Austin, Julie Kliegman, A

7

Martinez, Emily Adams, Abby Kousouris, Vinay Simlot, Diane Miller, Jeff Miller, Daniel Blevins, Suzanne Strudwick, Dave Codling, John Bartlett, Abigail Blackmon, Yvonne Bremer, Christopher Marchini.

**INTERROGATORY NO 10:**

Identify all golf coach(es) who did not lend support to L.E., including but not limited to the "early golf coach" mentioned in the Golf Digest article dated April 26, 2022.

**RESPONSE:** Plaintiff objects to the term "support" as vague, as that term is undefined. Plaintiff therefore adopts a reasonable interpretation of that term in this response. Additionally, Plaintiff objects that this Interrogatory is beyond the scope of and irrelevant to the matter.

Subject to Plaintiff's objections, and without wavier thereof, the "early golf coach" referenced in the April 26, 2022 Golf Digest article is Dave Codling.

**INTERROGATORY NO 11:**

Identify all golf databases L.E. uses for score tracking or handicap tracking and all usernames, account numbers, or identification numbers assigned to L.E.

**RESPONSE:** Plaintiff objects to the terms "score tracking" and handicap" as vague, as the terms are undefined. Plaintiff therefore adopts reasonable interpretations of those terms in this response. Plaintiff also objects that this Interrogatory is beyond the scope of and irrelevant to this matter.

Subject to Plaintiff's objections, Plaintiff responds that he does not use any databases for score tracking or handicap tracking.

8

Respectfully submitted,

Dated: July 25, 2022

/s/ Stella Yarbrough
Stella Yarbrough (No. 33637)
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
Tel: (615) 320-7142
syarbrough@aclu-tn.org

/s/ Leslie Cooper
Leslie Cooper (*pro hac vice*)
L. Nowlin-Sohl (*pro hac vice*)
Taylor Brown (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lcooper@aclu.org
lnowlin-sohl@aclu.org
tbrown@aclu.org

/s/ Alan Schoenfeld
Alan Schoenfeld (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street, 45th Floor
New York, NY 10007
Tel: (212) 937-7294
alan.schoenfeld@wilmerhale.com

Matthew D. Benedetto (*pro hac vice*)
Thomas F. Costello-Vega (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Tel: (213) 443-5300
matthew.benedetto@wilmerhale.com
thomas.costello@wilmerhale.com

/s/ Tara L. Borelli
Tara L. Borelli (*pro hac vice*)
Carl S. Charles (*pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION
   FUND INC.
1 West Court Square, Suite 105
Decatur, GA 30030-2556
Tel: (404) 897-1880
Fax: (404) 506-9320
tborelli@lambdalegal.org
ccharles@lambdalegal.org

Sasha Buchert (*pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION
   FUND INC.
1776 K Street NW, 8th Floor
Washington, DC 20006-5500
Tel: (202) 804-6245
sbuchert@lambdalegal.org

Emily L. Stark (*pro hac vice*)
Samuel M. Strongin (*pro hac vice*)
Britany Riley-Swanbeck (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, DC 20006
Tel: (202) 663-6000
emily.stark@wilmerhale.com
samuel.strongin@wilmerhale.com
britany.riley-swanbeck@wilmerhale.com

***Attorneys for Plaintiff L.E., by his next friends and parents, Shelley Esquivel and Mario Esquivel***

10