# EXHIBIT 17

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

|  |  |
|---|---|
| L.E., by his next friends and parents, SHELLEY ESQUIVEL and MARIO ESQUIVEL, <br><br> *Plaintiff*, <br><br> v. <br><br> BILL LEE, in his official capacity as Governor of Tennessee, *et al.*, <br><br> *Defendants*. | Case No. 3:21-cv-00835 |

### PLAINTIFF'S RESPONSES TO DEFENDANT KNOX COUNTY BOARD OF EDUCATION'S FIRST SET OF INTERROGATORIES

Plaintiff, by and through his attorneys, and pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure and the Local Rules of this Court, responds and objects to Defendant Knox County Board of Education's ("Defendant") First Set of Interrogatories, Requests for Admissions, and Requests for Production of Documents and Things as follows:

### GENERAL RESPONSES

1. Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2. By making the accompanying responses and objections to Defendant's requests for documents and interrogatories, Plaintiff does not waive, and hereby expressly reserves, his right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency,

relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that he considers the requests and interrogatory, and responses to the requests and interrogatory, to be relevant or material to the subject matter of this action.

3. To the extent responsive documents exist, Plaintiff will produce responsive documents only to the extent that such documents are in his possession, custody, or control, as set forth in the Federal Rules of Civil Procedure. Plaintiff's possession, custody, or control does not include any constructive possession that may be conferred by Plaintiff's right or power to compel the production of documents or information from third parties.

4. A response to a document request or interrogatory stating objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents; that Plaintiff performed any of the acts described in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory; or that Plaintiff acquiesces in the characterization of the conduct or activities contained in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory.

5. Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6. Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## **GENERAL OBJECTIONS**

1.  Plaintiff objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.  Plaintiff objects to each interrogatory that is overly broad, vague, unduly burdensome, or seeks information beyond the scope of discovery and disproportionate to the needs of the case.

3.  Plaintiff objects to each interrogatory that seeks information that is in the possession of, known to, or otherwise equally available to Defendant.

4.  Plaintiff objects to each interrogatory to the extent that it seeks information and/or documents duplicative of information and/or documents already produced to Defendant in the course of this litigation or produced in response to Defendant's First Set of Requests for Admissions or First Set of Requests for Production of Documents.

5.  Plaintiff objects to each interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

6.  Plaintiff incorporates by reference every general objection set forth above into each specific interrogatory response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive his right to amend his responses.

3

## OBJECTIONS AND RESPONSES TO THE INTERROGATORIES

1. "If you do not unequivocally admit each of the previous requests for admissions, list and describe all facts and evidence upon which you base your denial, and the reasonable inquiry you performed pursuant to Fed. R. Civ. Pro. 36."

**Plaintiff's Response to Interrogatory No. 1:**

Plaintiff objects to the term "describe" as vague, as that term is undefined in Defendant's Requests. Plaintiff therefore adopts a reasonable interpretation of that term in this response. Plaintiff objects on the grounds that calling for "all facts and evidence" is overbroad and unduly burdensome. Plaintiff objects on the ground that discovery in this action is ongoing and thus new facts and evidence may be obtained at a future date. Plaintiff expressly reserves the right to supplement, amend, and correct his response.

Subject to Plaintiff's objections, Plaintiff responds as follows:

With regard to Request for Admission No. 3, Plaintiff denies Request No. 3 based on the evidence referenced in response to the Request—an email from Principal John Bartlett stating, in response to an email expressing Plaintiff's desire to play on the boys' golf team, that "we will operate and provide facilities and opportunities according to KCS practices and the applicable law."

With regard to Request for Admission No. 4, Plaintiff refers Defendant to Tenn. Code Ann. § 49-6-310.

With regard to Request for Admission No. 5, Plaintiff denies knowledge to be able to admit or deny.

4

2. "Identify your 2021 Handicap Index and Course Handicap as well as your current Handicap Index and Course Handicap."

**Plaintiff's Response to Interrogatory No. 2:**

Plaintiff objects to the terms "Handicap Index" and "Course Handicap" as vague and overbroad, as those terms are undefined in Defendant's Requests. Plaintiff therefore adopts reasonable interpretations of those terms in this response. Plaintiff also objects that this interrogatory is beyond the scope of and irrelevant to this matter, and unduly burdensome. Subject to Plaintiff's objections, Plaintiff responds that he has not calculated and does not have a Handicap Index or Course Handicap for 2021 or 2022.

3. "Identify the date and location of the last ten (10) rounds of golf that you have played and your score for each round."

**Plaintiff's Response to Interrogatory No. 3:**

Plaintiff objects to the term "rounds of golf" as vague, as that term is undefined in Defendant's Requests. Plaintiff therefore adopts a reasonable interpretation of that term in this response to mean the activity of playing 18 holes of golf. Plaintiff also objects that this interrogatory is beyond the scope of and irrelevant to this matter, and unduly burdensome.

Subject to Plaintiff's objections, the following are the ten most recent "rounds of golf" that Plaintiff has played:

- May 7, 2022, at Knoxville Municipal Golf Course. Plaintiff did not track or record the score.
- November 13, 2021, at Knoxville Municipal Golf Course. Plaintiff did not track or record the score.
- September 23, 2021, at Centennial Golf Course. Plaintiff did not track or record the score.
- July 31, 2021, at Williams Creek Golf Course. Plaintiff did not track or record the score.

5

- July 13, 2021, at Centennial Golf Course. Plaintiff did not track or record the score.

4. "Identify the date and location of each golf round that you played in 2021 and your score for each round."

**Plaintiff's Response to Interrogatory No. 4:**

Plaintiff objects to the term "golf round" as vague, as that term is undefined in Defendant's Requests. Plaintiff therefore adopts a reasonable interpretation of that term in this response to mean the activity of playing 18 holes of golf. Plaintiff also objects that this interrogatory is beyond the scope of and irrelevant to this matter, and unduly burdensome.

Subject to Plaintiff's objections, see the above response to Interrogatory No. 3.

5. "Identify the tee box that you played from in 2021."

**Plaintiff's Response to Interrogatory No. 5:**

Plaintiff objects to the term "tee box" as vague, as that term is undefined in Defendant's Requests. Plaintiff therefore adopts a reasonable interpretation of the term in this response. Plaintiff objects to the entire interrogatory as vague and overbroad, as Plaintiff's understanding of the term "tee box" is the area where a game of golf begins. The interrogatory, as constructed, requests identification of a singular "tee box" and as Plaintiff participated in numerous golf sessions in the year 2021, it is unclear to Plaintiff which golf session and tee box the interrogatory is seeking identification of. Plaintiff also objects that this interrogatory is beyond the scope of and irrelevant to this matter.

Subject to Plaintiff's objections, Plaintiff played from the white tee box and, when playing with his middle school team, from the brown tee box, per league rules.

6

6. "Identify any golf tournaments that you have competed in during the last four (4) years including the date, course location, score, and position that you finished in."

**Plaintiff's Response to Interrogatory No. 6:**

Plaintiff objects to the term "golf tournament" as vague, as that term is undefined in Defendant's Requests. Plaintiff therefore adopts a reasonable interpretation of that term in this response. Plaintiff objects to the entire interrogatory as vague and overbroad. Plaintiff also objects that this interrogatory is beyond the scope of and irrelevant to this matter.

Subject to Plaintiff's objections, Plaintiff responds as follows

- March 28, 2020, jamboree at Beverly Park with the Farragut Middle School team. Scoring was done as a team only and Plaintiff does not recall the team's score or placement.
- March 7, 2020, jamboree at Beverly Park with the Farragut Middle School team. Scoring. Scoring was done as a team only and Plaintiff does not recall the team's score or placement.

7. "Identify all golf instruction that you have received, including but not limited to, private lessons and golf camps that you have attended. For each such instruction, identify the date, location, and instructor."

**Plaintiff's Response to Interrogatory No. 7:**

Plaintiff objects to the term "golf instruction" as vague, as the term is undefined in Defendant's Requests. Plaintiff therefore adopts a reasonable interpretation of the term for this response. Plaintiff objects to the entire interrogatory as overbroad, vague, and unduly burdensome in requesting identification of "all golf instruction." Plaintiff also objects that this interrogatory is beyond the scope of and irrelevant to this matter.

Subject to Plaintiff's objections, Plaintiff responds that he received weekly group instruction with GolfAcademyOne from Susanne Strudwick from July 2018 through September 2020, and weekly private instruction from October 2020 through July 2021. Plaintiff participated

7

in the First Tee of Knoxville golf camp on a weekly basis from September 4, 2019, through October 23, 2019.

Plaintiff had individual lessons with Allie Knight at Fairways and Greens on November 15, 2021, December 2, 2021, January 2, 2022, and January 9, 2022. Plaintiff had individual lessons with Byron Williams at Fairways and Greens on May 27, 2022, June 3, 2022, June 10, 2022, and July 1, 2022.

8. "Identify all persons from whom you or your representative(s) have taken formal or informal statements, oral or written, or recordings on this case, including the name, address, and telephone number of each such person and the date(s) on which the statements or recordings were made or taken and attach a copy of each such statement."

**Plaintiff's Response to Interrogatory No. 8:**

Plaintiff objects to the terms "persons", "representative(s)", "statement(s)", and "recording(s)" as vague, as those terms are undefined in Defendant's Requests. Plaintiff therefore adopts reasonable interpretations of those terms in this response. Plaintiff objects to the entire interrogatory as overbroad, vague, and unduly burdensome. Plaintiff objects to the entire interrogatory to the extent it seeks information and/or documents protected from disclosure by the attorney-client privilege or attorney work product doctrine.

Subject to Plaintiff's objections, Plaintiff received a declaration from the Tennessee Secondary School Athletic Association (TSSAA), signed by former TSSAA Executive Director Bernard Childress on April 14, 2022. Mr. Childress retired on June 30, 2022, and TSSAA has provided a replacement declaration signed by the new Executive Director, Mark Reeves, on July 13, 2022. The declarations are substantively the same except for the personal information in paragraph 1. Mr. Reeves may be contacted through TSSAA's attorney, Rick Colbert with Kay

Griffin, PLLC, at 615-742-4800 or rcolbert@kaygriffin.com. Copies of both statements are included in the accompany production of documents.

9. "Identify all persons known to you who have knowledge of the facts supporting the claims that you assert in this case, including the last known address and telephone number of each such person. Please describe each of the facts of which you believe each such person has knowledge."

**Plaintiff's Response to Interrogatory No. 9:**

Plaintiff objects to the entire interrogatory as overbroad to the extent it requests Plaintiff to "identify all persons" and seeks information and/or documents outside of the scope of discovery and disproportionate to the needs of the case. Plaintiff objects to the entire interrogatory to the extent it calls for information and/or documents previously produced to Defendant in the course of this litigation, including but not limited to, the Complaint (ECF. No. 1), Plaintiff's expert disclosures, and Plaintiff's initial disclosures. Plaintiff objects on the grounds that discovery is this action is ongoing and thus new facts and evidence may be obtained at a future date. Plaintiff expressly reserves the right to supplement, amend, and correct his response.

Subject to those objections, Plaintiff has already produced the requested information in his Initial Disclosures to Defendant.

10. "Please identify and provide the address and telephone number for any person whom you expect to call as an expert witness at trial, and for any such person, state the field of expertise of such expert, as well as educational and work experience; the subject matter on which the expert is expected to testify; the substance of the facts and opinions held by such expert; a summary of the grounds of each opinion held by such expert; and a description and date of each written report prepared by each expert, including its present location."

**Plaintiff's Response to Interrogatory No. 10:**

Plaintiff objects on the grounds that the interrogatory calls for information and/or documents previously produced to Defendant on April 15, 2022, in Plaintiff's Expert Witness

9

Disclosures and on July 5, 2022, in Plaintiff's Rebuttal Expert Witness Disclosures. Plaintiff objects to the entire interrogatory to the extent it seeks information and/or documents protected from disclosure by the attorney work product doctrine. Plaintiff objects to the extent the interrogatory seeks information and/or documents equally available and accessible to Defendant via online sources.

Subject to Plaintiff's objections, Plaintiff refers Defendants to his previously provided Expert Witness Disclosures and Rebuttal Expert Witness Disclosures.


11. "Identify all documents you consulted or utilized to assist you in answering these interrogatories and attach a copy of each such document."

**Plaintiff's Response to Interrogatory No. 11:**

Plaintiff objects to the term "document(s)" as vague, as those terms are undefined in Defendant's Requests. Plaintiff therefore adopts reasonable interpretations of those terms in this response. Plaintiff objects to the entire interrogatory to the extent it seeks documents protected from disclosure by the attorney work product doctrine.

Subject to Plaintiff's objections, Plaintiff identifies and attaches to these Interrogatory Responses the email with Principal Bartlett, tee time reservation confirmation emails, Plaintiff's 2020 middle school golf team calendar, and the TSSAA declarations. Plaintiff further refers Defendant to his responses to Defendant's Requests for Production.


12. "Please describe, in full and complete detail, all injuries, ailments or pains, whether physical, emotional, or mental, you claim to have suffered as alleged in your Complaint, stating the parts of your body or mind so effected, the severity of each such injury, ailment or pain, and how long each lasted."

**Plaintiff's Response to Interrogatory No. 12:**

10

Plaintiff objects to the entire interrogatory on the grounds it is vague, overbroad, unduly burdensome, and seeks information and/or documents outside of the scope of discovery and disproportionate to the needs of the case. Plaintiff objects to the extent the information sought is duplicative of information and/or documents previously produced to and/or equally accessible to Defendants.

Subject to Plaintiff's objections, the harms to Plaintiff resulting from Defendants' actions include being denied the opportunity to participate in the boys' golf team and all of the benefits that come with such participation, and being subjected to stigma of discrimination because he is transgender.

13. "Please describe in detail each and every item of evidence known to you that you contend supports your all0egations that the Knox County Board of Education or any of its employees violated your rights under any federal or state law as set out in this action. Attach copies of all records, documents, memoranda, or other tangible items that you contend support said allegations."

**Plaintiff's Response to Interrogatory No. 13:**

Plaintiff objects to the entire interrogatory on the grounds it is overbroad, unduly burdensome, and seeks information and/or documents beyond the scope of discovery and disproportionate to the needs of the case to the extent it calls for Plaintiff to "describe in detail each and every item of evidence." Plaintiff objects to the extent the information sought is duplicative of information and/or documents previously produced to and/or equally accessible to Defendants. Plaintiff objects on the ground that discovery in this action is ongoing and thus new facts and evidence may be obtained at a future date. Plaintiff expressly reserves the right to supplement, amend, and correct his response.

11

Subject to Plaintiff's objections, Plaintiff states that Principal John Bartlett stated in an email, in response to an email expressing Plaintiff's desire to play on the boys' golf team, that "we will operate and provide facilities and opportunities according to KCS practices and the applicable law." Plaintiff also refers Defendants to S.B. 228 and the Knox County Board of Education policy on Interscholastic Athletics, both of which are equally available to Defendants.

14. "Describe in detail each and every element of damages you claim to have sustained from the alleged actions of the Knox County Board of Education or any of its employees. For each element of damage, provide any documentation or other tangible evidence you intend to offer in support of your claim for damages."

**Plaintiff's Response to Interrogatory No. 14:**

Plaintiff is not seeking monetary damages.

15. "For each instance identified in your Complaint in which you allege that you were discriminated against by the Defendants on the basis of sex, gender, or transgender status, please state each and every basis for such contention, and state all evidence for such contention which you intend to produce or rely upon at trial."

**Plaintiff's Response to Interrogatory No. 15:**

Plaintiff objects to the entire interrogatory on the grounds it is overbroad, unduly burdensome, and seeks information and/or documents beyond the scope of discovery and disproportionate to the needs of the case to the extent it calls for Plaintiff to "state each and every basis" and "state all evidence...you intend to produce or rely on at trial." Plaintiff objects to the extent the information sought is duplicative of information and/or documents previously produced to and/or equally accessible to Defendants. Plaintiff objects on the grounds that discovery in this action is ongoing and thus new facts and evidence may be obtained at a future date. Plaintiff expressly reserves the right to supplement, amend, and correct his response.

12

Subject to Plaintiff's objections, Plaintiff states that he was discriminated against by Defendants by being denied the opportunity to participate in the boys' golf team.

Respectfully submitted,

Dated: July 13, 2022

/s/ Stella Yarbrough
Stella Yarbrough (No. 33637)
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
Tel: (615) 320-7142
syarbrough@aclu-tn.org

/s/ Leslie Cooper
Leslie Cooper (*pro hac vice*)
L. Nowlin-Sohl (*pro hac vice*)
Taylor Brown (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lcooper@aclu.org
lnowlin-sohl@aclu.org
tbrown@aclu.org

/s/ Alan Schoenfeld
Alan Schoenfeld (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street, 45th Floor
New York, NY 10007
Tel: (212) 937-7294
alan.schoenfeld@wilmerhale.com

Matthew D. Benedetto (*pro hac vice*)
Thomas F. Costello-Vega (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Tel: (213) 443-5300
matthew.benedetto@wilmerhale.com
thomas.costello@wilmerhale.com

/s/ Tara L. Borelli
Tara L. Borelli (*pro hac vice*)
Carl S. Charles (*pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION
    FUND INC.
1 West Court Square, Suite 105
Decatur, GA 30030-2556
Tel: (404) 897-1880
Fax: (404) 506-9320
tborelli@lambdalegal.org
ccharles@lambdalegal.org

Emily L. Stark (*pro hac vice*)
Samuel M. Strongin (*pro hac vice*)
Britany Riley-Swanbeck (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, DC 20006
Tel: (202) 663-6000

Sasha Buchert (*pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION
    FUND INC.

13

1776 K Street NW, 8th Floor
Washington, DC 20006-5500
Tel: (202) 804-6245
sbuchert@lambdalegal.org

emily.stark@wilmerhale.com
samuel.strongin@wilmerhale.com
britany.riley-swanbeck@wilmerhale.com

***Attorneys for Plaintiff L.E., by his next
friends and parents, Shelley Esquivel and
Mario Esquivel***

# ATTACHMENTS

# ATTACHMENT 1

| | |
|---|---|
| **From:** | Sasha Buchert |
| **Sent:** | Monday, July 11, 2022 5:34 PM EDT |
| **To:** | Strongin, Samuel M. |
| **CC:** | Lnowlin-sohl@aclu.org |
| **Subject:** | FW: Luc Esquivel, incoming 9th grader |

**EXTERNAL SENDER**

Here you go.

**From:** Shelley Esquivel <shelleyesquivel@gmail.com>
**Sent:** Monday, July 11, 2022 5:33 PM
**To:** Sasha Buchert <SBuchert@lambdalegal.org>
**Subject:** Fwd: Luc Esquivel, incoming 9th grader


---------- Forwarded message ---------
From: **Shelley Esquivel** <shelleyesquivel@gmail.com>
Date: Fri, Mar 5, 2021, 10:23 AM
Subject: Re: Luc Esquivel, incoming 9th grader
To: JOHN BARTLETT <john.bartlett@knoxschools.org>


Thank you for the response. As far as I can tell, KCS has no published policies or guidelines. Thus my concerns....

On Thu, Mar 4, 2021, 7:08 PM JOHN BARTLETT <john.bartlett@knoxschools.org> wrote:

> Thank you for reaching out to me.  I look forward to meeting Luc.  Please know we will operate and provide facilities and opportunities according to KCS practices and the applicable law.


John C. Bartlett, EdD
"It's About the Students"

Principal
Farragut High School
11237 Kingston Pike
Knoxville, TN 37934
865-966-9775
865-671-7120 (Fax)

Currently Reading:  *Change Your World*  by John Maxwell and Rob Hoskins

**From:** Shelley Esquivel <shelleyesquivel@gmail.com>
**Date:** Thursday, March 4, 2021 at 1:05 PM
**To:** John Bartlett <john.bartlett@knoxschools.org>
**Subject:** Luc Esquivel, incoming 9th grader

> **CAUTION:** External Email. This message originated from outside of the KCS e-mail system.

Good afternoon, Dr. Bartlett-

My name is Shelley Esquivel. I have 2 children, Luc and Cora, who will be entering your school next year. I have heard wonderful things about your leadership, particularly the steps you've taken to create a more accepting, positive culture for students. My educational background is in development psychology, so I know how very important this is. THANK YOU.

I'm writing because I want to let you know that Luc(y) is transgender. He has socially transitioned this school year although, of course, his transition has really been a much longer process. Our family and medical providers are 100% supportive of him. He is a hard-working, thoughtful, and overall wonderful kid who just wants to be able to be himself.

I'm writing to let you know that despite FMS's desire for him to use a gender neutral bathroom, we have given him permission to use the boys' facilities moving forward. Right now, Luc plays for the FMS girls' golf team, but next year, he would like to try out for the boys' team. I understand that our state's legislation is currently trying to prevent this, but as it stands now, there is federal precedent for this right.

At this point, I just wanted to introduce Luc before he comes to your school, and frankly, to gauge the extent to which he will be accepted at FHS. As I'm sure you will understand, I will do whatever it takes to advocate for either of my children.

Sincerely,
Shelley


Shelley Esquivel, PhD (she/her)

# ATTACHMENT 2


## Reservation Confirmation - Knoxville Municipal Golf Course
1 message

**GolfNow** <Do-Not-Reply@email.golffacility.com>                              Fri, May 6, 2022 at 7:17 PM
To: mariosqvel@gmail.com



Hi Mario Esquivel, here are your tee time reservation details:

### TEE TIME DETAILS

| | |
|---|---|
| Group Name: | Mario Esquivel - 8659516441 |
| Confirmation #: | 360613375 |
| Golf Course Confirmation #: | Esquivel|70163 |
| Date: | Saturday, May 7, 2022 |
| Tee Time: | 1:00 PM |
| Rate Type: | Online Rate |
| Golf Course: | Knoxville Municipal Golf Course |
| Golf Course Address: | 3925 Schaad Road, Knoxville, TN 37921 (Map it ) |
| Number of Holes: | 18 |
| Number of Players: | 2 |

Tee Time Notes: This Tee Time is offered by GolfNow.com and not the golf course. This special rate is valid only for this tee time and will not be honored at any other time of day. 100% due online at time of reservation. Thank you for choosing GolfNow for your tee time.

### PAYMENT DETAILS

Total Green Fees $27.98 ($13.99/player)

TNLE0000019

| | |
|---|---|
| Convenience Fee: | $6.98 |
| Taxes: | $3.23 |
| Grand Total: | $38.19 |
| Paid Online: | $38.19 |
| Due at Course: | $0.00 |

*To modify your reservation, please follow this link to your GolfNow account reservations page.*

Knoxville Municipal Golf Course looks forward to seeing you on Saturday, May 7, 2022! Here are a few things to remember for your upcoming round...

**Tee Time Policy**

This Tee Time is offered by GolfNow and not the golf course. Call 1-800-767-3574 or email us at customerservice@golfnowsolutions.com for assistance. 100% due online to GolfNow.

These tee times are non-refundable and non-cancelable unless the course is closed due to weather. If you or a member of your party becomes unable to play, you will still be charged for each round of golf you purchased.

We ask that our customers adhere to golf course dress code - No denim allowed - Collared shirt is required - Soft spikes only. Players & guests are required to follow all course policies and procedures as outlined by the staff.

  

**Privacy Policy** | **Contact Us**
7580 Golf Channel Dr, Orlando, FL 32819

📄 **tee_time_reservation.ics**
1K

TNLE0000020

# ATTACHMENT 3


## Reservation CONFIRMED
1 message

**Knoxville Municipal Golf Course** <course@golffacility.com>
Reply-To: noreply@golffacility.com
To: Mario Esquivel <mariosqvel@gmail.com>

Sat, Nov 13, 2021 at 1:57 PM



Mario Esquivel,

Thank you for your reservation at Knoxville Municipal Golf Course , here are your tee time reservation details.

*Download the Knoxville Municipal Golf* **App** *for quick tee times, exclusive app-only discounts & more!*

### Reservation Details

| | |
|---|---|
| Course Name: | Knoxville Municipal Golf Course |
| Date: | Saturday, November 13, 2021 |
| Time: | 2:00 pm |
| Number of Players: | 2 |

### Payment Details

$20.24    Green Fees

*Download the Knoxville Municipal Golf* **App** *for quick tee times, exclusive app-only discounts & more!*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

As a part of the World's Largest Golf Outing Community we are proud to support to Fisher House Foundation by donating through World's Largest Golf Outing!  Your contribution can make an enormous impact while keeping military families together throughout the year.

Click the link below to donate. Did you know that $10 covers one night at a Fisher House, allowing families and loved ones of injured service members to stay together during a difficult time in their live?
https://www.worldslargestgolfouting.com/donate

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**CANCELLATIONS:**

If you wish to cancel your reservation, Knoxville Municipal Golf Course requires that you do so at least 24 hours before the start of your round. Reservations canceled within this window are subject to being charged the full price for all rounds booked at the discretion of the course. If you or a member of your party becomes unable to play, you will still be charged for each round of golf you purchased. Not showing for this tee time will result in a charge to your credit card for the entire amount due at the course.

**Knoxville Municipal Golf Course**
3925 Schaad Road, Knoxville, TN 37921 US
(865) 691-7143

TM and copyright © 2021 GOLFNOW
NEW! Privacy Policy

TNLE0000022

# ATTACHMENT 4


## Reservation CONFIRMED

1 message

**Williams Creek Golf Course** <course@golffacility.com>    Sat, Jul 31, 2021 at 11:25 AM
Reply-To: noreply@golffacility.com
To: Mario Esquivel <mariosqvel@gmail.com>



Mario Esquivel,

Thank you for your reservation at Williams Creek Golf Course , here are your tee time reservation details.

### Reservation Details

| | |
|---|---|
| Confirmation Number: | 351474898 |
| Course Name: | Williams Creek Golf Course |
| Date: | Saturday, July 31, 2021 |
| Time: | 2:30 pm |
| Number of Players: | 2 |
| Confirmation Page: | https://links.teeitup.com/be/wS7K |

### Payment Details

| | |
|---|---|
| $42.00 | Green Fees |
| $4.98 | Online Fees |
| $0.46 | Sales Tax |

| | |
|---|---|
| ($7.54) | Paid Online |
| $39.90 | Due at Course |

For 2 player(s), the amount due per player at the golf course is $19.95.

Fees will appear on your credit card statement as "GOLFNOW TEETIMES"

Rate includes golf, cart, small bucket of range balls and tax. Cancellation policy is a phone call to the course (865-546-5828) before 24 hours of the tee time. Golfers should arrive 20-30 minutes before the tee time. Golf course reserves the right to pair golfrs based upon availability.

### Terms & Conditions

1. Please take a copy of your reservation either on your phone, or on paper in the unlikely event the course does not have a copy. 2. All tee times are refundable and cancelable for any

reason. Please give a 24 hour notice. 3. In the event that you need to cancel less than 24 hours in advance contact the golf course directly AND email or call us using the customer service phone numbers listed at the bottom of this cancelation policy. 4. Convenience fee's ($1.99 per player) are not refundable and will remain as a charge on the credit card. If you need to cancel or change your tee time, this can be done online by going to the customer service tab on the Golfnow.com homepage of the area in which you are booking a tee time. 5. NO SHOWS. Unless it is an emergency a NO SHOW can result in your credit card being charged for the tee time. Golf courses consider this very serious. 6. If you need to cancel or change your tee time, this can be done online by going to the customer service tab on the Golfnow.com homepage of the area in which you are booking a tee time.

Sincerely,

**Williams Creek Golf Course**
2351 Dandridge Ave, Knoxville, TN 37915 US
(865) 546-5828

TM and copyright © 2021 GOLFNOW
NEW! Privacy Policy

TNLE0000024

# ATTACHMENT 5

# January 2020

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
|-----|-----|-----|-----|-----|-----|-----|
|     |     |     | 1   | 2   | 3   | 4   |
| 5   | 6   | 7   | 8   | 9   | 10  | 11  |
| 12  | 13  | 14  | 15  | 16  | 17  | 18  |
| 19  | 20  | 21  | 22  | 23  | 24  | 25  |
| 26  | 27  | 28  | 29  | 30  | 31  |     |

print-a-calendar.com

Case 3:21-cv-00835   Document 53-17   Filed 10/07/22   Page 30 of 51 PageID #: 1047

TNLE0000025

# February 2020

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
|-----|-----|-----|-----|-----|-----|-----|
| | | | | | | 1 |
| 2 | 3 | 4<br>Practice<br>4:30-6:00 | 5 | 6<br>Practice<br>4:30-6:00 | 7 | 8 |
| 9 | 10 | 11<br>Practice<br>4:30-6:00 | 12 | 13<br>Practice<br>4:30-6:00 | 14 | 15 |
| 16 | 17<br>Jamboree<br>10:00 am<br>$25 | 18<br>Practice<br>4:30-6:00 | 19 | 20<br>Practice<br>4:30-6:00 | 21 | 22 |
| 23 | 24 | 25<br>Practice<br>4:30-6:00 | 26 | 27<br>Practice<br>4:30-6:00 | 28 | 29 |

print-a-calendar.com

Case 3:21-cv-00835    Document 53-17    Filed 10/07/22    Page 31 of 51 PageID #: 1048

TNLE0000026

# March 2020

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7<br>Girls Jamboree<br>At<br>Beverly Park<br>11:15 |
| 8 | 9 | 10<br>Bearden<br>At<br>Concord Park | 11 | 12<br>Practice<br>4:30-6:00 | 13 | 14 |
| 15 | 16 | 17<br>Practice<br>4:30-6:00 | 18 | 19<br>Hardin Valley<br>At<br>Fox Den | 20 | 21 |
| 22 | 23<br>Halls<br>At<br>Beaver Brook | 24<br>Practice<br>4:30-6:00 | 25 | 26<br>Bearden<br>at Fox Den | 27 | 28<br>Girls Jamboree<br>At<br>Beverly Park<br>11:15 |
| 29 | 30 | 31<br>Practice<br>4:30-6:00 | | | | |

print-a-calendar.com

TNLE0000027

# April 2020

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
|-----|-----|-----|-----|-----|-----|-----|
| | | | 1 | 2<br>CAK<br>at Fox Den | 3 | 4 |
| 5 | 6 | 7<br>Bearden<br>at Egwani | 8 | 9<br>Halls<br>At<br>Fox Den | 10 | 11 |
| 12 | 13 | 14<br>Practice<br>4:30-6:00 | 15 | 16<br>CAK<br>at Tn. National | 17 | 18<br>Nashville |
| 19 | 20 | 21<br>Practice<br>4:30-6:00 | 22 | 23<br>W. Valley<br>at Gettysvue | 24 | 25 |
| 26 | 27 | 28<br>Practice<br>4:30-6:00 | 29 | 30<br>W. Valley<br>at Fox Den | | |

# May 2020

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
|-----|-----|-----|-----|-----|-----|-----|
|     |     |     |     |     | 1 | 2 |
| 3 | 4<br>District<br>At<br>Egwani<br>10:00 A.M. | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |
| 31 |     |     |     |     |     |     |

Case 3:21-cv-00835    Document 53-17    Filed 10/07/22    Page 34 of 51 PageID #: 1051

TNLE0000029

# June 2020

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
|-----|-----|-----|-----|-----|-----|-----|
|     |     | 1   | 2   | 3   | 4   | 5   | 6 |
| 7   | 8   | 9   | 10  | 11  | 12  | 13  |
| 14  | 15  | 16  | 17  | 18  | 19  | 20  |
| 21  | 22  | 23  | 24  | 25  | 26  | 27  |
| 28  | 29  | 30  |     |     |     |     |

print-a-calendar.com

TNLE0000030

# July 2020

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
|-----|-----|-----|-----|-----|-----|-----|
|     |     |     | 1   | 2   | 3   | 4   |
| 5   | 6   | 7   | 8   | 9   | 10  | 11  |
| 12  | 13  | 14  | 15  | 16  | 17  | 18  |
| 19  | 20  | 21  | 22  | 23  | 24  | 25  |
| 26  | 27  | 28  | 29  | 30  | 31  |     |

print-a-calendar.com

TNLE0000031

# August 2020

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
|-----|-----|-----|-----|-----|-----|-----|
|     |     |     |     |     |     | 1   |
| 2   | 3   | 4   | 5   | 6   | 7   | 8   |
| 9   | 10  | 11  | 12  | 13  | 14  | 15  |
| 16  | 17  | 18  | 19  | 20  | 21  | 22  |
| 23  | 24  | 25  | 26  | 27  | 28  | 29  |
| 30  | 31  |     |     |     |     |     |

Case 3:21-cv-00835   Document 53-17   Filed 10/07/22   Page 37 of 51 PageID #: 1054

TNLE0000032

# September 2020

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
|-----|-----|-----|-----|-----|-----|-----|
|     |     | 1   | 2   | 3   | 4   | 5   |
| 6   | 7   | 8   | 9   | 10  | 11  | 12  |
| 13  | 14  | 15  | 16  | 17  | 18  | 19  |
| 20  | 21  | 22  | 23  | 24  | 25  | 26  |
| 27  | 28  | 29  | 30  |     |     |     |

print-a-calendar.com

TNLE0000033

# October 2020

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
|-----|-----|-----|-----|-----|-----|-----|
|     |     |     |     | 1   | 2   | 3   |
| 4   | 5   | 6   | 7   | 8   | 9   | 10  |
| 11  | 12  | 13  | 14  | 15  | 16  | 17  |
| 18  | 19  | 20  | 21  | 22  | 23  | 24  |
| 25  | 26  | 27  | 28  | 29  | 30  | 31  |

print-a-calendar.com

TNLE0000034

# November 2020

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
|-----|-----|-----|-----|-----|-----|-----|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | | | | | |

print-a-calendar.com

TNLE0000035

# December 2020

| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
|-----|-----|-----|-----|-----|-----|-----|
|     |     | 1   | 2   | 3   | 4   | 5   |
| 6   | 7   | 8   | 9   | 10  | 11  | 12  |
| 13  | 14  | 15  | 16  | 17  | 18  | 19  |
| 20  | 21  | 22  | 23  | 24  | 25  | 26  |
| 27  | 28  | 29  | 30  | 31  |     |     |

print-a-calendar.com

TNLE0000036

# ATTACHMENT 6

TNLE0000037

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| L.E., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:21-cv-00835 |
| | ) | |
| BILL LEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## DECLARATION OF BERNARD CHILDRESS

The declarant Bernard Childress states:

1.     I am the Executive Director of the Tennessee Secondary School Athletic Association (TSSAA) and have served as Executive Director of the TSSAA since May 2009. Prior to that, I served for fourteen years as an assistant executive director for the TSSAA. Before joining the TSSAA staff as an assistant executive director, I was an educator in the Maury County, Tennessee, school system.

2.     TSSAA's membership includes approximately 470 high schools and more than 400 middle schools spread across the state. TSSAA has a staff of eighteen full-time employees and one part-time employee, all of whom work from TSSAA's office in Hermitage, Tennessee. Approximately half of TSSAA's staff members are clerical employees.

3.     TSSAA is a voluntary association of member schools that began in 1925 and was incorporated as a not-for-profit corporation in 1967. TSSAA is governed by its Constitution and Bylaws. The TSSAA Constitution and Bylaws are available on TSSAA's website at https://cms-files.tssaa.org/documents/tssaa/2021-22/handbook/2021-22TSSAABylaws.pdf.

1

4.     TSSAA is governed by two governing bodies, each of which consists of twelve (12) members elected by the member schools. The Legislative Council is responsible for writing and amending the Bylaws of the Association. The Board of Control is responsible for administering those Bylaws. The Executive Director is employed by the Board of Control and is responsible for the day-to-day administration of the organization.

5.     The Tennessee Middle School Athletic Association (TMSAA) is an unincorporated affiliate of TSSAA. The TMSAA does not have separate governing authorities from TSSAA. The TMSAA is governed by the TSSAA Legislative Council and Board of Control, and the TSSAA Executive Director is responsible for the day-to-day administration of the TMSAA. The TMSAA Constitution and Bylaws are available on TSSAA's website at https://cms-files.tssaa.org/documents/tssaa/2021-22/handbook/2021-22TMSAABylaws.pdf.

6.     TSSAA has routinely allowed girls to participate in boys' sports as long as they played by the same rules (e.g., girls playing on the boys' golf team must play from the same tees from which the boys play). Consequently, the participation of transgender boys in interscholastic athletics would have posed no issue for TSSAA in the absence of state law prohibiting such participation.

7.     TSSAA does not have any information regarding any instance where a transgender girl has sought to participate in girls' interscholastic sports at a Tennessee middle school or high school. Several years ago TSSAA developed a Transgender Policy ( Exhibit A to the Complaint) in order to deal with such participation should the issue arise; but TSSAA has not been presented with an eligibility issue that called for the use of that Policy.

8.     TSSAA had no expenditures in relation to S.B. 228. TSSAA had no involvement in the passage of that Act and took no position relative to it. TSSAA does not receive funding

2

TNLE0000038

from advocacy organizations. Other than a small sponsorship agreement with the Tennessee Highway Safety Office, TSSAA does not receive any State funds.

9.     TSSAA has no documents responsive to the subpoenas served on TSSAA and TMSAA other than the TSSAA and TMSAA Constitution and Bylaws and the Transgender Policy referenced above.

I declare under penalty of perjury that the foregoing statements are true.

Dated this _____ day of April, 2022.

Bernard Childress

3

TNLE0000039

# ATTACHMENT 7

| From: | Rick Colbert |
|---|---|
| Sent: | Monday, May 2, 2022 5:05 PM EDT |
| To: | syarbrough@aclu-tn.org |
| CC: | Strongin, Samuel M.; Lnowlin-sohl@aclu.org; SBuchert@lambdalegal.org |
| Subject: | Declaration of Bernard Childress |

**EXTERNAL SENDER**

Stella:

Bernard Childress signed his declaration on April 14, 2022. Please let me know if you need anything else.



**Richard L. Colbert**
Partner
**K a y | G r i f f i n** P L L C
222 Second Avenue North, Suite 340M, Nashville, TN 37201
Phone 615.742.4800  Fax 615.742.4801
Email rcolbert@kaygriffin.com
Web www.kaygriffin.com

# ATTACHMENT 8

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

L.E.,                          )
                               )
    Plaintiff,            )
                               )
v.                             )    Civil Action No. 3:21-cv-00835
                               )
BILL LEE, et al.,              )
                               )
    Defendants.           )
                               )
                               )
                               )

## DECLARATION OF MARK REEVES

The declarant Mark Reeves states:

1.    I am the Executive Director of the Tennessee Secondary School Athletic Association (TSSAA) and have served as Executive Director of the TSSAA since July 1, 2022. Prior to that, I served for fourteen years as an assistant executive director for the TSSAA. Before joining the TSSAA staff as an assistant executive director, I was an educator in the Robertson County, Tennessee, school system.

2.    TSSAA's membership includes approximately 470 high schools and more than 400 middle schools spread across the state. TSSAA has a staff of eighteen full-time employees and one part-time employee, all of whom work from TSSAA's office in Hermitage, Tennessee. Approximately half of TSSAA's staff members are clerical employees.

3.    TSSAA is a voluntary association of member schools that began in 1925 and was incorporated as a not-for-profit corporation in 1967. TSSAA is governed by its Constitution and Bylaws. The TSSAA Constitution and Bylaws are available on TSSAA's website at https://cms-files.tssaa.org/documents/tssaa/2021-22/handbook/2021-22TSSAABylaws.pdf.

1

4.     TSSAA is governed by two governing bodies, each of which consists of twelve (12) members elected by the member schools. The Legislative Council is responsible for writing and amending the Bylaws of the Association. The Board of Control is responsible for administering those Bylaws. The Executive Director is employed by the Board of Control and is responsible for the day-to-day administration of the organization.

5.     The Tennessee Middle School Athletic Association (TMSAA) is an unincorporated affiliate of TSSAA. The TMSAA does not have separate governing authorities from TSSAA. The TMSAA is governed by the TSSAA Legislative Council and Board of Control, and the TSSAA Executive Director is responsible for the day-to-day administration of the TMSAA. The TMSAA Constitution and Bylaws are available on TSSAA's website at https://cms-files.tssaa.org/documents/tssaa/2021-22/handbook/2021-22TMSAABylaws.pdf.

6.     TSSAA has routinely allowed girls to participate in boys' sports as long as they played by the same rules (e.g., girls playing on the boys' golf team must play from the same tees from which the boys play). Consequently, the participation of transgender boys in interscholastic athletics would have posed no issue for TSSAA in the absence of state law prohibiting such participation.

7.     TSSAA does not have any information regarding any instance where a transgender girl has sought eligibility to participate in girls' interscholastic sports at a Tennessee middle school or high school. Several years ago TSSAA developed a Transgender Policy (Exhibit A to the Complaint) in order to deal with such participation should the issue arise; but TSSAA has not been presented with an eligibility issue that called for the use of that Policy.

8.     TSSAA had no expenditures in relation to S.B. 228. TSSAA had no involvement in the passage of that Act and took no position relative to it. TSSAA does not receive funding

2

from advocacy organizations. Other than a small sponsorship agreement with the Tennessee Highway Safety Office, TSSAA does not receive any State funds.

9.    TSSAA has no documents responsive to the subpoenas served on TSSAA and TMSAA other than the TSSAA and TMSAA Constitution and Bylaws and the Transgender Policy referenced above.

I declare under penalty of perjury that the foregoing statements are true.

Dated this 13th day of July, 2022.

_____
Mark Reeves