# EXHIBIT 27



### State of Tennessee

### PUBLIC CHAPTER NO. 452

#### HOUSE BILL NO. 1233

**By Representatives Zachary, Lamberth, Faison, Gant, Howell, Sherrell, Grills, Moon, Carringer, Cochran, Ragan, Cepicky, Doggett, Weaver, Sparks, Jerry Sexton, Crawford, Powers, Smith, Todd, Carr, Lynn, Hurt**

**Substituted for: Senate Bill No. 1367**

**By Senators Bell, Rose**

AN ACT to amend Tennessee Code Annotated, Title 49, relative to the Tennessee Accommodations for All Children Act.

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF TENNESSEE:

SECTION 1. Tennessee Code Annotated, Title 49, Chapter 2, is amended by adding Sections 2–6 as a new part.

SECTION 2. This part is known and may be cited as the "Tennessee Accommodations for All Children Act."

SECTION 3. As used in this part:

(1) "Changing facility" means an area in which a person may be in a state of undress in the presence of others, including a locker room, changing room, or shower room;

(2) "Reasonable accommodation" includes, but is not limited to, access to a single-occupancy restroom or changing facility or use of an employee restroom or changing facility. "Reasonable accommodation" does not include the following:

(A) Access to a restroom or changing facility that is designated for use by members of the opposite sex while members of the opposite sex are present or could be present;

(B) Requesting that a school construct, remodel, or in any way perform physical or structural changes to a school facility; or

(C) Requesting that a school limit access to a restroom or changing facility that is designated for use by members of the opposite sex, if limiting access results in a violation of state or local building codes or standards;

(3) "Restroom" means a facility that includes one (1) or more toilets or urinals; and

(4) "Sex" means a person's immutable biological sex as determined by anatomy and genetics existing at the time of birth. Evidence of a person's biological sex includes, but is not limited to, a government-issued identification document that accurately reflects a person's sex listed on the person's original birth certificate.

SECTION 4.

(a) A public school shall, to the extent practicable, provide a reasonable accommodation to a student, teacher, or employee of the public school who:

(1) Desires greater privacy when using a multi-occupancy restroom or changing facility designated for the student's, teacher's, or employee's sex and located within a public school building, or when using multi-occupancy sleeping quarters designated for the student's, teacher's, or employee's sex while the

student, teacher, or employee is attending a public school-sponsored activity; and

(2) Provides a written request for a reasonable accommodation to the school principal. If the student requesting a reasonable accommodation is under eighteen (18) years of age, then the student's parent or legal guardian must provide the written request on the student's behalf.

(b) The school principal shall evaluate the request on behalf of the public school and, to the extent practicable, provide a reasonable accommodation. The principal shall issue a decision approving or denying the request in writing. If the principal denies the request, then the grounds for denial must be provided in the principal's written decision.

(c) This section does not prohibit public schools from adopting policies necessary to accommodate persons protected under the Americans with Disabilities Act, (42 U.S.C. § 12101 et seq.), or persons in need of physical assistance when using restrooms or changing facilities located in public schools.

SECTION 5.

(a) If a written request for a reasonable accommodation is denied by the principal, then the student, teacher, or employee, or the student's parent or legal guardian, as applicable, may appeal the decision to the director of schools, or to the director's designee, by submitting a written request for an appeal to the director of schools, or the director's designee, within fifteen (15) calendar days of the individual's receipt of the principal's written decision denying their request for accommodation. The director of schools, or the director's designee, shall investigate and attempt to resolve the complaint within fifteen (15) calendar days of the director of schools', or the director's designee's, receipt of the written request for an appeal.

(b) If a written request for a reasonable accommodation is denied by the director of schools, or the director's designee, then the student, teacher, or employee, or the student's parent or legal guardian, as applicable, may appeal the director of schools', or the director's designee's, decision by requesting a hearing on the matter before an impartial hearing officer selected by the local board of education. To appeal the director of schools', or the director's designee's, decision:

(1) The student, teacher, or employee, or the student's parent or legal guardian, as applicable, must give written notice to the director of schools, or to the director's designee, of the individual's request for a hearing within fifteen (15) calendar days of the individual's receipt of the director of schools', or the director's designee's, decision denying the request for accommodation;

(2) The director of schools, or the director's designee, shall name an impartial hearing officer within five (5) days following the director of schools', or the director's designee's, receipt of a request for a hearing. The impartial hearing officer shall notify all parties of the hearing officer's assignment and schedule a hearing no later than thirty (30) days following the director of schools', or the director's designee's, receipt of the individual's request for a hearing. The impartial hearing officer may conduct all or part of the hearing by telephone if each participant has an opportunity to participate by telephone;

(3) The hearing must be conducted privately; and

(4) The impartial hearing officer shall, within ten (10) days of the hearing's conclusion, provide a written decision to all parties.

(c) As used in this section, "impartial" means that the selected hearing officer has no history of employment with the local board of education or the director of schools, and has no relationship with any member of the respective local board of education or with the person requesting the hearing.

SECTION 6.

HB1233

(a) A student, teacher, or employee of the public school, or the student's parent or legal guardian if the student is under eighteen (18) years of age, has a private right of action against the LEA or public school, if:

(1)

(A) The student, teacher, or employee encounters a member of the opposite sex in a multi-occupancy restroom or changing facility located in a public school building;

(B) The student, teacher, or employee is in a multi-occupancy restroom or changing facility designated for the student's, teacher's, or employee's sex at the time of the encounter; and

(C) The LEA or public school intentionally allowed a member of the opposite sex to enter the multi-occupancy restroom or changing facility while other persons were present; or

(2) The student, teacher, or employee is required by the public school to share sleeping quarters with a member of the opposite sex, unless the member of the opposite sex is a family member of the student, teacher, or employee.

(b) A student, teacher, or employee, or a student's parent or legal guardian, as applicable, claiming a right of action pursuant to this section may bring suit in the chancery court in the county where the claim arose.

(c) A student, teacher, or employee, or a student's parent or legal guardian, as applicable, aggrieved under this section who prevails in court may recover monetary damages, including, but not limited to, monetary damages for all psychological, emotional, and physical harm suffered. An individual who prevails on a claim brought pursuant to this section is entitled to recover reasonable attorney fees and costs.

(d) This section does not limit other remedies at law or equity available to the aggrieved person against the public school.

(e) A civil action brought pursuant to this section must be initiated within one (1) year from when the date on which the claim arose.

SECTION 7. This act takes effect July 1, 2021, the public welfare requiring it, and applies to private rights of action accruing on or after July 1, 2021.

HOUSE BILL NO. 1233

PASSED: April 26, 2021

_____
CAMERON SEXTON, SPEAKER
HOUSE OF REPRESENTATIVES

_____
RANDY McNALLY
SPEAKER OF THE SENATE

APPROVED this 14th day of May 2021

_____
BILL LEE, GOVERNOR