# EXHIBIT 29

# RULES
# OF
# THE STATE BOARD OF EDUCATION

# CHAPTER 0520-01-23
# INTERSCHOLASTIC ATHLETICS

## TABLE OF CONTENTS

0520-01-23-.01 Purpose
0520-01-23-.02 Definitions
0520-01-23-.03 LEA Requirements
0520-01-23-.04 Reviewing Allegations of Noncompliance
0520-01-23-.05 Early Resolution

**0520-01-23-.01 PURPOSE.**

The purpose of these Rules is to effectuate T.C.A. § 49-6-310.

*Authority*: *T.C.A. § 49-1-201 and 49-6-310.* **Administrative History:**


**0520-01-23-.02 DEFINITIONS.**

(1) "Commissioner" means the Commissioner of the Tennessee Department of Education.

(2) "Department" means the Tennessee Department of Education.

(3) "High School" means a public school in which any combination of grades nine through twelve (9-12) are taught.

(4) "Interscholastic Athletic Activity or Event" means a sporting activity or sporting event involving two (2) or more schools.

(5) "LEA" means a Tennessee local education agency and has the same meaning given in T.C.A. § 49-1-103(2).

(6) "Middle School" means a public school in which any combination of grades five through eight (5-8) are taught.

(7) "Reporting Party" means a Tennessee citizen who reports in writing an allegation of noncompliance with T.C.A. § 49-6-310(a) to the Tennessee Department of Education.

(8) "State Education Finance Funds", means the state school fund as defined in T.C.A. § 49-3-101(a) or funds appropriated or allocated from the state treasury for the operation and maintenance of the public schools or that may derive from any state taxes, the proceeds of which are devoted to public school purposes.

*Authority*: *T.C.A. § 49-1-201 and 49-6-310.* **Administrative History:**


**0520-01-23-.03 LEA REQUIREMENTS.**

(1) Each local board of education and each governing body of a public charter school shall:

    (a) Adopt and enforce a policy in compliance with T.C.A. § 49-6-310;

(Rule 0520-01-23-.03, continued)

    (b)    Require each Middle School and High School under its control to adopt written procedures to ensure proper implementation of T.C.A. § 49-6-310(a) and the policy adopted pursuant to T.C.A. § 49-6-310; and

    (c)    Require annual reminders of T.C.A. § 49-6-310(a), the policy adopted pursuant to T.C.A. § 49-6-310, and the school procedures required by this Chapter be provided to all coaches and school and district administrators responsible for facilitating Interscholastic Athletic Activities or Events at Middle Schools and High Schools under its control.

(2)    Each LEA shall confirm that each Middle School and High School under its control and each public charter school authorized by the LEA is in compliance with T.C.A. § 49-6-310(a) prior to submitting the annual LEA Compliance Report to the Department certifying the LEA's compliance with all education laws and State Board of Education ("State Board") rules.

*Authority*: T.C.A. § 49-1-201 and 49-6-310. **Administrative History:**

### 0520-01-01-.04 REVIEWING ALLEGATIONS OF NONCOMPLIANCE.

(1)    Upon receipt of notice of an allegation of noncompliance with T.C.A. § 49-6-310(a), the Department shall initiate a review of the allegation within ten (10) calendar days of receiving the notice. A review is initiated when the Department sends a written notification of the review to the LEA in which the allegation(s) arose. The Department shall also notify the Reporting Party, if any, that an investigation has been initiated and provide information regarding the procedural steps involved in the investigative process.

(2)    As part of the review, the Department shall have the authority to:

    (a)    Request any relevant physical or electronic evidence from the LEA, the Reporting Party, and/or any witness; and

    (b)    Interview the Reporting Party and/or any other individual deemed necessary by the Department.

(3)    No later than sixty (60) calendar days after initiating the review, the Department shall issue a written determination letter summarizing the findings of the review to the LEA from which the allegation(s) arose. A notice shall also be sent to the Reporting Party summarizing the Department's findings. Such notice shall be sent in compliance with the Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. 1232g); T.C.A. § 10-7-504; the Data Accessibility, Transparency, and Accountability Act, compiled in Title 49, Chapter 1, Part 7; and all other relevant privacy laws. The sixty (60) day timeline may only be extended if exceptional circumstances exist and those circumstances are appropriately documented by the Department. If there is a need for an extension of the sixty (60) day timeline, the Department shall notify the LEA in which the allegation(s) arose and the Reporting Party of this extension in writing.

(4)    If the LEA is found to be noncompliant with T.C.A. § 49-6-310, the written determination letter shall include a notice of noncompliance and corrective action steps required for compliance. The notice of noncompliance shall include a deadline for completion of the corrective action steps. An LEA shall not be deemed non-compliant by the Department if the failure to comply is in response to a court or other legally binding order that prohibits the LEA from complying.

(5)    If the Department determines that the LEA failed to complete the required corrective actions by the deadline included in the notice of noncompliance, the Department shall send the LEA a letter of withholding stating that due to failure to complete the required corrective actions by the deadline,

the Commissioner shall withhold a portion of the state education finance funds that an LEA is otherwise eligible to receive until the LEA completes each of required action steps. The letter shall state that LEAs have the right to request a contested case hearing regarding the Department's written determination.

(6) Any contested case hearing granted shall be conducted in accordance with the Tennessee Uniform Administrative Procedures Act at T.C.A. §§ 4-5-301 et. seq. and the Rules of the Tennessee Department of State Administrative Procedures Division, Chapter 1360-04-01. If the LEA chooses to request a contested case hearing, the LEA shall make such a request within thirty (30) calendar days of the Department issuing the written determination of the appeal.

**Authority**: T.C.A. § 49-1-201 and 49-6-310. **Administrative History:**


**0520-01-23-.05  EARLY RESOLUTION.**

(1) LEAs are encouraged to work collaboratively with the Department to resolve allegations of noncompliance as quickly as possible. At any point after an allegation of noncompliance with T.C.A. § 49-6-310 has been reported, but before a written determination has been issued by the Department, the LEA may propose early resolution of the allegations through a resolution agreement.

(2) If early resolution is agreed to by the Department and LEA, the LEA shall prepare a written resolution agreement to be submitted to the Department for review and approval. Entry into an early resolution agreement shall not constitute an admission that the LEA violated T.C.A. § 49-6-310 or this Chapter.

(3) A written resolution agreement shall include:

   (a) A summary of the allegations; and

   (b) Any agreed upon terms of the early resolution, including deadlines for the completion of required acts or steps, and dates for submission of reports and documentation to the Department verifying implementation.

(4) Once a written resolution agreement between the LEA and the Department is signed by all parties, the review shall be deemed resolved and the Department shall:

   (a) Monitor the implementation of the written resolution agreement to ensure the LEA complies with the terms;

   (b) Provide written notice to the LEA of any deficiencies in implementation and shall request immediate and appropriate action to address those deficiencies;

   (c) When necessary, require additions to or modifications of the written resolution agreement to address the failure of the LEA to fully implement the terms of original agreement; and

   (d) Provide written notice to the Reporting Party that the LEA and the Department have entered into a resolution agreement, including the terms of the resolution agreement.

(5) When the Department determines that the LEA has fully implemented the terms of the resolution agreement, the Department shall conclude the monitoring of the written resolution agreement by sending written notification to the LEA and the Reporting Party.

(Rule 0520-01-23-.05, continued)

(6)     Failure by an LEA to comply with the terms of the written resolution agreement shall be deemed a failure or refusal to comply with T.C.A. § 49-6-310 in accordance with Rule Section .05 of this Chapter.

**Authority**: *T.C.A. § 49-1-201 and 49-6-310.* **Administrative History:**