```
 1              UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
 2      ----------------------------x
        L.E., by his next friends
 3      And parents,                    *
 4              Plaintiff,              *
 5      V.                              *
 6      BILL LEE, in his official       *
        Capacity as Governor of
 7      Tennessee; PENNY SCHWINN,       *
        In her official capacity as
 8      The Tennessee Education         *
        Commissioner; TENNESSEE
 9      STATE BOARD OF EDUCATION;       *
        SARA HEYBURN MORRISON in
10      Her official capacity as        *
        The executive Director of
11      The Tennessee State Board       *
        Of Education; NICK DARNELL
12      MIKE EDWARDS ROBERT EBY         *
        GORDON FERGUSON, ELISSA,
13      KIM LILLIAN HARTGROVE,          *
        NATE MORROW, LARRY JENSEN
14      DARRELL COBBINS, and EMILY      *
        HOUSE, the individual
15      Members of the Tennessee        *
        State Board of Education,
16      In their official               *
        Capacities; KNOX COUNTY
17      BOARD OF  EDUCATION a/k/a       *
        KNOX COUNTY SCHOOLS a/k/a
18      KNOX COUNTY SCHOOL              *
        DISTRICT; ROBERT M. "BOB"
19      THOMAS, in his Official         *
        Capacity as Director of
20      Knox County Schools,            *
21              Defendants.             *
        ----------------------------x
```

1            DEPOSITION OF SARA MORRISON

2               APPEARING REMOTELY FROM

3                NASHVILLE, TENNESSEE

4

5

6                   August 22, 2022

7                    11:00 a.m.

8

9

10

11

12

13

14

15

16

17

18

19      REPORTED BY:

20      Dawn L. Halcisak, CLR

21      APPEARING REMOTELY FROM CRISFIELD, MARYLAND

1           R E M O T E   A P P E A R A N C E S

2

3       ON BEHALF OF PLAINTIFF KNOX COUNTY BOARD OF

4               EDUCATION AND BOB THOMAS:

5               JESSICA JERNIGAN-JOHNSON, ESQUIRE

6               KNOX COUNTY LAW DIRECTOR'S OFFICE

7               (865) 215-2327

8               jessica.johnson@knoxcounty.org

9

10

11              SASHA BUCHERT, ESQUIRE

12              (pro hac vice forthcoming)

13              LAMBDA LEGAL DEFENSE AND EDUCATION

14                FUND INC.

15              1776 K Street, N.W., 8th Floor

16              Washington, D.C 20006

17              (202) 804-6245

18              sbuchert@lambdalegal.org

19

20

21

Case 3:21-cv-00835  Document 57-9  Filed 10/07/22  Page 3 of 22  PageID #: 1607

1        R E M O T E   A P P E A R A N C E S (Cont'd.)

2

3        ON BEHALF OF L.E., by his next friends and

4        parents SHELLEY ESQUIVEL and MARIO ESQUIVEL

5        & ACLU OF TENNESSEE:

6            STELLA YARBROUGH, ESQUIRE (No. 33637)

7            P.O. Box 120160

8            Nashville, Tennessee 37212

9            (615) 320-7142

10           syarborough@aclu-tn.org

11

12

13        WilmerHale LLP

14       Alan Schofield, Esquire

         alan.schofield@wilmerhale.com

15       1875 Pennsylvania AV

         Washington, DC  20001

16         628-235-1000

17

18

19

20

21

Case 3:21-cv-00835 Document 57-9 Filed 10/07/22 Page 4 of 22 PageID #: 1608

1      R E M O T E   A P P E A R A N C E S (Cont'd.)

2

3         ALSO PRESENT:

4              FOR KNOX COUNTY LAW DIRECTOR'S OFFICE:

5            Bob Thomas, Director of Knox County Schools

6            Coach Donald Dodgen

7

8         ATTORNEY GENERAL'S OFFICE:

9            Anne Levit

10             Mr. Swaine

11             Executive Director Morrison

12            State Board Members

13            Veda Newman, Law Clerk

14            Lucas Cameron-Vaugh, ACLU

15

16         VERITEXT:

17              Jerry CUrran, Concierge Tech

18

19

20

21

Case 3:21-cv-00835 Document 57-9 Filed 10/07/22 Page 5 of 22 PageID #: 1609

1                          I N D E X

2    Name of Witness                              Page

3    SARA MORRISON

4    Examination

5    MR. SCHOENFELD                                  6

6

7

8                       E X H I B I T S

9             (Premarked for Identification and

10               attached to the Transcript.)

11   Exhibit                                      Page

12   No. 1  Notice of Deposition                    7

13   No. 2  Meeting Adgenda, 07/22/22              7

14   No. 3  Interscholastic Athletics Rule        7

15            0520-01-23 Cover, 07/22/22

16   No. 4  TN Policy Cover Email                  7

17   No. 5  SEAD Scan Wraparound TDOEF            7

18   No. 6  Tennessee Teacher Code of Ethics,    7

19            081619

20   No. 7  State BOE Response to First Wave ROGs  7

21   No. 8  State BOE Response to First Wave RFPs  7

1          R E M O T E   P R O C E E D I N G S

2               IT IS HEREBY STIPULATED AND AGREED that

3     the reading and signing of this deposition are

4     not waived.

5               THE REPORTER:  Good morning, everyone.

6               The attorneys participating in this

7     deposition acknowledge that I am not physically

8     present in the deposition room and that I will

9     be reporting this deposition remotely.  They

10    further acknowledge that, in lieu of an oath

11    administered in person, the witness will

12    verbally declare his or her testimony in this

13    matter is under penalty of perjury.  The parties

14    and their counsel consent to this arrangement

15    and waive any objections to this manner of

16    reporting.

17              Please indicate your agreement by

18    stating your name, whom you represent, and your

19    agreement on the record, beginning with counsel

20    noticing the deposition.

21              MR. SCHOENFELD:  Good morning.  Alan

1    Schoenfeld of Wilmer Cutler Pickering Hale and

2    Dorr for the Plaintiffs, joined by John O'Toole,

3    and we agree to the stipulation.

4              MS. BERMEYER:  Good morning.  This is

5    Stephanie Bermeyer for the Tennessee State Board

6    of Education, and we agree.  And also with me is

7    Angela Sanders.  She's general counsel for the

8    State Board of Education.

9              MS. JERNIGAN-JOHNSON:  My name is

10   Jessica Jernigan-Johnson.  I'm here with my

11   colleague David Sanders on behalf of the Knox

12   County Board of Education and Bob Thomas, and we

13   agree to the stipulation.

14             THE REPORTER:  Okay.  Is everyone else

15   just going to be present?  Mr. Travis?  Yep.

16   And Mr. Shantel?

17             MR. SCHOENFELD:  Yeah.  It's just me

18   and John for the Plaintiffs.

19             THE REPORTER:  Okay.  Great.  Okay.  So

20   with that --

21             MS. BERMEYER:  Mr. Travis Herrera.

Case 3:21-cv-00835  Document 57-9  Filed 10/07/22  Page 8 of 22 PageID #: 1612

1       He's also with the Attorney General's Office.

2       Sorry, John.

3               MR. NEWKIRK:  No, no problem.

4               THE REPORTER:  Okay. great.

5               (Off record discussion.)

6               THE REPORTER:  And might I ask the

7       witness, can I just ask you your city and state,

8       just for the record; where are you located?

9               THE WITNESS:  Sure.  Nashville,

10      Tennessee.

11              THE REPORTER:  Okay.  Great.  And

12      ma'am, can I ask you to retrieve your government

13      identification.  I'm going to ask you to hold

14      that up to the video monitor for verification.

15      If you don't have it with you, counsel can put a

16      stipulation on the record that the person before

17      the video is, in fact, the person on the

18      deposition notice.

19              (Off record discussion.)

20              THE REPORTER:  Counsel, you want to

21      place a stipulation on the record?

```
 1              MS. BERMEYER:  Yes.  I stipulate, for
 2      the record, that the person here in the room
 3      with me is the Executive Director, Sarah
 4      Morrison for the Tennessee State Board of
 5      Education.
 6              THE REPORTER:  Okay.  Great.  Perfect.
 7              And with that, ma'am, will you please
 8      hold up your right hand for me this morning?
 9                      SARA MORRISON,
10      having been duly sworn, was examined, and did
11      testify as follows:
12              THE WITNESS:  I do.
13              THE REPORTER:  Please state your name,
14      ma'am, and spell your name for the record.
15              THE WITNESS:  Sara Morrison, S-a-r-a,
16      M-o-r-r-i-s-o-n.
17              THE REPORTER:  Okay.  Great.  Thank
18      you.
19              Counsel, I am going off the video --
20      please begin.  I'm going off the video monitor,
21      but I am here.
```

Case 3:21-cv-00835  Document 57-9  Filed 10/07/22  Page 10 of 22 PageID #: 1614

1      Q.    And where does the state board of

2   education's funding come from?

3      A.    Purely from the general assembly.

4   State funds.

5      Q.    Does that include allocation of

6   non-state funds, or is it purely funded by state

7   dollars?

8      A.    It is purely funded by state dollars --

9   the operation of the Board.

10     Q.    And the Board has certain

11  responsibilities, with respect to the

12  expenditure and allocation of the federal funds;

13  is that right?

14     A.    No, that is not correct.  We do not

15  receive federal funds for the operations of the

16  state board.

17     Q.    I'm asking a different question.

18          In setting policy and -- and setting

19  policy for Tennessee public schools, the state

20  board of education includes in the allocation of

21  funding, that is for the state board policy for

Case 3:21-cv-00835  Document 57-9  Filed 10/07/22  Page 11 of 22 PageID #: 1615

1　　CERTIFICATE OF SHORTHAND REPORTER-NOTARY PUBLIC

2　　　　　　I, Dawn L. Halcisak, Court Reporter and

3　　Notary Public in and for the State of Maryland,

4　　the officer before whom the foregoing Remote

5　　Deposition was taken, do hereby certify that the

6　　foregoing transcript is a true and correct

7　　record of the testimony given; that said

8　　testimony was taken by me stenographically and

9　　thereafter reduced to typewriting under my

10　　direction and that I am neither counsel for,

11　　related to, nor employed by any of the parties

12　　to this case and have no interest, financial or

13　　otherwise, in its outcome.

14　　　　　　IN WITNESS WHEREOF, I have hereunto set

15　　my hand and affixed my notarial seal this 7th

16　　day of September 2022.

17　　My commission expires:

18　　Au

19

20　　NOTARY PUBLIC IN AND FOR THE

21　　STATE OF MARYLAND

Case 3:21-cv-00835  Document 57-9  Filed 10/07/22  Page 12 of 22 PageID #: 1616

**Exhibit
0001**

8/22/2022
Sara Morrison Ph.D.

L.E., by his next friends and parents,
SHELLEY ESQUIVEL and MARIO
ESQUIVEL,

      Plaintiff,

v.

BILL LEE, et al.,

      Defendants.

Case No. 3:21-cv-00835

Chief Judge Waverly D. Crenshaw Jr.
Magistrate Judge Alistair E. Newbern

## PLAINTIFF'S NOTICE OF 30(b)(6) DEPOSITION
## OF DEFENDANT TENNESSEE STATE BOARD OF EDUCATION

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff L.E., by his next friends and parents, Shelley Esquivel and Mario Esquivel, through the undersigned counsel, provides notice that Plaintiff will take the deposition of Defendant the Tennessee State Board of Education (address 500 James Robertson Parkway, Nashville, TN 37243) with respect to the topics set forth below.

The deposition will take place on July 22, 2022, at 9:30 AM CDT, or at another such date and time agreed upon by the parties. The deposition will be conducted remotely via video teleconference offered by Veritext. The deposition will continue from day to day until concluded. The deposition will be taken under oath before a certified shorthand reporter or other officer authorized to administer oaths. The deposition will be recorded by stenographic means, on videotape, and by instant visual display of testimony using LiveNote or similar software. The deposition shall be used for discovery purposes and may be used as evidence in this action, including at trial.

Plaintiff reserves the right to seek relief from the court in the event that the designated deponent is not properly prepared to testify on behalf of the Tennessee State Board of Education.

Pursuant to Rule 30(b)(6), Defendant Tennessee State Board of Education shall designate one or more knowledgeable officers, directors, managing agents, or other persons who consent to testify on their behalf concerning the subjects set forth in Exhibit A. Prior to deposition, Defendant Tennessee State Board of Education and Plaintiff shall meet and confer about the matters for examination.

Dated: July 8, 2022

Respectfully submitted,

/s/ Stella Yarbrough
Stella Yarbrough (No. 33637)
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
Tel: (615) 320-7142
syarbrough@aclu-tn.org

/s/ Leslie Cooper
Leslie Cooper (*pro hac vice*)
L. Nowlin-Sohl (*pro hac vice*)
Taylor Brown (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lcooper@aclu.org
lnowlin-sohl@aclu.org
tbrown@aclu.org

/s/ Tara L. Borelli
Tara L. Borelli (*pro hac vice*)
Carl S. Charles (*pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION
   FUND INC.
1 West Court Square, Suite 105
Decatur, GA 30030-2556
Tel: (404) 897-1880
Fax: (404) 506-9320
tborelli@lambdalegal.org
ccharles@lambdalegal.org

Sasha Buchert (*pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION
   FUND INC.
1776 K Street NW, 8th Floor
Washington, DC 20006-5500
Tel: (202) 804-6245
sbuchert@lambdalegal.org

/s/ Alan Schoenfeld
Alan Schoenfeld (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street, 45th Floor
New York, NY 10007
Tel: (212) 937-7294
alan.schoenfeld@wilmerhale.com

Matthew D. Benedetto (*pro hac vice*)
Thomas F. Costello-Vega (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Tel: (213) 443-5300
matthew.benedetto@wilmerhale.com
thomas.costello@wilmerhale.com

Emily L. Stark (*pro hac vice*)
Samuel M. Strongin (*pro hac vice*)
Britany Riley-Swanbeck (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, DC 20006
Tel: (202) 663-6000
emily.stark@wilmerhale.com
samuel.strongin@wilmerhale.com
britany.riley-swanbeck@wilmerhale.com

***Attorneys for Plaintiff L.E., by his next
friends and parents, Shelley Esquivel and
Mario Esquivel***

3

# Exhibit A

## DEFINITIONS

1.  "ACTION" refers to the above-captioned litigation instituted by L.E. on November 4, 2021.

2.  "L.E." means L.E. and his next friends and parents, Shelley Esquivel and Mario Esquivel.

3.  "COMMUNICATION" means any transmission of information from one PERSON to another by any means in the form of facts, ideas, inquiries, or otherwise.

4.  "CONCERNING" is defined as information, things, COMMUNICATIONS, or DOCUMENTS that reflect, relate to, identify, constitute, embody, describe, discuss, summarize, evidence, reference, comment on, or concern in any way the subject matter of the Topic.

5.  "DOCUMENT" means any written, printed, typed, recorded, magnetic, punched, copied, graphic or tangible thing in, upon, or from which information may be embodied, translated, conveyed, or stored (including, but not limited to, correspondence, memoranda, notes, records, books, papers, telegrams, telexes, dictation or other audio tapes, video tapes, computer tapes, computer discs, computer printouts, microfilm, microfiche, worksheets, diaries, calendars, photographs, charts, drawings, sketches, and all other writings or drafts thereof) as defined in Federal Rule of Civil Procedure 34(a), Federal Rule of Civil Procedure 45, and Federal Rule of Evidence 1001, whether or not labeled "confidential." A draft or non-identical copy is a separate DOCUMENT within the meaning of this term.

5

6.    INTERSCHOLASTIC SPORTS means athletic competitions between students of schools at all educational levels, including but not limited to elementary school, middle school, high school, and college.

7.    "PERSON" means any natural person or any business, legal, or governmental entity or association or any other cognizable entity, including, without limitation, corporations, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and orders.

8.    "POLICY" means any policy, procedure, rule, protocol, guideline, regulation, practice, or other principle or course of action.

9.    "STATE BOARD" means the Tennessee State Board of Education, as well as its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, accountants, consultants, representatives, and agents.

10.   "STATE EXECUTIVE DIRECTOR" means Sara Heyburn Morrison in her official capacity as Executive Director of the State Board and includes each of the officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, attorneys, accountants, consultants, representatives, and agents that report to her in her official capacity.  It also means any "Person" who assumes any of Ms. Heyburn Morrison's official positions or responsibilities in part, whether temporarily or permanently.

11.   "TENNESSEE DEPARTMENT OF EDUCATION" means the Tennessee Department of Education, as well as its officers, directors, employees, partners,

corporate parent, subsidiaries, affiliates, attorneys, accountants, consultants, representatives, and agents.

12.    "YOU," "YOUR," or "YOURS" means the STATE BOARD and the STATE SUPERINTENDENT collectively.

13.    "S.B. 228" means Tennessee House Bill 3 of the 2021-2022 112th General Assembly, Tennessee Senate Bill 228 of the 2021-2022 112th General Assembly, or any implementing Policy thereunder.

14.    "FEDERAL FINANCIAL ASSISTANCE" means the definition of "Federal financial assistance" provided in 34 C.F.R. § 106.2(g).

## TOPICS OF EXAMINATION

**TOPIC 1:**

The organization and structure of the STATE BOARD, including current employees and former employees of the STATE BOARD who were employed January 1, 2019, onward but since departed, their positions, and the scope of their responsibilities, including the role and responsibilities of the STATE EXECUTIVE DIRECTOR.

**TOPIC 2:**

YOUR POLICIES, DOCUMENTS, and COMMUNICATIONS concerning rulemaking.

**TOPIC 3:**

The funding of the STATE BOARD, including any federal funding received by the STATE BOARD and how such federal funding is used.

7

**TOPIC 4:**

YOUR POLICIES, DOCUMENTS, and/or COMMUNICATIONS CONCERNING YOUR

control, supervision, or authority over INTERSCHOLASTIC SPORTS in Tennessee.

**TOPIC 5:**

YOUR current and/or expected role in implementing and enforcing S.B. 228, including any

delegation of authority to or supervision over the Tennessee Secondary School Athletic

Association, Tennessee county boards of education, and/or county superintendents.

**TOPIC 6:**

The relationship between the STATE BOARD and county boards of education in

Tennessee.

**TOPIC 7:**

The relationship between the STATE BOARD and the Tennessee Secondary School Athletic

Association.

**TOPIC 8:**

The relationship between the STATE BOARD and the TENNESSEE DEPARTMENT OF

EDUCATION.

**TOPIC 9:**

Any FEDERAL FINANCIAL ASSISTANCE received by the STATE BOARD, either

directly or indirectly.

**TOPIC 10:**

Any FEDERAL FINANCIAL ASSISTANCE received by the TENNESSEE DEPARTMENT

OF EDUCATION, either directly or indirectly.

8

**TOPIC 11:**

YOUR relationship and COMMUNICATIONS with the Tennessee Legislature, including individual legislators, legislative staff, Committees, and/or Committee staff, in developing, drafting, passing, and/or implementing S.B. 228.

**TOPIC 12:**

YOUR POLICIES, DOCUMENTS, AND COMMUNICATIONS CONCERNING the participation of transgender students in INTERSCHOLASTIC SPORTS in Tennessee from January 1, 2019, to the present.

**TOPIC 13:**

YOUR POLICIES, DOCUMENTS, AND COMMUNICATIONS CONCERNING the separation of boys and girls in INTERSCHOLASTIC SPORTS in Tennessee prior to and following the passage of S.B. 228.

**TOPIC 14:**

YOUR understanding CONCERNING the purpose, scope, and implications of S.B. 228. This expressly includes YOUR understanding of what, if any, governmental interests are furthered by S.B. 228.

**TOPIC 15:**

YOUR POLICIES, DOCUMENTS, AND COMMUNICATIONS CONCERNING L.E. and his family from January 1, 2019, to the present.

**TOPIC 16:**

YOUR POLICIES, DOCUMENTS, AND COMMUNICATIONS CONCERNING S.B. 228.

**TOPIC 17:**

The funding of the STATE BOARD, including any federal funding.

**TOPIC 18:**

All YOUR discovery responses provided to date in this ACTION.