IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| L.E., *by his next friend and parents,* SHELLEY ESQUIVEL and MARIO ESQUIVEL, Plaintiffs, v. BILL LEE, in his official capacity as Governor of Tennessee, et al. Defendants. | No. 3:21-CV-00835 |

**KNOX COUNTY BOARD OF EDUCATION AND JON RYSEWYK'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendants Knox County Board of Education ("KCBOE") and Superintendent Jon Rysewyk (the "Superintendent") (collectively "Knox County Defendants") submit this Response in Opposition to the Plaintiff's Motion for Summary Judgment [Doc. 50]. In further response, the Knox County Defendants state as follows:

**I. KCBOE Revised Policy 1-171 In Order to Comply with State Law.**

Contrary to Plaintiff's assertion that SB 228 merely "motivated" KCBOE to revise Policy I-171, the record in this matter demonstrates that KCBOE was required to revise its policy in order to comply with state law. Therefore, KCBOE was acting as an arm of the state and cannot be liable under Section § 1983. As explained in the Knox County Defendants' Motion for Summary Judgment, Tennessee Code Annotated §49-6-310 required KCBOE to adopt the policy at issue. Subsection (b) of that statute states: "each local board of education and governing body of a public charter school **shall** adopt and enforce a policy to ensure compliance with sub§(a)." *Id.* Under

Tennessee law, the use of the word shall implies that the statute is mandatory. "In general, use of the word 'shall' in a statute indicates that the statutory provision is mandatory, not discretionary." *Emory v. Memphis City. Sch. Bd. of Educ.*, 514 S.W.3d 129, 144, n. 11 (Tenn. 2017).

Moreover, the state representatives acknowledged that this law required local education agencies to adopt such a policy. Commissioner Penny Schwinn testified that this law is mandatory on local education agencies like KCBOE. [Deposition of Penny Schwinn, p. 207, l. 2-13, Doc. 58-4]. Sara Morrison, Executive Director of the Tennessee State Board of Education, testified that the State Department of Education will review the polices adopted by the local education agency for compliance with this statute and that the statute requires each local board of education to adopt and enforce a policy in compliance with the statute. [Morrison Depo., p. 108-109, Doc. 58-5].

Further, Jennifer Hemmelgarn, KCBOE's 30(b)(6) deponent, testified that KCBOE's role is to implement the state education system at the local level. [Hemmelgarn Deposition, p. 25, l. 4-13, Doc. 58-3]. She further testified that KCBOE understood that this state law required KCBOE to adopt a policy in compliance with it and that KCBOE had no role in drafting, advocating, or passing this law. [*Id.*, p. 86-87]. As she explained, the only basis for enacting the policy was to comply with state law. [*Id.*]. There is nothing in the record to show that KCBOE adopted this policy for any reason other than in order to comply with state law or exercised its own independent decision-making authority in implementing Policy I-171 which merely recites the language of Tennessee Code Annotated § 49-6-310.

Finally, there is no evidence in the record that KCBOE has investigated or disciplined any school or KCS employee for violating Policy I-171. As explained by KCBOE's 30(b)(6) deponent, enforcement focuses on educating the schools on the policy and relevant state law:

Q: Okay. And what steps or actions does Knox County Schools take to ensure that individual schools are complying with I-171?

[Objection Omitted]

A: Informing school principals, athletic directors, and then athletic directors informing their coaching staff that the policy and state law exist.

Q: Are there any additional steps that Knox County Schools takes?

[Objection Omitted]

A: I can't think of any right now.

[Hemmelgarn Depo., p. 99-100].[1]

While the KCBOE 30(b)(6) witness did testify that if a hypothetical violation occurred, KCBOE would investigate and take appropriate action, there is no evidence that a violation has occurred. The process outlined by the deponent is the same process that KCBOE uses for any alleged policy violation, whether a violation of I-171 or any other KCBOE policy. Indeed, as the deponent testified, the Knox County Defendants are not aware of any transgender student who have attempted to participate in interscholastic athletics on the team different than their sex at birth since SB 228 was passed. [Hemmelgarn Depo., 105-106]. This includes the Plaintiff in this matter. It is undisputed that L.E. has never tried out for any golf team at Farragut High School and has never spoken to anyone at Farragut High School about trying out for the golf team. [L.E. Depo., 18-19, 40]. While KCBOE does require each school to comply with all of its policies, including I-171, there is no evidence in the record of any enforcement action against any KCS school, employee, or student.

---

[1] Excerpts of the 30(b)(6) deposition have been contemporaneously filed as an exhibit to the Declaration of Jessica Jernigan-Johnson in support of this Response.

**II.     The Knox County Defendants Adopt the Arguments Set Forth in the State's Motion for Summary Judgment.**

For the reasons set forth in the State Defendants' Motion for Summary Judgment, the Plaintiff is not entitled to judgment on any claims [Doc. 54, Doc. 55]. The Knox County Defendants adopt the State Defendants' arguments made in its Motion and accompanying memorandum of law as if fully set forth herein.

Respectfully submitted this the 4th day of November, 2022.

                                                 s/Jessica Jernigan-Johnson
                                                 DAVID M. SANDERS (BPR # 016885)
                                                 Senior Deputy Law Director
                                                 JESSICA JERNIGAN-JOHNSON (BPR # 032192)
                                                 Deputy Law Director
                                                 Suite 612, City-County Building
                                                 400 Main Street
                                                 Knoxville, TN  37902
                                                 (865) 215-2327

                                                 *Counsel for Defendants, Knox County Board of Education, Knox County Schools and   Dr. Jon Rysewyk*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on the date recorded by the Court's electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties who have filed an appearance in the case, by and through the following counsel:

Sasha Buchert
LAMBDA LEGAL DEFENSE AND EDUCATION
  FUND INC.
1776 K Street NW, 8th Floor
Washington, DC 20006-5500
Tel: (202) 804-6245
sbuchert@lambdalegal.org


Leslie Cooper
L. Nowlin-Sohl
Meredith Taylor Brown
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lcooper@aclu.org
lnowlin-sohl@aclu.org
tbrown@aclu.org


Tara L. Borelli (*pro hac vice*)
Carl S. Charles (*pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION
  FUND INC.
1 West Court Square, Suite 105
Decatur, GA 30030-2556
Tel: (404) 897-1880
Fax: (404) 506-9320
tborelli@lambdalegal.org
ccharles@lambdalegal.org

Jennifer Milici
John W. O'Toole
Wilmer, Cutler & Pickering Hale and Dorr, LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6256
jennifer.milici@wilmerhale.com
john.o'toole@wilmerhale.com

Stella Yarbrough
Lucas Cameron-Vaughn
Thomas H. Castelli
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
Tel: (615) 320-7142
syarbrough@aclu-tn.org
lucas@aclu-tn.org
tcastelli@gmail.com

Alan Schoenfeld
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street, 45th Floor
New York, NY 10007
Tel: (212) 937-7294
alan.schoenfeld@wilmerhale.com

Matthew D. Benedetto
Thomas F. Costello-Vega
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Tel: (213) 443-5300
matthew.benedetto@wilmerhale.com
thomas.costello@wilmerhale.com

Emily L. Stark (*pro hac vice*)
Samuel M. Strongin (*pro hac vice*)
Britany Riley-Swanbeck (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, DC 20006
Tel: (202) 663-6000
emily.stark@wilmerhale.com
samuel.strongin@wilmerhale.com
britany.riley-swanbeck@wilmerhale.com

Clark Lassiter Hildabrand
Stephanie A. Bergmeyer
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, TN 37202-0207
(615) 741-6828
clark.hildabrand@ag.tn.gov
stephanie.bergmeyer@ag.tn.gov

                              s/Jessica Jernigan-Johnson
                              JESSICA JERNIGAN-JOHNSON