IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

L.E., *by his next friend and parents,* )
SHELLEY ESQUIVEL and )
MARIO ESQUIVEL, )
)
    Plaintiffs, )
)
v. ) No. 3:21-CV-00835
)
BILL LEE, in his official capacity as )
Governor of Tennessee, et al. )
)
    Defendants. )

**PLAINTIFF'S RESPONSE TO KNOX COUNTY BOARD OF EDUCATION AND JON RYSEWYK'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT**

Pursuant to L.R. 56.01(b), Plaintiff L.E., by his next friends and parents Shelley Esquivel and Mario Esquivel, responds as follows to Knox County Board of Education Jon Rysewyk's Statement of Undisputed Material Facts in Support of the Motion for Summary Judgment.

1. Public school systems within the state of Tennessee were established by the Constitution of the State of Tennessee. *See* Art. 11, § 19, Tenn. Const.

**RESPONSE:** Admitted.

2. KCBOE is the elected body which manages and controls the Knox County, Tennessee school system. See Tenn. Code Ann. 49-2-203(a)(2) ("It is the duty of the local board of education to… [m]anage and control all public schools established… under its jurisdiction….")

1

and Knox County Charter, Sec. 6.01.A: "The exclusive management and control of the school system of Knox County… is vested in the Knox County Board of Education…."

**RESPONSE:** Admitted.

3. KCBOE's purpose is to implement the state's education system at the local level. [Hemmelgarn Deposition, p. 25, l. 4-13].

**RESPONSE:** Admitted.

4. In order to comply Tennessee Code Annotated § 49-6-310, KCBOE amended its interscholastic sports policy, I-171, to adopt the language set forth in subsection (a) of the statute. [Hemmelgarn Deposition, p. 97, l. 1-6].

> **RESPONSE:** L.E. admits that KCBOE amended its interscholastic sports policy in response to Tenn. Code. Ann. §49-6-310. L.E. denies that KCBOE was required to amend its interscholastic sports policy in a manner that would preclude transgender student-athletes from participating on teams consistent with their gender identity even if the state law imposing such a requirement was no longer operative. *See* Dkt. 52 ¶82 (KCBOE's revised I-171 Policy will remain operative unless affirmatively repealed, even if the underlying state law is no longer operative).

5. KCBOE's purpose in amending the policy was to comply with state law. [*Id.*].

**RESPONSE:** L.E. admits, for purposes of summary judgment, that KCBOE claims that its purpose in amending the policy was to comply with state law.

6. KCBOE had no role in drafting, advocating, or passing Tennessee Code Annotated § 49-6-310. [*Id.*, p. 86-87].

**RESPONSE:** L.E. admits, for purposes of summary judgment, that KCBOE had no role in drafting, advocating, or passing Tennessee Code Annotated §49-6-310. L.E. denies that this fact is material.

7. A copy of KCBOE policy 1-171 is attached to Defendants' Motion for Summary Judgment as Exhibit B and was introduced as Exhibit 1 to Ms. Hemmelgarn's deposition. [Motion for Summary Judgment, Ex. B].

**RESPONSE:** Admitted.

8. Tennessee Code Annotated § 49-6-310 is mandatory on local education agencies like KCBOE. [Deposition of Penny Schwinn, p. 207, l. 2-13]

**RESPONSE:** Admitted.

9. The State Department of Education will review the polices adopted by the local education agency for compliance with this statute and that the statute requires each local board of education to adopt and enforce a policy in compliance with the statute. [Deposition of Sara Morrison., p. 108-109].

**RESPONSE:** Admitted.

10. Plaintiff L.E. is a high school student at Farragut High School, a school within the KCBOE school system. [Complaint, Doc. 1, ¶ 1].

3

**RESPONSE:** Admitted.

11. Plaintiff alleges that he is a transgender boy[1] and desires to play golf on the Farragut High School boys' golf team. [*Id.*, ¶ 81].

**RESPONSE:** Admitted.

12. L.E. alleges that Tennessee Code Annotated § 49-6-310 and KCBOE Policy 1-171 prevent him from playing on the golf team of his choice. [*Id.*, ¶ 83].

**RESPONSE:** Admitted.

13. L.E. has never tried out for any golf team at Farragut High School. [Deposition of L.E., p. 18-19].

**RESPONSE:** L.E. admits that he has never tried out for any golf team at Farragut High School. L.E. denies that this fact is material. *See Mays v. LaRose*, 951 F.3d 775, 782 (6th Cir. 2020) ("When doing so would be futile, Article III does not require plaintiffs to take actions simply to establish standing.").

14. L.E. has never personally discussed playing golf with the Farragut golf coach, athletic director, principal, or other KCBOE staff member. [*Id.*, p. 39-40].

**RESPONSE:** L.E. admits that he himself has never discussed playing golf for the FHS boys' team with the FHS boys' golf coach, athletic director, principal, or other KCBOE staff member. L.E. denies that this fact is material.

---

[1] As alleged in the Complaint, "transgender boy" means a person who was assigned the sex of female of birth, but identifies as a boy. [Complaint, ¶ 74-75]

4

Dated: November 4, 2022

Leslie Cooper (*pro hac vice*)
L. Nowlin-Sohl (*pro hac vice*)
Taylor Brown (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lcooper@aclu.org
lnowlin-sohl@aclu.org
tbrown@aclu.org

Thomas F. Costello-Vega (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Tel: (213) 443-5300
thomas.costello@wilmerhale.com
Tara L. Borelli (*pro hac vice*)
Carl S. Charles (*pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION
FUND INC.
1 West Court Square, Suite 105
Decatur, GA 30030-2556
Tel: (404) 897-1880
Fax: (404) 506-9320
tborelli@lambdalegal.org
ccharles@lambdalegal.org

Sasha Buchert (*pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION
FUND INC.
1776 K Street NW, 8th Floor
Washington, DC 20006-5500
Tel: (202) 804-6245
sbuchert@lambdalegal.org

Respectfully submitted,

/s/ Alan Schoenfeld
Alan Schoenfeld (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street, 45th Floor
New York, NY 10007
Tel: (212) 937-7294
alan.schoenfeld@wilmerhale.com

Stella Yarbrough (No. 33637)
Lucas Cameron-Vaughn (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
Tel: (615) 320-7142
syarbrough@aclu-tn.org
lucas@aclu-tn.org

Jennifer Milici (*pro hac vice*)
Emily L. Stark (*pro hac vice*)
Samuel M. Strongin (*pro hac vice*)
John W. O'Toole (*pro hac vice*)
Britany Riley-Swanbeck (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, DC 20006
Tel: (202) 663-6000
jennifer.milici@wilmerhale.com
emily.stark@wilmerhale.com
samuel.strongin@wilmerhale.com
john.o'toole@wilmerahle.com
britany.riley-swanbeck@wilmerhale.com

***Attorneys for Plaintiff L.E., by his next friends and parents, Shelley Esquivel and Mario Esquivel***

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2022, a true and correct copy of the foregoing was served on the below counsel for Defendants, via the Court's ECF/CM system.

| | |
|---|---|
| Stephanie A. Bergmeyer<br>Senior Assistant Attorney General<br>Office of Tennessee Attorney General<br>P.O. Box 20207<br>Nashville, Tennessee 37202<br>Stephanie.Bergmeyer@ag.tn.gov<br>(615) 741-6828 | David M. Sanders<br>Senior Deputy Law Director, Knox County<br>Suite 612, City-County Building<br>400 Main Street<br>Knoxville, TN 37902<br>David.Sanders@knoxcounty.org<br>(865) 215-2327 |
| Clark L. Hildabrand<br>Assistant Solicitor General<br>Office of Tennessee Attorney General and Reporter<br>P.O. Box 20207<br>Nashville, Tennessee 37202<br>Clark.Hildabrand@ag.tn.gov<br>(615) 253-5642 | Jessica Jernigan-Johnson<br>Deputy Law Director, Knox County<br>Suite 612, City-County Building<br>400 Main Street<br>Knoxville, TN 37902<br>Jessica.Johnson@knoxcounty.org<br>(865) 215-2327 |

/s/ Alan Schoenfeld
Alan Schoenfeld