IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| L.E., by his next friends and parents, SHELLEY ESQUIVEL and MARIO ESQUIVEL, | ) ) ) ) | |
| Plaintiff, | ) ) ) | No. 3:21-cv-00835 |
| v. | ) ) | Chief Judge Crenshaw |
| BILL LEE, in his official capacity as Governor of Tennessee; et al., | ) ) ) | Magistrate Judge Newbern |
| KNOX COUNTY BOARD OF EDUCATION a/k/a KNOX COUNTY SCHOOL DISTRICT; et al., | ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to L.R. 56.01(b), Plaintiff L.E., by his next friends and parents Shelley Esquivel and Mario Esquivel, responds as follows to the Statement of Undisputed Material Facts in Support of State Defendants' Motion for Summary Judgment.

**Whether L.E. Plays Golf**

1. L.E. does not keep track of or record a score when playing golf. (Shelley Esquivel Dep. 37:7-12.)

   RESPONSE: L.E. admits, for purposes of summary judgment, that he generally does not keep track of, or record, his score when playing golf. L.E. denies that this fact is material. *See Northeast Florida Chapter of Assoc. Gen. Contractors of America v. City*

1

*of Jacksonville*, 508 U.S. 656, 666 (1993) ("When the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group, a member of the former group need not allege that he would have obtained the benefit but for the barrier in order to establish standing.").

2. L.E. has never calculated and does not have a handicap index in golf. (Mario Esquivel Dep. 33:8-16.)

    RESPONSE: L.E. admits, for purposes of summary judgment, that he has never calculated and does not have a handicap index in golf. L.E. denies that this fact is material. *See Jacksonville*, 508 U.S. at 666 ("When the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group, a member of the former group need not allege that he would have obtained the benefit but for the barrier in order to establish standing.").

3. L.E .and Mario Esquivel primarily play a par-three golf course. (Mario Esquivel Dep. 7:20-23.)

    RESPONSE: L.E. admits, for purposes of summary judgment, that he and Mario Esquivel primarily play at par-three golf courses. L.E. denies that this fact is material. *See Jacksonville*, 508 U.S. at 666 ("When the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group, a member of the former group need not allege that he would have obtained the benefit but for the barrier in order to establish standing.").

4. Par three golf courses have nine holes, and the holes themselves are shorter in distance than an 18-hole golf course. (Mario Esquivel Dep. 7:12-16.)

   RESPONSE: L.E. admits, for purposes of summary judgment, that par three golf courses have nine holes, and that the holes themselves are often shorter in distance than an 18-hole golf course, which is usually made up of par 3, par 4, and par 5 holes. L.E. denies that this fact is material. *See Jacksonville*, 508 U.S. at 666 ("When the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group, a member of the former group need not allege that he would have obtained the benefit but for the barrier in order to establish standing.").

5. When asked to identify the date, location, and score of the last ten (10) rounds of golf played, Plaintiff responded that L.E. had played the following (subject to the objection that "rounds of golf" is vague and adopting an interpretation that the term means the activity of playing 18 holes of golf):

   - May 7, 2022, at Knoxville Municipal Golf Course. Plaintiff did not track or record the score.
   - November 13, 2021, at Knoxville Municipal Golf Course. Plaintiff did not track or record the score.
   - September 23, 2021, at Centennial Golf Course. Plaintiff did not track or record the score.

3

- July 31, 2021, at Williams Creek Golf Course. Plaintiff did not track or record the score.
- July 13, 2021, at Centennial Golf Course. Plaintiff did not track or record the score.

(Mario Esquivel Dep. 33:17-25; 34:1-13); (Shelley Esquivel Dep. Ex. 1, Int. No. 3); (L.E. Dep. 16:20-23; 17:1-7).

RESPONSE: L.E. admits, for purposes of summary judgment, that, at the time he and his parents were deposed, the above accurately reflects the last five times in which he played 18 holes of golf. L.E. denies that this fact is material. *See Jacksonville*, 508 U.S. at 666 ("When the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group, a member of the former group need not allege that he would have obtained the benefit but for the barrier in order to establish standing.").

6. From January 1, 2022, to July 13, 2022, L.E. played one round of golf. (Mario Esquivel 33:17-25; 34:1-5.)

RESPONSE: L.E. admits, for purposes of summary judgment, that he played one 18-hole round of golf between January 1, 2022, and July 13, 2022. L.E. denies that this fact is material. *See Jacksonville*, 508 U.S. at 666 ("When the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group, a member of the former group need not allege that he would have obtained the benefit but for the barrier in order to establish standing.").

7. L.E. was not a top scorer on the Farragut Middle School girls' golf team and so did not participate in the state or district meets. (Mario Esquivel 43:10-25; 44:1-16.)

   RESPONSE: L.E. admits, for purposes of summary judgment, that he was not a top scorer on the Farragut Middle School girls' golf team. L.E. also admits, for purposes of summary judgment, that he did not participate in the state or district meets. L.E. denies that these facts are material. *See Jacksonville*, 508 U.S. at 666 ("When the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group, a member of the former group need not allege that he would have obtained the benefit but for the barrier in order to establish standing.").

8. L.E. has not tried out for the Farragut High School boys' golf team or girls' golf team. (Shelley Esquivel Dep. 33:5-8); (Higgins Dep. 94:7-9).

   RESPONSE: L.E. admits, for purposes of summary judgment, that he has not tried out for the Farragut High School boys' golf team or girls' golf team. L.E. denies that this fact is material. *See Mays v. LaRose*, 951 F.3d 775, 782 (6th Cir. 2020) ("When doing so would be futile, Article III does not require plaintiffs to take actions simply to establish standing.").

9. L.E. and L.E.'s parents are unaware of the dates on which the golf teams' tryouts were held. (Mario Esquivel Dep. 19:19-21); (Shelley Esquivel Dep. 31:10-16); (L.E. Dep. 18:11-13).

   RESPONSE: Denied. L.E.'s mother testified that she believed the tryouts for the Fall 2022 golf season took place the preceding summer. Dkt. 53-3 at 31:6-9. Additionally, L.E. denies that this fact is material. *See Mays*, 951 F.3d at 782 ("When doing so would be futile, Article III does not require plaintiffs to take actions simply to establish standing.").

10. Neither L.E. nor L.E.'s parents spoke to Coach Higgins about L.E.'s desire to try out for the team (Higgins Dep. 36:16-17; 37:7-9; 94:4-6)

    RESPONSE: L.E. admits, for purposes of summary judgment, that neither he nor his parents spoke to Coach Higgins about L.E.'s desire to try out for the team. L.E.'s mother did inform the principal of FHS that L.E. wished to try out for the FHS boys' golf team. Supplemental Yarbrough Dec., Ex. 2, at 2. Additionally, L.E. disputes that this fact is immaterial. *See Mays*, 951 F.3d at 782 ("When doing so would be futile, Article III does not require plaintiffs to take actions simply to establish standing.").

11. During the course of this lawsuit, an attorney from Knox County offered to let L.E. try out for the golf team and L.E. did not agree to participate in the tryout. (Shelley Esquivel Dep. 33:19-25; 34:1.)

    RESPONSE: L.E. admits, for purposes of summary judgment, that he declined an offer to try out for the FHS boys' golf team. L.E. denies that this fact is material. *See Mays*,

951 F.3d at 782 ("When doing so would be futile, Article III does not require plaintiffs to take actions simply to establish standing.").

**Farragut High School Golf Team**

12. The Farragut High School boys' golf team won the state championship tournament in 2020. (Higgins Dep. 88:17-21.)

    RESPONSE: L.E. admits, for purposes of summary judgment, that the Farragut High School boys' golf team won the state championship tournament in 2020. L.E. denies that this fact is material. *See Jacksonville*, 508 U.S. at 666 ("When the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group, a member of the former group need not allege that he would have obtained the benefit but for the barrier in order to establish standing.").

13. The Farragut High School boys' golf team placed second in the 2021 state regional tournament, and its top four players scored 75, 78, 78, and 80. (Higgins Dep. 88:22; 89:1-5; 90:21-22; 91:1-17; Ex. 7.)

    RESPONSE: L.E. admits, for purposes of summary judgment, that the Farragut High School boys' golf team placed second in the 2021 state regional tournament, and that its top four players scored 75, 78, 78, and 80. L.E. denies that this fact is material. *See Jacksonville*, 508 U.S. at 666 ("When the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of

7

another group, a member of the former group need not allege that he would have obtained the benefit but for the barrier in order to establish standing.").

14. Players who try out for the Farragut High School boys' golf team will need to shoot an average score of 90 or better for 18-walking holes through 3 rounds to make the team. (Higgins Dep. 46:11-15; Ex. 3.)

    RESPONSE: L.E. admits, for purposes of summary judgment, that players who try out for the FHS boys' golf team will need to shoot an average score of 90 or better for 18-walking holes through three rounds to make the team. L.E. denies that this fact is material. *See Jacksonville*, 508 U.S. at 666 ("When the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group, a member of the former group need not allege that he would have obtained the benefit but for the barrier in order to establish standing.").

15. Farragut High School does not have a junior varsity golf team. (Higgins Dep. 19:11-15.)

    RESPONSE: L.E. admits, for purposes of summary judgment, that Farragut High School does not have a junior varsity golf team. L.E. denies that this fact is material. *See Jacksonville*, 508 U.S. at 666 ("When the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group, a member of the former group need not allege that he would have obtained the benefit but for the barrier in order to establish standing.").

16. There is not a separate tryout for the boys' golf team and the girls' golf team. (Higgins Dep. 46:5-7.)

    RESPONSE: L.E. admits, for purposes of summary judgment, that there are not separate tryouts for the boys' golf team and the girls' golf team. L.E. denies that this fact is material.

17. The Farragut High School boys' golf team and girls' golf team regularly practice and play together. (Higgins Dep. 35:1-5.)

    RESPONSE: L.E. admits, for purposes of summary judgment, that the Farragut High School boys' golf team and girls' golf team regularly practice and play together. L.E. denies that this fact is material.

18. The Tennessee Secondary Schools Athletic Association ("TSSAA"), which Farragut High School is a member of, sets the number of players who can play in a golf match, and only five (5) boys can play in a match. (Higgins Dep. 38:21-22; 39:1-6; 51:5-16.)

    RESPONSE: L.E. admits, for purposes of summary judgment, that Farragut High School is a member of the Tennessee Secondary Schools Athletic Association ("TSSAA"). L.E. also admits, for purposes of summary judgment, that TSSAA has instituted a requirement that no more than five boys can play for a given team in a given match. L.E. denies that this fact is material. *See Jacksonville*, 508 U.S. at 666 ("When the government erects a barrier that makes it more difficult for members of one group

9

to obtain a benefit than it is for members of another group, a member of the former group need not allege that he would have obtained the benefit but for the barrier in order to establish standing.").

19. Farragut High School is a member of the TSSAA and must comply with TSSAA policies. (Bartlett Dep. 85:8-13; Hemmelgarn Dep. 46:8-19.)

RESPONSE: L.E. admits that Farragut High School is a member of the TSSAA. L.E. denies that Farragut High School must comply with TSSAA policies. Multiple witnesses have testified that TSSAA policies that are inconsistent with federal, state, or municipal law need not be followed. Dkt. 52 ¶45; Dkt. 53-8 at 86:1-88:2.

20. TSSAA's regulations separate several interscholastic sports (including basketball, cross country, golf, tennis, and track and field) into separate divisions for boys and girls. (Hemmelgam Dep. 128:21-22, 129, 130:1-13; Dodgen Dep. Ex. 3- 2022-23 TSSAA Handbook; Bergmeyer Decl. ¶ 3; Ex. 1- TSSAA Sports.)

RESPONSE: Admitted.

**L.E's medical care**

21. Initially, L.E.'s pediatrician had a wait-and-see approach, "meaning wait to see if this is a phase or if it's not, and then to proceed with hormone treatment or whatever the next step was after the age of 18." (Shelley Esquivel Dep. 9:9-21.)

    RESPONSE: L.E. admits, for purposes of summary judgment, that his pediatrician had a cautious approach. L.E. denies that this fact is material.

22. L.E. has not yet received testosterone therapy and has not had any relevant surgeries. (Shelley Esquivel Dep. 14:10-25; 15:1-5; 79:12-15.)

    RESPONSE: L.E. admits that he had not yet received testosterone therapy and has not had any surgeries relevant to the treatment of his gender dysphoria. L.E. denies that these facts are material.

**Defendants**

23. The Tennessee State Board of Education does not receive federal funds for its operations. (Morrison Dep. 42:14-16.)

    RESPONSE: L.E. admits, for purposes of summary judgment, that the Tennessee State Board of Education does not receive federal funds for its operations. L.E. denies that this fact is material. *See Horner v. Kentucky High Sch. Athletic Ass'n*, 43 F.3d 265, 272 (6th Cir. 1994) (a state school board that does not receive federal funding itself can still be liable under Title IX if it exercises control over the state entity that does receive federal funding).

**Gender Identity**

24. Dr. Melissa Cyperski testified that "there's an infinite number of gender identities." (Cyperski Dep. 50:20-22.)

    RESPONSE: L.E. admits that Dr. Cyperski testified that "there's an infinite number of gender identities." L.E. denies that this fact is material.

25. Dr. Melissa Cyperski testified that some individuals have "an inner sense of gender that is consistent with male, female, neither, or both, and that that may fluctuate over time." (Cyperski Dep. 49:21-24.)

    RESPONSE: L.E. admits that Dr. Cyperski testified that some individuals have "an inner sense of gender that is consistent with male, female, neither, or both, and that that may fluctuate over time." L.E. denies that this fact is material.

26. Not all transgender adolescents are diagnosed with gender dysphoria (Cyperski Deposition at 184:22-25,185:1-2.)

    RESPONSE: Admitted.

Dated: November 4, 2022

Leslie Cooper (*pro hac vice*)
L. Nowlin-Sohl (*pro hac vice*)
Taylor Brown (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lcooper@aclu.org
lnowlin-sohl@aclu.org
tbrown@aclu.org

Thomas F. Costello-Vega (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Tel: (213) 443-5300
thomas.costello@wilmerhale.com
Tara L. Borelli (*pro hac vice*)
Carl S. Charles (*pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION
FUND INC.
1 West Court Square, Suite 105
Decatur, GA 30030-2556
Tel: (404) 897-1880
Fax: (404) 506-9320
tborelli@lambdalegal.org
ccharles@lambdalegal.org

Sasha Buchert (*pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION
FUND INC.
1776 K Street NW, 8th Floor
Washington, DC 20006-5500
Tel: (202) 804-6245
sbuchert@lambdalegal.org

Respectfully submitted,

/s/ Alan Schoenfeld
Alan Schoenfeld (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street, 45th Floor
New York, NY 10007
Tel: (212) 937-7294
alan.schoenfeld@wilmerhale.com

Stella Yarbrough (No. 33637)
Lucas Cameron-Vaughn (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
Tel: (615) 320-7142
syarbrough@aclu-tn.org
lucas@aclu-tn.org

Jennifer Milici (*pro hac vice*)
Emily L. Stark (*pro hac vice*)
Samuel M. Strongin (*pro hac vice*)
John W. O'Toole (*pro hac vice*)
Britany Riley-Swanbeck (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, DC 20006
Tel: (202) 663-6000
jennifer.milici@wilmerhale.com
emily.stark@wilmerhale.com
samuel.strongin@wilmerhale.com
john.o'toole@wilmerahle.com
britany.riley-swanbeck@wilmerhale.com

***Attorneys for Plaintiff L.E., by his next friends and parents, Shelley Esquivel and Mario Esquivel***

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2022, a true and correct copy of the foregoing was served on the below counsel for Defendants, via the Court's ECF/CM system.

Stephanie A. Bergmeyer
Senior Assistant Attorney General
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
Stephanie.Bergmeyer@ag.tn.gov
(615) 741-6828

Clark L. Hildabrand
Assistant Solicitor General
Office of Tennessee Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202
Clark.Hildabrand@ag.tn.gov
(615) 253-5642

David M. Sanders
Senior Deputy Law Director, Knox County
Suite 612, City-County Building
400 Main Street
Knoxville, TN 37902
David.Sanders@knoxcounty.org
(865) 215-2327

Jessica Jernigan-Johnson
Deputy Law Director, Knox County
Suite 612, City-County Building
400 Main Street
Knoxville, TN 37902
Jessica.Johnson@knoxcounty.org
(865) 215-2327

    /s/ Alan Schoenfeld
    Alan Schoenfeld