IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| L.E., by his next friends and parents, SHELLEY ESQUIVEL and MARIO ESQUIVEL,<br><br>    Plaintiff,<br><br>v.<br><br>BILL LEE, et al.,<br><br>    Defendants. | Case No. 3:21-cv-00835<br><br>Chief Judge Waverly D. Crenshaw Jr.<br>Magistrate Judge Alistair E. Newbern |

**REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF L.E.'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, Plaintiff L.E., by his next friends and parents Shelley Esquivel and Mario Esquivel, respectfully submits the following reply in support of his Motion for Summary Judgment, Dkt. 50.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

ARGUMENT .............................................................................................................................. 1

    I.      Defendants' Threshold Challenges Fail ................................................................ 1

    II.     SB 228, As Applied To L.E., Violates The Equal Protection Clause ...................... 2

    III.    SB 228, As Applied To L.E., Violates Title IX .......................................................... 4

CONCLUSION ........................................................................................................................... 5

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Bostock v. Clayton County*, 140 S.Ct. 1731 (2020) ..................................................................2, 3

*City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432 (1985) .........................................3

*Horner v. Kentucky High School Athletic Association*, 43 F.3d 265 (6th Cir. 1994) ......................4

*Meriwether v. Hartop*, 992 F.3d 492 (6th Cir. 2021) ......................................................................5

*Palazzo v. Harvey*, 380 F. Supp. 3d 723 (M.D. Tenn. 2019)...........................................................2

*Smith v. City of Salem*, 378 F.3d 566 (6th Cir. 2004) .....................................................................3

## DOCKETED CASE

*Hecox v. Little*, No. 1:20-cv-00184 (D. Idaho) ................................................................................4

L.E. is entitled to summary judgment because, as a matter of law, applying SB 228 to exclude him from Farragut High School's ("FHS") boys' golf team violates the Equal Protection Clause and Title IX. Nothing State or County Defendants say in response shows otherwise, nor do their purported factual disputes rise to the level of a genuine dispute of material fact.

## ARGUMENT

### I. DEFENDANTS' THRESHOLD CHALLENGES FAIL

State Defendants claim L.E. lacks standing. Dkt. 70 ("SD Res.") 3-8. They primarily assert (*id.* at 5) that SB 228 did not cause L.E.'s exclusion from the boys' golf team because the Tennessee Secondary School Athletic Association ("TSSAA") divided interscholastic golf into boys' and girls' teams. This misconstrues what L.E. is challenging, i.e., not the separation of golf into boys' and girls' teams, but his exclusion from the boys' team specifically, something State Defendants agree flows from SB 228. Dkt. 66 ("L.E. Res.") 7-8; SD Res. 5.

State Defendants also reassert (SD Res. 5 n.3) that L.E. lacks standing because he purportedly "has demonstrated no ability to" satisfy the FHS boys' golf team performance requirements. But L.E. has standing so long as he cannot compete on equal terms. L.E. Res. 3-4. And State Defendants' contention that L.E.'s injuries are not redressable because he did not sue TSSAA (SD Res. 6-7) is wrong both because, as explained above, SB 228 is what bars L.E. from the boys' golf team, and because the evidentiary record shows otherwise. TSSAA's previous policy, which created a process for transgender student-athletes to compete on teams consistent with their gender identity, has not been rescinded and would likely resume if SB 228 was enjoined. L.E. Res. 8-9. Moreover, there is no evidence transgender students were *ever* prohibited from competing on teams consistent with their gender identity prior to SB 228.

1

State Defendants reprise their sovereign immunity argument (SD Res. 9) that they are immune because they have taken no action in response to SB 228. This ignores the vital roles they each play in enforcing the statute. L.E. Res. 10-12. For its part, Knox County Board of Education ("KCBOE") again claims entitlement to the State's immunity (on only L.E.'s constitutional claim) because it was required by state law to enforce SB 228. Dkt. 63 ("CD Res.") at 1-3. This argument ignores the Title IX claim and overlooks that the Superintendent can be enjoined as a state officer, and that KCBOE is liable for enforcing the revised I-171 Policy because state law did not require a policy so enduring it would outlast SB 228. L.E. Res. 12-13.[1]

## II. SB 228, AS APPLIED TO L.E., VIOLATES THE EQUAL PROTECTION CLAUSE

State Defendants' arguments in favor of SB 228's constitutionality largely repeat what they say in their motion for summary judgment. L.E. has already explained why those arguments fail. L.E. Res. 15-28. State Defendants' new material is also unavailing.

First, State Defendants say (SD Res. 12) that "[t]ransgender status [is] … irrelevant to SB 228's definition of gender as sex." This ignores that transgender status is dispositive under SB 228 regarding whether a student-athlete may participate on a *particular* sex-segregated sports team. L.E. Res. 4. This categorical exclusion is the differential treatment L.E. challenges.

State Defendants' efforts to avoid intermediate scrutiny come up short. Nowhere do they explain how the core analysis in *Bostock v. Clayton County*, 140 S.Ct. 1731 (2020), that "it is impossible to discriminate against a person for being … transgender without discriminating against that individual based on sex," *id.* at 1741, does not apply to SB 228. Instead, they say

---

[1] County Defendants' attempt (CD Res. 4) to "adopt" wholesale State Defendants' merits arguments fails because arguments not raised in the opening brief are waived. *Palazzo v. Harvey*, 380 F. Supp. 3d 723, 730 (M.D. Tenn. 2019) (Crenshaw, C.J.).

(SD Res. 19) that *Bostock* "expressly denied that [it] applies to any other question." Not so. *Bostock*'s actual language was that "future cases" would decide how its holding applied in other contexts. 140 S.Ct. at 1753. And to the extent State Defendants are correct that "sex is relevant to interscholastic sports" (SD Res. 20), that relevance may, in certain inapposite contexts (such as separating boys' and girls' teams) *justify* classifications based on sex; it does not obviate the fact that, under *Bostock*, transgender-status discrimination inherently entails a distinction on the basis of sex.[2]

State Defendants also fail to show that SB 228, as applied to L.E., satisfies intermediate scrutiny. They acknowledge (SD Res. 21 n.19) that for as-applied challenges, "the analysis [must] progress through the lens of a particular circumstance." *See also City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 447-450 (1985) (evaluating the constitutionality of the denial of a permit to a group home based off facts related to that specific plaintiff); L.E. Res. 24-25. But their analysis ignores the "particular circumstance" of this case, i.e., that L.E. seeks to play on the boys' team of a non-contact sport. Nor have they cited any case rejecting an as-applied challenge based on justifications wholly inapplicable to the plaintiff. As such, SB 228's application to L.E. has no relationship to preventing displacement of female student-athletes or ensuring the safety of female student-athletes in contact sports. Dkt. 51 ("L.E. Mem.") 17-18.[3]

---

[2] There is no basis for State Defendants' suggestion (*e.g.*, SD Res. 17 n.16, 18) that this Court needs to determine the definitions of "gender" and "sex" to decide this case. Numerous courts, including the Sixth Circuit, have recognized that discrimination against transgender people constitutes a sex-based classification in evaluating equal protection claims. *See, e.g.*, *Smith v. City of Salem*, 378 F.3d 566, 576-577 (6th Cir. 2004). In *Bostock*, the Supreme Court acknowledged that its approach in evaluating plaintiffs' Title VII claim did not turn on the definition of "sex," declined to define both "sex" and "gender," and still held that discrimination on the basis of transgender status entails sex discrimination. 140 S.Ct. at 1739.

[3] While asserting an interest in protecting girls' athletic opportunities and safety, State Defendants' standing argument (SD Res. 16, 22) relies on the fact that the TSSAA can allow

The closest State Defendants come to making as-applied arguments is contending (SD Res. 22-23) that their interest in a uniform definition of gender applies to all students, including L.E., and that if a single student is not subject to SB 228, "its education message" is diluted. These definitional and educational interests are irrelevant because no evidence suggests they genuinely motivated SB 228's adoption and, regardless, they fail on their own terms. L.E. Res. 21-22.[4]

### III. SB 228, AS APPLIED TO L.E., VIOLATES TITLE IX

SB 228 also violates Title IX. L.E. Mem. 19-24. Nothing the State Board of Education ("SBOE") says in response shows otherwise.

SBOE claims (SD Res. 9) it is an improper defendant because it has not directly received federal funding. L.E. has already explained how this is irrelevant. L.E. Mem. 21-22 (citing *Horner v. Kentucky High School Athletic Ass'n*, 43 F.3d 265 (6th Cir. 1994)). SBOE's only response (SD Res. 9-10)—that the Legislature "deleted the provision of SB 228 giving [SBOE] authority to enforce SB 228[]"—does not rebut that SBOE "*controls and manages*," *Horner*, 43 F.3d at 272, the Tennessee Department of Education, which (pursuant to an SBOE-promulgated rule), may remove funding from school districts that do not follow SB 228, L.E. Mem. 6.

SBOE next (SD Res. 23-24) defends dividing interscholastic sports teams into sex-segregated teams as consistent with Title IX's text and purpose. This repeats State Defendants'

---

boys and girls to play on teams together, even contact sports like football. Their attempt to have it both ways by contending that what matters is "knowing" the sex of other participants is nonsensical. (*Id.*)

[4] State Defendants' concern (SD Res. 22) that a law banning only transgender girls from girls' sports (and not transgender boys from boys' sports) would likely be challenged on equal protection grounds does not change the fact that the State's purported interests are not applicable to L.E. and that the law is unconstitutional as applied to L.E. And their reference (*id.*) to plaintiff's arguments in *Hecox v. Little*, No. 1:20-cv-00184 (D. Idaho), regarding sex verification by a physician brings them no closer to meeting that standard.

4

earlier confusion about what L.E. is challenging, i.e., his exclusion from a specific sex-segregated team, and not the division of teams based on sex. *Supra* p. 1.[5]

SBOE wrongly claims (SD Res. 25) that *Meriwether v. Hartop*, 992 F.3d 492 (6th Cir. 2021), forecloses L.E.'s arguments that SB 228 constitutes sex discrimination. *Meriwether* held that failure to use a student's preferred pronouns does not necessarily constitute a Title IX hostile-environment claim. *Id.* at 511. While *Meriwether* noted that Title VII case law does not "*automatically* apply in the Title IX context," *id.* at 510 n.4 (emphasis added), L.E. has already explained why the causation analysis in *Bostock* applies equally to Title IX, L.E. Res. 30 & n.13, and State Defendants have never argued how that specific reasoning is inapplicable to Title IX.

Similarly, SBOE errs when it claims (SD Res. 25 n.24) that *Meriwether* rejected the applicability under Title IX of the Title VII rule that transgender-status discrimination constitutes unlawful sex stereotyping, *see* L.E. Mem. 20. All *Meriwether* held in that regard was that the Sixth Circuit never held "that the government always has a compelling interest in regulating employees' speech on matters of public concern." 992 F.3d at 510. The First Amendment concerns driving *Meriwether* are entirely absent here. L.E. Res. 27-28.[6]

## CONCLUSION

For the foregoing reasons, L.E's motion for summary judgment should be granted.

---

[5] SBOE's argument (SD Res. 25 n.25) that SB 228 does not single out L.E. because everyone is subject to "the same definition of gender" fails when L.E.'s claim is properly understood. SB 228 bars L.E., but not similarly situated cisgender boys, from participating on boys' teams. *Supra* p. 2. And this discrimination harms L.E. by denying him the benefits of interscholastic sports. PSUMF ¶¶31-34. State Defendants' objection that this evidence "is not helpful to determining a fact at issue" fails because harm to the plaintiff is relevant to both the Title IX analysis, L.E. Mem. 19, and L.E.'s entitlement to permanent injunctive relief, *id.* at 23-24.

[6] State Defendants' argument (SD Res. 17) that L.E. "is the one reliant on sex stereotypes" is exactly backwards. L.E.'s gender identity is not male *because* he uses male pronouns and prefers male clothing; rather, these facts are *evidence* of his male gender identity.

5

Dated: November 18, 2022

Leslie Cooper (*pro hac vice*)
L. Nowlin-Sohl (*pro hac vice*)
Taylor Brown (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lcooper@aclu.org
lnowlin-sohl@aclu.org
tbrown@aclu.org

Thomas F. Costello-Vega (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Tel: (213) 443-5300
thomas.costello-vega@wilmerhale.com

Tara L. Borelli (*pro hac vice*)
Carl S. Charles (*pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION
   FUND INC.
1 West Court Square, Suite 105
Decatur, GA 30030-2556
Tel: (404) 897-1880
Fax: (404) 506-9320
tborelli@lambdalegal.org
ccharles@lambdalegal.org

Sasha Buchert (*pro hac vice*)
LAMBDA LEGAL DEFENSE AND EDUCATION
   FUND INC.
1776 K Street NW, 8th Floor
Washington, DC 20006-5500
Tel: (202) 804-6245
sbuchert@lambdalegal.org

Respectfully submitted,

/s/ Alan Schoenfeld
Alan Schoenfeld (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street, 45th Floor
New York, NY 10007
Tel: (212) 937-7294
alan.schoenfeld@wilmerhale.com

Stella Yarbrough (No. 33637)
Lucas Cameron-Vaughn (*pro hac vice* pending)
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
Tel: (615) 320-7142
syarbrough@aclu-tn.org
lucas@aclu-tn.org

Jennifer Milici (*pro hac vice*)
Emily L. Stark (*pro hac vice*)
Samuel M. Strongin (*pro hac vice*)
John W. O'Toole (*pro hac vice*)
Britany Riley-Swanbeck (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, DC 20006
Tel: (202) 663-6000
jennifer.milici@wilmerhale.com
emily.stark@wilmerhale.com
samuel.strongin@wilmerhale.com
john.o'toole@wilmerahle.com
britany.riley-swanbeck@wilmerhale.com

*Attorneys for Plaintiff L.E., by his next friends and parents, Shelley Esquivel and Mario Esquivel*

# CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2022, a true and correct copy of the foregoing was served on the below counsel for Defendants, via the Court's ECF/CM system.

Stephanie A. Bergmeyer
Senior Assistant Attorney General
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
Stephanie.Bergmeyer@ag.tn.gov
(615) 741-6828

Clark L. Hildabrand
Assistant Solicitor General
Office of Tennessee Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202
Clark.Hildabrand@ag.tn.gov
(615) 253-5642

David M. Sanders
Senior Deputy Law Director, Knox County
Suite 612, City-County Building
400 Main Street
Knoxville, TN 37902
David.Sanders@knoxcounty.org
(865) 215-2327

Jessica Jernigan-Johnson
Deputy Law Director, Knox County
Suite 612, City-County Building
400 Main Street
Knoxville, TN 37902
Jessica.Johnson@knoxcounty.org
(865) 215-2327

/s/ Alan Schoenfeld
Alan Schoenfeld