IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| L.E., by next friends and parents, ) | |
| SHELLEY ESQUIVEL and ) | |
| MARIO ESQUIVEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:21-cv-00835 |
| v. ) | |
| ) | Chief Judge Crenshaw |
| BILL LEE, in his official capacity as ) | |
| Governor of Tennessee; et al., ) | Magistrate Judge Newbern |
| ) | |
| KNOX COUNTY BOARD OF ) | |
| EDUCATION a/k/a KNOX COUNTY ) | |
| SCHOOL DISTRICT; et al., ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF ADDITIONAL AUTHORITY OF
STATE DEFENDANTS FOR MOTION FOR SUMMARY JUDGMENT**

1

Defendants Governor Lee, Commissioner Schwinn, Executive Director Morrison, members of the Tennessee State Board of Education, in their official capacities, and the Tennessee State Board of Education ("State Defendants") provide notice of *Adams v. School Board of St. Johns County*, No. 18-13592, 2022 WL 18003879 (11th Cir. Dec. 30, 2022) (en banc). In *Adams*, the en banc Eleventh Circuit held that "separating school bathrooms based on biological sex passes constitutional muster" under the Equal Protection Clause "and comports with Title IX." *Id.* at *1. The Eleventh Circuit reviewed a school board's policy that "distinguishes between boys and girls based on biological sex—which the School Board determines by reference to various documents, including birth certificates . . . and does not accept updates to students' enrollment documents to conform with their gender identities." *Id.* In reaching its conclusion, the Eleventh Circuit adopted many of the merits arguments the State Defendants have made in this case.

*First*, the Eleventh Circuit agreed that a policy that "facially classifies based on biological sex—not transgender status or gender identity," *id.* at *11, "does not discriminate against transgender students," *id.* at *5. The Eleventh Circuit distinguished *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020), because *Bostock* "expressly declined to address" Title IX issues "about schools and children" and instead cabined itself to the Title VII issue of "various employers' decisions to fire employees based solely on their sexual orientations or gender identities." *Adams*, 2022 WL 18003879, at *11. The "appeal [in *Adams*] centers on the converse of that statement— whether discrimination based on biological sex necessarily entails discrimination based on transgender status." *Id.* The Eleventh Circuit held that "it does not—a policy can lawfully classify on the basis of biological sex without unlawfully discriminating on the basis of transgender status." *Id.* And because the sex-based "policy divides students into two groups, both of which include transgender students, 'there is a lack of identity' between the policy and transgender status." *Id.*

*Second*, the Eleventh Circuit emphasized that classifying the challenge as a facial or as-applied one "does not help in [the] resolution" of the case "because 'classifying a lawsuit as facial or as-applied . . . does not speak at all to the substantive rule of law necessary to establish a constitutional violation.'" *Id.* at *4 n.3 (second alteration in original) (quoting *Bucklew v. Precythe*, 139 S. Ct. 1112, 1127 (2019)). "[A]n alleged violation of one individual's constitutional rights under the Equal Protection Clause would necessarily constitute a violation of the Equal Protection Clause and the Constitution at large, regardless of the individually-applied remedy." *Id.* Further, "equating 'sex' to 'gender identity' or 'transgender status' under Title IX . . . would touch upon the interests of all Americans—not just [plaintiff]—who are students, as well as their parents or guardians, at institutions subject to the statute." *Id.* Accordingly, the Eleventh Circuit did "not find merit in [plaintiff's] attempt to cabin the lawsuit to [plaintiff's] particular circumstances." *Id.*

*Third*, the Eleventh Circuit expressed "grave doubt that transgender persons constitute a quasi-suspect class," noting that "the Supreme Court has rarely deemed a group a quasi-suspect class." *Id.* at *7 n.5 (quotation marks omitted). In any case, the Eleventh Circuit found that the policy separating bathrooms "clear[ed] the hurdle of intermediate scrutiny" for the sex discrimination claim. *Id.* at *5. "The bathroom policy separates bathrooms based on biological sex, which is not a stereotype." *Id.* at *12. "[T]he Supreme Court has repeatedly recognized the biological differences between the sexes by grounding its sex-discrimination jurisprudence on such differences." *Id.* (collecting cases).

*Fourth*, the Eleventh Circuit held that, "when Congress prohibited discrimination on the basis of 'sex' in education, it meant biological sex, i.e., discrimination between males and females." *Id.* at *14 (compiling dictionaries). "[S]ex, like race and national origin, is an immutable

3

characteristic determined solely by the accident of birth." *Id.* at *10 (quoting *Frontiero v. Richardson*, 411 U.S. 677, 686 (1973) (plurality opinion)). "[I]f 'sex' were ambiguous enough to include 'gender identity,' as [plaintiff] suggests," then 20 U.S.C. § 1686's "carve-out" for sex-separated living facilities, "as well as the various carveouts under the implementing [Title IX] regulations, would be rendered meaningless." *Id.* at *15. Those sex-separation regulatory carveouts include the regulatory allowance of sex-separated "sports teams," *id.* at *18, that would be threatened by requiring gender identity to take precedence over sex. *See also id.* at *19 (Logoa, J., specially concurring) (citing 34 C.F.R. § 106.41(b)). Judge Logoa specially concurred to explain that "it is neither myth nor outdated stereotype that there are inherent differences between those born male and those born female and that those born male . . . have physiological advantages in many sports." *Id.* at *20. "Importantly, scientific studies indicate" that those of the male sex, "even those who have undergone testosterone suppression to lower their testosterone levels to within that of an average biological female, retain most of the puberty-related advantages of muscle mass and strength seen in biological males." *Id.* at *21.

*Fifth*, "[e]ven if the term 'sex,' as used in Title IX, were unclear," the en banc Eleventh Circuit ruled that it "would still have to find for the School Board" "because Congress passed Title IX pursuant to its authority under the Spending Clause." *Id.* at *17 (majority). "[U]nder the Spending Clause's clear-statement rule, the term 'sex,' as used within Title IX, must unambiguously mean something other than biological sex—which it does not—in order to conclude that the School Board violated Title IX." *Id.* at *18.

4

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

CLARK L. HILDABRAND, BPR # 038199
Assistant Solicitor General

/s/ Stephanie Bergmeyer
STEPHANIE BERGMEYER, BPR # 027096
Senior Assistant Attorney General
Office of Tennessee Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
Stephanie.Bergmeyer@ag.tn.gov
(615) 741-6828

*Attorneys for Governor Lee, Commissioner Schwinn, Dr. Morrison, the individual members of the Tennessee State Board of Education, in their official capacities, and the Tennessee State Board of Education*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and exact copy of this Notice of Supplemental Authority has been served through the e-filing system on January 4, 2023, to:

Leslie Cooper
Lisa Nowlin-Sohl
Taylor Brown
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004

Sasha Buchert
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND INC.
1776 K St. NW, 8th Floor
Washington, DC 20006-5500

Tara L. Borelli
Carl S. Charles
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND INC.
1 West Court Sq., Ste. 105
Decatur, GA 30030-2556

Alan E. Schoenfeld
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich St., 45th Floor
New York, NY 10007

Thomas F. Costello-Vega
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Ave., Ste. 2400
Los Angeles, CA 90071

Britany Riley-Swanbeck
Emily L. Stark
Samuel M. Strongin
Jennifer Milici
John W. O'Toole
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, DC 20006

Matthew D. Benedetto
WILMER & LEE, P.A.
100 Washington St., Ste. 200
Huntsville, AL 35804

Stella Yarbrough
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212

David M. Sanders
Senior Deputy Law Director
Knox County, Tennessee
400 W. Main St., Suite 612
City-County Building
Knoxville, TN 37902

Jessica Jernigan-Johnson
LONDON & AMBURN, PLLC
607 Market St., Ste. 900
Knoxville, TN 37902

    /s/ Stephanie Bergmeyer
    Stephanie Bergmeyer