# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| L.E., by next friends and parents, SHELLEY ESQUIVEL and MARIO ESQUIVEL, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 3:21-cv-00835 |
| BILL LEE, in his official capacity as Governor of Tennessee; et al., ) ) ) | Chief Judge Crenshaw |
| KNOX COUNTY BOARD OF EDUCATION a/k/a KNOX COUNTY SCHOOL DISTRICT; et al., ) ) ) ) | Magistrate Judge Newbern |
| Defendants. ) | |

___

## NOTICE OF ADDITIONAL AUTHORITY OF
## STATE DEFENDANTS FOR MOTION FOR SUMMARY JUDGMENT
___

Defendants Governor Lee, Commissioner Schwinn, Executive Director Morrison, members of the Tennessee State Board of Education, in their official capacities, and the Tennessee State Board of Education ("State Defendants") provide notice of *B. P. J. v. W. Virginia State Bd. of Educ.*, No. 2:21-CV-00316, 2023 WL 111875 (S.D.W. Va. Jan. 5, 2023). In *B.P.J.*, a transgender, middle-school student challenged West Virginia's "Save Women's Sports Bill."[1] The district court for the Southern District of West Virginia ("district court") held that the law does not violate the Equal Protection Clause or Title IX.

Under its Equal Protection analysis, the district court utilized intermediate scrutiny because the Save Women's Sports Bill "separates student athletes based on sex." *B.P.J.*, at *6.[2] The bill requires athletic teams to "be expressly designated" as "either male, female, or coed," W. Va. Code § 18-2-25d(c). "[B]iological males generally outperform females athletically[;] . . . [t]he state is permitted to legislate sports rules on this basis because sex, and the physical characteristics that flow from it, are substantially related to athletic performance and fairness in sports." *Id.* at *8. The district court concluded that the legislature's definition of "girl" as being based on "biological

---

[1] Akin to the Tennessee Gender in Athletics Law, the West Virginia law uses biological sex determined at birth to define whether an individual is male or female. W. Va. Code § 18-2-25d(b)(1)–(3). But it goes further than the challenged Tennessee law to *require* designation of an athletic team as "male, female, or coed." W. Va. Code § 18-2-25d(c); *cf.* Tenn. Code Ann. § 49-7-180 (taking a similar approach for *intercollegiate* sports). In Tennessee, TSSAA decides whether to designate a high school athletic competition as male, female, or coed. (Defs.' Resp. to Pl.'s SUMF ¶¶ 37, 39, ECF 71, PageID # 2159.)

[2] Although the West Virginia defendants disagreed with application of intermediate scrutiny, they did not argue rational basis and reserved the issue for any appeal. (Def. State of West Virginia's Mem. in Support of Mot. for Summary Judgment, No. 2:21-cv-00316, ECF 287, PageID # 10193, at n.11.)

sex" and restriction of female sports to (biological) girls are substantially related to the important government interest of providing equal athletic opportunities for females. *Id.*[3]

The district court also ruled that it "cannot find unconstitutional animus" even if "at least one legislator held or implicitly supported private bias against, or moral disapproval of, transgender individuals." *Id.* at *4. The district court could not find unconstitutional animus even though it viewed the statute as, "at best[,] a solution to a potential, but not yet realized, 'problem.'" *Id.* "West Virginia had no known instance of any transgender person playing school sports" in West Virginia, only evidence about "transgender students playing sports in other states." *Id.*

The district court agreed with defendants that West Virginia's Save Women's Sports Bill furthers the purposes of Title IX. *Id.* at *9. "There is no serious debate that Title IX's endorsement of sex separation in sports refers to biological sex." *Id.* The district court rejected the plaintiff's argument "that transgender girls are similarly situated to cisgender girls, and therefore their exclusion from girls' teams is unlawful discrimination." *Id.* "[T]ransgender girls are biologically male[;] [s]hort of any medical intervention that will differ for each individual person, biological males are not similarly situated to biological females for purposes of athletics." *Id.* As in this case, the plaintiff focused on "the moment" students "verbalize their transgender status," *id.* at *8, despite a "concession that circulating testosterone in males creates a biological difference in athletic performance," *id.* at *7. The district court also stated that "transgender girls are not excluded from school sports entirely"—"[t]hey are permitted to try out for boys' teams, regardless

---

[3] While the district court cited the 2022 definition of "gender" from PFLAG, an LGBTQ+ advocacy group, *B.P.J.*, at *7, the Plaintiff in this case has not provided *any* definition of "gender." *Cf. Adams v. Sch. Bd. of St. Johns Cnty.*, No. 18-13593, 2022 WL 18003879, at *33 n.2 (11th Cir. Dec. 30, 2022) (Jill Pryor, J., dissenting) ("I am confined to the record, where the terms ["sex" and "gender"] are used synonymously."). In any case, the 2022 PFLAG Glossary is not a neutral dictionary, postdates the enactment of the law challenged here, and at most shows the importance of the Gender in Athletics Law providing clarity to Tennesseans about the meaning of "gender."

3

of how they express their gender." *Id*. at *9. The district court concluded that the Save Women's Sports Bill "largely mirrors Title IX" and does not violate Title IX. *Id*. at *10.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

CLARK L. HILDABRAND, BPR # 038199
Assistant Solicitor General

/s/ Stephanie Bergmeyer
STEPHANIE BERGMEYER, BPR # 027096
Senior Assistant Attorney General
Office of Tennessee Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
Stephanie.Bergmeyer@ag.tn.gov
(615) 741-6828

*Attorneys for Governor Lee, Commissioner Schwinn, Dr. Morrison, the individual members of the Tennessee State Board of Education, in their official capacities, and the Tennessee State Board of Education*

4

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of this Notice of Supplemental Authority has been served through the e-filing system on January 26, 2023, to:

Leslie Cooper
Lisa Nowlin-Sohl
Taylor Brown
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St.
New York, NY 10004

Sasha Buchert
LAMBDA LEGAL DEFENSE AND EDUCATION FUND INC.
1776 K St. NW, 8th Floor
Washington, DC 20006-5500

Tara L. Borelli
Carl S. Charles
LAMBDA LEGAL DEFENSE AND EDUCATION FUND INC.
1 West Court Sq., Ste. 105
Decatur, GA 30030-2556

Alan E. Schoenfeld
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich St., 45th Floor
New York, NY 10007

Thomas F. Costello-Vega
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Ave., Ste. 2400
Los Angeles, CA 90071

Britany Riley-Swanbeck
Emily L. Stark
Samuel M. Strongin
Jennifer Milici
John W. O'Toole
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, DC 20006

Matthew D. Benedetto
WILMER & LEE, P.A.
100 Washington St., Ste. 200
Huntsville, AL 35804

Stella Yarbrough
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212

David M. Sanders
Senior Deputy Law Director
Knox County, Tennessee
400 W. Main St., Suite 612
City-County Building
Knoxville, TN 37902

Jessica Jernigan-Johnson
LONDON & AMBURN, PLLC
607 Market St., Ste. 900
Knoxville, TN 37902

  /s/ Stephanie Bergmeyer
Stephanie Bergmeyer