# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| L.E., by next friends and parents, SHELLEY ESQUIVEL and MARIO ESQUIVEL, | ) ) ) ) |
| Plaintiff, | ) ) |
| | ) No. 3:21-cv-00835 |
| v. | ) ) Chief Judge Crenshaw |
| BILL LEE, in his official capacity as Governor of Tennessee; et al., | ) ) Magistrate Judge Newbern ) |
| KNOX COUNTY BOARD OF EDUCATION a/k/a KNOX COUNTY SCHOOL DISTRICT; et al., | ) ) ) ) |
| Defendants. | ) |

## NOTICE OF ADDITIONAL AUTHORITY OF
## STATE DEFENDANTS FOR MOTION FOR SUMMARY JUDGMENT

State Defendants provide notice of supplemental authority regarding a decision of the U.S. Supreme Court and a decision of the U.S. Court of Appeals for the Sixth Circuit.

*First*, the Supreme Court ruled in *Haaland v. Brackeen* that individual petitioners did not have standing to bring an Equal Protection Clause challenge to the Indian Child Welfare Act because they did not include in their lawsuit the officials who apply and carry out that Act. 143 S.Ct. 1609, 1638-40 (2023). Thus, the requested "injunction would not give petitioners legally enforceable protection from the allegedly imminent harm." *Id.* at 1639. The "nonparties . . . would not be bound by the judgment," so "the equal protection issue would not be settled between petitioners and the officials who matter." *Id.* The Supreme Court rejected individual petitioners' argument that "state courts are likely to defer to a federal court's interpretation of federal law," because "redressability requires that the court be able to afford relief *through the exercise of its power*, not through the persuasive or even awe-inspiring effect of the opinion *explaining* the exercise of its power." *Id.* (cleaned up) (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 825 (1992) (Scalia, J., concurring in part and concurring in judgment) (emphasis in original)).

The same goes here. Plaintiff intentionally chose not to sue TSSAA, the entity that creates the actual rules for participation in each interscholastic sport in Tennessee. State Defendants' Mem. at 8-10, R. 56; State Defendants' Resp. at 3-8, R. 70; State Defendants' Reply at 5, R. 76. Even if this Court were to declare the Gender in Athletics Law unlawful and enjoin Defendants' enforcement of the Law, the injunction would not run to the TSSAA or any TSSAA policy. This Court cannot "erase" the Law from the Tennessee Code. *Cf. Arizona v. Biden*, 40 F.4th 375, 396 (6th Cir. 2022) (Sutton, C.J., concurring) (quoting Jonathan Mitchell, *The Writ-of-Erasure Fallacy*, 104 Va. L. Rev. 933, 1016-17 (2018)). And the TSSAA would remain free to continue—through its current policies—separating golf and other sports into distinct categories for

(biological) boys and (biological) girls or to adopt another policy leaving Plaintiff's purported harms unredressed. Plaintiff's own strategic decisions have contributed to the lack of standing.

*Second*, the Sixth Circuit issued a published order this weekend rejecting many of Plaintiff's Equal Protection Clause arguments. *L.W. v. Skrmetti*, No. 23-5600, 2023 WL 4410576 (6th Cir. July 8) (granting Tennessee's request for an emergency stay pending appeal of this Court's preliminary injunction partially enjoining enforcement of another Tennessee law). The Sixth Circuit warned that courts should be hesitant to "constitutionalize" policies implicating "[g]ender identity," including laws that regulate "sports." *Id.* at *7. Applying heightened scrutiny to such laws would improperly "remove . . . trying policy choices from fifty state legislatures" and vest them in "one [unelected] Supreme Court." *Id.*

The Sixth Circuit ruled that "rational-basis review applies to transgender-based classifications" because transgender people are likely *not* a suspect class. *Id.* at *6. "The bar for recognizing a new quasi-suspect class . . . is a high one," and "neither the Supreme Court nor [the Sixth Circuit] has recognized transgender status as a quasi-suspect class." *Id.* at *7. The Sixth Circuit declined to rely on district court and out-of-circuit precedents to the contrary. *Id.* at *8. Such nonbinding opinions did "not eliminate" the Sixth Circuit's "doubts about the ultimate strength of the" constitutional claims at issue. *Id.*

The Sixth Circuit further confirmed that "*Bostock v. Clayton County* does not change the analysis." *Id.* at *7. *Bostock*'s hiring-and-firing "reasoning applies only to Title VII, as *Bostock* itself and [the Sixth Circuit's] subsequent cases make clear." *Id.* "*Smith v. City of Salem* does not move the needle either." *Id.* That decision "was an employment case, it involved an adult, and it concerned 'sex stereotyping,' not whether someone's body is male or female." *Id. Smith* "did not hold that every claim of transgender discrimination requires heightened scrutiny." *Id.*

3

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

CLARK L. HILDABRAND, BPR # 038199
Senior Counsel

/s/ Stephanie Bergmeyer
STEPHANIE BERGMEYER, BPR # 027096
Senior Assistant Attorney General
Office of Tennessee Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
Stephanie.Bergmeyer@ag.tn.gov
(615) 741-6828

*Attorneys for State Defendants*

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and exact copy of this Notice of Supplemental Authority has been served through the e-filing system on July 11, 2023, to:

Leslie Cooper
Lisa Nowlin-Sohl
Taylor Brown
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004

Sasha Buchert
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND INC.
1776 K St. NW, 8th Floor
Washington, DC 20006-5500

Tara L. Borelli
Carl S. Charles
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND INC.
1 West Court Sq., Ste. 105
Decatur, GA 30030-2556

Alan E. Schoenfeld
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich St., 45th Floor
New York, NY 10007

Thomas F. Costello-Vega
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Ave., Ste. 2400
Los Angeles, CA 90071

Britany Riley-Swanbeck
Emily L. Stark
Samuel M. Strongin
Jennifer Milici
John W. O'Toole
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, DC 20006

Matthew D. Benedetto
WILMER & LEE, P.A.
100 Washington St., Ste. 200
Huntsville, AL 35804

Stella Yarbrough
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212

David M. Sanders
Senior Deputy Law Director
Knox County, Tennessee
400 W. Main St., Suite 612
City-County Building
Knoxville, TN 37902

Jessica Jernigan-Johnson
LONDON & AMBURN, PLLC
607 Market St., Ste. 900
Knoxville, TN 37902

        /s/ Stephanie Bergmeyer
        Stephanie Bergmeyer