IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| L.E., by next friends and parents, SHELLEY ESQUIVEL and MARIO ESQUIVEL, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 3:21-cv-00835 |
| v. | ) ) | Chief Judge Crenshaw |
| BILL LEE, in his official capacity as Governor of Tennessee; et al., | ) ) ) | Magistrate Judge Newbern |
| KNOX COUNTY BOARD OF EDUCATION a/k/a KNOX COUNTY SCHOOL DISTRICT; et al., | ) ) ) ) | |
| Defendants. | ) | |

**RESPONSE TO PLAINTIFF'S
NOTICE OF INTERVENING AUTHORITY**

State Defendants respectfully provide this response to Plaintiff's notice of intervening authority.

*First*, Plaintiff continues to ignore the differences between Tennessee's Gender in Athletics Law—the law at issue in this case—and the laws of Idaho and other States. In *Hecox v. Little*, the Ninth Circuit agreed that "furthering women's equality and promoting fairness in female athletic teams is an important state interest." No. 20-35813, 2023 WL 5283127, at *13 (9th Cir. Aug. 17). "However, on the record before" the Ninth Circuit, *Hecox* determined that the Idaho law's "means—categorically banning transgender women and girls from all female athletic teams and subjecting all female athletes to intrusive sex verification procedures—are not substantially related to, and in fact undermine, those asserted objectives." *Id.* Tennessee's Gender in Athletics Law adopts neither of those means. The Act merely defines a "student's gender for purposes of participation in a public middle school or high school interscholastic athletic activity" as "the student's sex at the time of the student's birth, as indicated on the student's original birth certificate." Tenn. Code Ann. § 49-6-310(a). Throughout this litigation, Plaintiff has provided no dictionary contradicting this definition of "gender" as "sex." And TSSAA remains the final decisionmaker on which students play on which teams. Plaintiff's Resp.to State Defendants' Statement of Material Facts # 20 at 10, Doc. 68, PageID# 2091. That is the record in this case.

*Second*, the sex discrimination decision in *Hecox* turned on Idaho's differential treatment of boys and girls. The Idaho law "discriminates on the basis of sex, because only women and girls who want to compete on Idaho school athletic teams, and not male athletes, are subject to the sex dispute verification process." *Hecox*, 2023 WL 5283127, at *12. And the Idaho law banned only biological males from playing on female teams; the law did "not ban 'biological females' from 'teams or sports designated for males.'" *Id.* In contrast, Tennessee's Gender in Athletics Law

2

applies equally to both sexes. The State Defendants already pointed out this distinction between Idaho's law and the Gender in Athletics Law. State Defendants' Resp. in Opp. to Plaintiff's Mot. for Summ. J. at 22, Doc. 70, PageID#2138. Yet Plaintiff's counsel—who also represent the plaintiff in *Hecox*—still have no explanation for their inconsistent argument in this case.

*Third*, the Ninth Circuit's approach to transgender status discrimination is inconsistent with the Sixth Circuit's published decision in *L.W. v. Skrmetti*, 73 F.4th 408 (6th Cir. 2023). In *L.W.*, the Sixth Circuit ruled that "rational basis review applies to transgender-based classifications." *Id.* at 419. The Sixth Circuit expressly acknowledged contrary decisions that *Hecox* relied upon, *id.* at 421, yet still ruled that "*Bostock v. Clayton County* does not change the analysis" because "that reasoning applies only to Title VII, as *Bostock* and [] subsequent [Sixth Circuit] cases make clear," *id.* at 420. And the Sixth Circuit has stood by its *L.W.* reasoning by allowing Kentucky to enforce a similar law. *See Doe 1 v. Thornbury*, No. 23-5609, 2023 WL 4861984 (6th Cir. July 31).

    Respectfully submitted,

    JONATHAN SKRMETTI
    Attorney General and Reporter

    CLARK L. HILDABRAND, BPR # 038199
    Deputy Chief of Staff & Senior Counsel

    /s/ Stephanie Bergmeyer
    STEPHANIE BERGMEYER, BPR # 027096
    Senior Assistant Attorney General
    Office of Tennessee Attorney General and Reporter
    P.O. Box 20207
    Nashville, Tennessee 37202-0207
    Stephanie.Bergmeyer@ag.tn.gov
    (615) 741-6828

    *Attorneys for State Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and exact copy of this Response to Notice of Intervening Authority has been served through the e-filing system on August 21, 2023, to:

Leslie Cooper
Lisa Nowlin-Sohl
Taylor Brown
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St.
New York, NY 10004

Sasha Buchert
LAMBDA LEGAL DEFENSE AND EDUCATION FUND INC.
1776 K St. NW, 8th Floor
Washington, DC 20006-5500

Tara L. Borelli
Carl S. Charles
LAMBDA LEGAL DEFENSE AND EDUCATION FUND INC.
1 West Court Sq., Ste. 105
Decatur, GA 30030-2556

Alan E. Schoenfeld
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich St., 45th Floor
New York, NY 10007

Thomas F. Costello-Vega
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Ave., Ste. 2400
Los Angeles, CA 90071

Britany Riley-Swanbeck
Emily L. Stark
Samuel M. Strongin
Jennifer Milici
John W. O'Toole
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, DC 20006

Matthew D. Benedetto
WILMER & LEE, P.A.
100 Washington St., Ste. 200
Huntsville, AL 35804

Stella Yarbrough
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212

David M. Sanders
Senior Deputy Law Director
Knox County, Tennessee
400 W. Main St., Suite 612
City-County Building
Knoxville, TN 37902

Jessica Jernigan-Johnson
LONDON & AMBURN, PLLC
607 Market St., Ste. 900
Knoxville, TN 37902

      /s/ Stephanie Bergmeyer
      Stephanie Bergmeyer

4

Case 3:21-cv-00835   Document 91   Filed 08/21/23   Page 4 of 4 PageID #: 2909