UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| L.E., by his next friends and parents, SHELLEY ESQUIVEL and MARIO ESQUIVEL, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 3:21-cv-00835<br>) |
| BILL LEE, et al., | )<br>)<br>) |
| Defendants. | ) |

## ORDER

On July 8, 2023, the Sixth Circuit stayed the lower court's issuance of a preliminary injunction in L.W. v. Skrmetti, 73 F.4th 408 (6th Cir. 2023). There, the panel took a close look at issues and arguments at the heart of the instant case. See id. at 415–21 (considering which level of scrutiny to apply for equal-protection analysis, whether the transgender community constitutes a quasi-suspect class, and the application of the Supreme Court's decision in Bostock v. Clayton County, Georgia, --- U.S. ----, 140 S.Ct. 1731 (2020) beyond Title VII, among other issues). But this Court cannot adopt whole cloth the Sixth Circuit's reasoning as it eagerly does in all other cases. Writing for the panel, Chief Judge Sutton explained that its "initial views, are just that: initial[,]" id. at 422, and committed the panel to expediting the appeal of the preliminary injunction, with the goal of resolving it no later than September 30, 2023. Id. The Court has already committed significant efforts to resolving the pending Motions for Summary Judgment (Doc. Nos. 46, 50, 54), but any "final" iteration of this Court's draft opinion will inevitably require further revision following the Sixth Circuit's decision. To expedite the resolution of the motions and avoid the waste of judicial resources, this action shall be ADMINISTRATIVELY STAYED

pending an ultimate decision on the appeal of the preliminary injunction in L.W. v. Skrmetti, No. 23-5600 (6th Cir. 2023).

The parties shall notify this Court of the Sixth Circuit's decision no later than three days after it is issued and request the administrative stay be lifted. No later than 14 days after the stay is lifted, the parties shall file supplemental briefs on the import of Sixth Circuit's opinion. Each parties' supplemental brief shall be no longer than 15 pages and need not include a section dedicated to the facts of the case, as the Court, in its efforts to resolve the motions for summary judgment, is aware of the record evidence. Within seven days of filing the supplemental brief, the parties may file response briefs no longer than five pages. The Court encourages the parties to consolidate their response briefs; Plaintiff may file a 10-page consolidated response brief and State Defendants and County Defendants may file a 10-page consolidated response brief.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE